**FILED**

**JUNE 24, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



**RECEIVED**

MAY **2 1** 2008   MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAY 2 1 2008

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel.                    )
                                                    )
George Benton Childress #B-82576                    )
(Full name and prison number)                       )
(Include name under which convicted)                )
                                                    )
PETITIONER                                          )
                                                    )
        vs.                                         )
                                                    )
Nedra Chandler - Warden Dixon C.C.                  )
(Warden, Superintendent, or authorized              )
person having custody of petitioner)                )
                                                    )
RESPONDENT, and                                     )
                                                    )
**(Fill in the following blank only if judgment**   )
**attacked imposes a sentence to commence**         )
**in the future)**                                  )
                                                    )
ATTORNEY GENERAL OF THE STATE OF                    )
                                                    )
Lisa Madigan - Attorney General                     )
(State where judgment entered)                      )

08CV2960
JUDGE ZAGEL
MAG. JUDGE DENLOW

Case Number of State Court Conviction:

_____

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered: Circuit Court for the First Judicial

Circuit, Massac County, Metropolis, Illinois 62960

2.  Date of judgment of conviction: November 05, 2001

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

One (1) Count Second Degree Murder and One (1) Count Aggravated Battery with a Firearm.

4.  Sentence(s) imposed: 15 yrs for 2nd Degree Murder, 9 yrs for Agg. Batt. w/a Firearm
              consecutive sentences.

5.  What was your plea? (Check one)        (A) Not guilty        (  )
                                           (B) Guilty            (xx)
                                           (C) Nolo contendere   (  )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

Pleaded Guilty to 2-Count Information Indictment in-exchange for dismissal of Murder
Charges in 6-Count Grand Jury Indictment against Myself and My Wife (JoAnna C. Childress),
and for no further prosecution of my wife in relation to the instant case.

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1.  Kind of trial:  (Check one):          Jury  (  )          Judge only  (XX)

2.  Did you testify at trial?          YES  (  )          NO          (XX)

3.  Did you appeal from the conviction or the sentence imposed? YES (xx)  NO (  )

    (A)  If you appealed, give the

        (1)  Name of court:  <u>Ill. App. Court. 5th District</u>

        (2)  Result:  <u>Dismissed Appeal for lack of Jurisdiction on 11/01/2002, however, after Supervisory Order to reinstate Appeal,</u> vacated sentence & remanded for resentencing.

        (3)  Date of ruling:  <u>November 22, 2003</u>

        (4)  Issues raised:  <u>See Attached "Petitioner's Exhibit – C" 'Brief & Argument</u>

        <u>for Defendant/Appellant'.  Defendant filed his 2nd Notice of Appeal on August 31,</u>

        <u>2005-App. No. 5-05-0505 Brief/s Attached as Petitioner's Exhibits -AA, AA-1, & AA-2.</u>

    (B)  If you did not appeal, explain briefly why not:

    _____

4.  Did you appeal, or seek leave to appeal, to the highest state court? YES (xx)          NO  (  )

    (A)  If yes, give the

        (1)  Result:  <u>On Februrary 15, 2003, Denied Leave to Appeal but issued a</u>
        <u>Supervisory Order to reinstate Appeal (202 Ill.2d 677)</u>

        (2)  Date of ruling:  <u>May 31, 2007 denied leave on 2nd PLA</u>

        (3)  Issues raised:  <u>(See Attached Illinois Appellate Court Rule 23 Order,</u>

        <u>"Petitioner's Exhibit – E."</u>

    _____

    (B)  If no, why not:  _____

5.  Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (  )  No (XX)

    If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

2

Revised: 7/20/05

## PART II – COLLATERAL PROCEEDINGS

1.  With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

    YES (XX)  NO ( )

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A.  Name of court: <u>Circuit Court, First Judicial Dist., Massac County, Illinois</u>

    B.  Date of filing: <u>October 08, 2004</u>

    C.  Issues raised: <u>Plea Breached by State Prosecutor's Office of Massac County, i.e.,</u>

    <u>(see attached "Petitioner's Exhibit - I."</u>

    D.  Did you receive an evidentiary hearing on your petition?        YES ( )  NO (XX)

    E.  What was the court's ruling?    <u>Denied</u>

    F.  Date of court's ruling:  <u>2004</u>

    G.  Did you appeal from the ruling on your petition?        YES ( )  NO (XX)

    H.  (a)    If yes, (1) what was the result?

                   (2) date of decision:

        (b)    If no, explain briefly why not: <u>Negotiated Plea Agreement Breached is same issue</u>
    <u>raised in Ill. Appellate Court and Illinois Supreme Court.</u>

    J.  Did you appeal, or seek leave to appeal this decision to the highest state court?

        YES ( )  NO (XX)

        (a)    If yes, (1) what was the result?

                   (2) date of decision:

        (b)    If no, explain briefly why not: <u>No Post-Conviction Appeal pursued.  Issue previously</u>
    <u>exhausted by presenting same issue to trial court, Illinois Appellate Court, and</u>

    <u>Illinois Supreme Court.</u>

Revised: 7/20/05

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?      YES ( )          NO (XX)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.    Nature of proceeding        _____

        2.    Date petition filed        _____

        3.    Ruling on the petition        _____

        4.    Date of ruling        _____

        5.    If you appealed, what was
            the ruling on appeal?        _____

        6.    Date of ruling on appeal        _____

        7.    If there was a further appeal,
            what was the ruling ?        _____

        8.    Date of ruling on appeal        _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES ( )   NO (XX)

    A. If yes, give name of court, case title and case number: _____

_____

    B. Did the court rule on your petition? If so, state

        (1) Ruling: _____

        (2)    Date: _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )       NO (XX)

    If yes, explain: _____

_____

_____

_____

_____

_____

_____

_____

Revised: 7/20/05

## PART III – PETITIONER'S CLAIMS

1.   State briefly every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  You may attach additional pages stating additional grounds and supporting facts.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)   Ground one  On February 07, 2001, a six (6) Count Grand Jury Indictment charging
      Supporting facts (tell your story briefly without citing cases or law):

this Petitioner (George Benton Childress) and his wife (JoAnna C. Childress) was filed

with the Massac County Circuit Court under Indictment No. 01-C-11, see attached Two

Page Bill Of Indictment - "Petitioner's Exhibit - A."  The attached Grand Jury In-

dictment charged JoAnna C. Childress with First Degree Murder in Count's 1 thru 3,

and charged the Petitioner (George B. Childress) with First Degree Murder in the

remaining Count's of 4 thru 6.  Private Counsel, Attorney Anthony Lloyd, was retained

to represent the Petitioner, paying the fee for representation by signing over the

family home to Attorney Lloyd.  Private Attorney, William J.M. Rudert, was recommended

by his friend and Colleague, Attorney Lloyd, for representation of Petitioner's wife

(JoAnna C. Childress) on the Murder Count's 1 thru 3, the fee being paid by signing

over Petitioner's remaining property (Apartment Building) to Attorney Rudert, which

(B)   Ground two    N/A
      Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

Revised: 7/20/05

Cont'd page (5a)...

the Petitioner personally signed over in the presence of his Attorney Anthony Lloyd.

On November 05, 2001, the petitioner, by and through his attorney, nego- tiated a plea agreement with the Massac County State's Attorney's Office, that in-exchange for a plea of guilty on a Charge of Second Degree Murder and Aggra- vated Battery with a Firearm, the prosecution would dismiss the three Count's of murder against his wife and not prosecute her in connection with this case, and would also dismiss the remaining three counts of first degree murder against him (the petitioner) in the indictment.

On November 05, 2001, pursuant to the negotiated plea agreement with the Massac County State's Attorney, Joseph Jackson, the following events occurred in open Court:
"THE COURT: We're calling 2001-CF-11. The State's attorney is here. Mr. Childress is present with his attorney, Mr. Lloyd. Does counsel have something?

MR. JACKSON: Yes. We have an agreed disposition of this case. The nature of the disposition is, the State will file a Supplemental information, alleging a Count 7, which is Second Degree Murder. And Count 8, which is Aggravated Battery with a Firearm. And, the defen- dant has been given a copy of both informations. He will enter a plea of guilty to Counts 7 and Count 8 and will receive consecutive sentences of 15 and 9 years in the penitentiary. The defendant will be entitled to such credit as the Department of Corrections gives from the time he was taken into custody until the judgment and sentence in this case. **The State would move to dismiss the first 6 counts of the indictment.**"

(Report of Proceedings of November 05, 2001, page 2, lines 1 thru 11, Attached as "Petitioner's Exhibit-B.")

At page number 7 of Exhibit-B, lines 12 thru 14, the Court determines the following:

"THE COURT: Other than the plea agreement, has anyone promised you anything?

MR. CHILDRESS: No Sir."

The factual basis for petitioner's plea was read into the record by State's Attorney Joseph Jackson. The Court then accepted petitioner's plea of guilty, admonished him and imposed final judgment.

(See Petitioner's Exhibit-B, at 13, lines 13 thru 18, Attached.).


Petitioner complains that the Massac County State's Attorney violated and breached the terms of the negotiated plea bargin when the State filed a Supple- mental Indictment against his wife (JoAnna Childress) alleging seven felony counts, including first degree murder, only nine (9) days after the petitioner agreed to and pled guilty for a disposition of the case with the State relating to the death of Eric Bray (the victim in this case).

(See Statement of Facts, Petitioner's Exhibit-C, "Brief & Argument for Defendant- Appellant, @ 6, 7, and 8.).

Cont'd page (5b)...

See also, Brief and Argument of Plaintiff-Appellee, at 5, <u>BACKGROUND</u>, wherein the Appellee concedes:

> "In exchange for his plea, the State dismissed the **first six counts of the indictment, including first degree murder against the Defendant and his wife,** and the Defendant was sentenced to 15 and 9 years **for the plead-to-charges,** to be served consecutively."

(Petitioner's Exhibit-D, Plaintiff-Appellee Brief & Argument, Attached.)

Petitioner complains that he did not receive the **Benefit of the Bargin,** as his wife JoAnna Childress was re-indicted with first degree murder only 9 days after petitioner pled guilty in order to dispose of the case for he and his wife relating to the death of Eric Bray. The State's Attorney of Massac County engaged in coercion, threatened and intimidated petitioner's wife with a natural life sentence as to the charge of murder, if, she (JoAnna Childress) went to trial, and if JoAnna Childress pled guilty to a newly filed charge of armed violence for a 28 year prison term, the charges against her would be dropped and she would not be subject to a potential natural life sentence.

The Contract between the State and Petitioner should be enforced and Petitioner's wife JoAnna Childress released from any and all further imprisonment immediately, or, in the alternative; this Court should find a violation of Petitioner's rights and grant whatever the Court deems just and proper.

Petitioner submits that on November 15, 2001, he moved to withdraw his plea and challenge his sentence as a result of the State's breach of the negotiated plea agreement not to prosecute his wife in-connection with the death of Eric Bray.

On November 20, 2001, Defense Attorney Anthony Lloyd filed to withdraw as petitioner's attorney as a ruse in order to mislead and deceive the Court, whereby, Lloyd would not have to challenge the breach of the negotiated plea or the unlawful sentence he (Lloyd) allowed his client to plead to. Attorney Lloyd ceased being petitioner's attorney on November 05, 2001, when petitioner agreed to plead guilty in-exchange for his wife not to be prosecuted in the instant case, thus, pleading guilty and bring a final disposition to the case. (See Petitioner's Exhibit-B, lines 13 thru 18, Attached). Therefore, there would have been no need for Attorney Anthony Lloyd to file a motion to withdraw as the case had been over 15 days earlier on November 05, 2001, upon petitioner pleading out and being sentenced.

The Late Notice of Appeal filed by petitioner charged a violation of the Fifth Amendment Grand Jury Clause as the State obtained a Grand Jury Indictment and then continuously filed information indictments without returning to the Grand Jury, thereby, constructively amending the indictment in this case.

Petitioner complained that he was allowed by his attorney to plead guilty to the principle and incohate offense and receive consecutive sentences which under Illinois law would be unlawful. However, petitioner's claims were made due to not having received the benefit of the bargin negotiated with the State's Attorney of Massac County, Joseph Jackson.

Cont'd page (5c)...

The issues complained of herein-above were all presented to the Illinois Supreme Court which denied leave to appeal but entered a Supervisory Order directing the Illinois Appeallate Court to reinstate petitioner's appeal. The Appellate Court failed to address the issue of the State's Breach of the negotiated plea agreement despite the issue clearly being made a part of the record on appeal in defendant's brief and argument, and which was clearly outlined in the Late Notice of Appeal attached to the defendant-appellant's brief.

Illinois Appellate Court Ruke 23 Order is attached as "Petitioner's Exhibit-E."

The Report of Proceedings of Petitioner's resentencing dated February 15, 2005, is attached for the Court's review as "Petitioner's Exhibit-F"

Petitioner's, pro se, Petition For Leave To Appeal is attached for the Court's review as "Petitioner's Exhibit-G."

Petitioner has exhausted all available State remedies and has presented all said issues to the Illinois Supreme Court in a timely and proper manner. Therefore, based on the Illinois Supreme Court's denial of leave to appeal on May 31, 2007, the instant Petition For Writ of Habeas Corpus Relief is timely filed and in-accordance with the Anti-Terrorism Effective Death Penalty Act, effective: April 26, 1996.  Illinois Supreme Court Denail Order is evidenced as "Petitioner's Exhibit-H."

Petitioner's Pro se Petition for Post Conviction Relief (citation omitted) filed on October 08, 2004, and denied in 2004, is attached as "Petitioner's Exhibit-I," for the Court's review.

No other issues regarding Petitioner's case are being raised as the relevant issue concerning the State's Breach of the Negotiated Plea Agreement is the violation complained of for Habeas Corpus Relief.

(C)  Ground three _____ N/A _____
     Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

(D)  Ground four _ N/A _____
     Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

2.  Have all grounds raised in this petition been presented to the highest court having jurisdiction?

      YES (X)   NO ( )

3.  If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

_____

_____

_____

Revised: 7/20/05

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing <u>Attorney Anthony Lloyd (Believe deceased?) 617 Market Street,</u>
                  <u>P.O. Box 128, Metropolis, IL. 62960</u>

(B) At arraignment and plea <u>Attorney Anthony Lloyd (Same address as above)</u>

(C) At trial (PLEA): Attorney Anthony Lloyd (Same address as above)

(D) At sentencing <u>Attorney Anthony Lloyd (Same address as above)</u>

(E) On appeal <u>Daniel D. Yuhas Deputy Defender (5th Judicial District) Rte. 15 E.,</u>
           <u>P.O. Box 2430, Mt. Vernon, IL., 62864</u>

(F) In any post-conviction proceeding <u>N/A to petitioner's knowledge.</u>

(G) Other (state): _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )    NO (xx)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

    WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____
          (Date)                Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_George B. Childress_
(Signature of petitioner)

B-82576
(I.D. Number)

2600 N. Brinton Ave./P.O. Box 1200
(Address)

Dixon, Illinois 61021

7

RECEIVED
CLERK APPELLATE COURT
5TH DISTRICT   MT. VERNON, IL

FEB 27 2004

MAILED
OTHER

No. 5-02-0540

**FILED**

IN THE APPELLATE COURT OF ILLINOIS MAR 05 2004

FIFTH JUDICIAL DISTRICT

LOUIS E. COSTA
CLERK, APPELLATE COURT, 5th DIST.

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br>    Plaintiff-Appellee,<br><br>-vs-<br><br>GEORGE CHILDRESS,<br>    Defendant-Appellant. | Appeal from the Circuit Court<br>of the First Judicial Circuit,<br>Massac County, Illinois.<br><br>No. 01-CF-11<br><br>Honorable<br>Terry J. Foster,<br>Judge Presiding. |

# BRIEF AND ARGUMENT

## FOR

## DEFENDANT-APPELLANT

**DANIEL M. KIRWAN**
Deputy Defender

**EDWIN J. ANDERSON**
Assistant Defender

Office of the State Appellate Defender
Fifth Judicial District
730 E. Illinois Highway 15, Suite #1
Mt. Vernon, IL 62864
618-244-3466

COUNSEL FOR DEFENDANT-APPELLANT

ORAL ARGUMENT REQUESTED

"Petitioner's Exhibit-C"

**COURT**

# POINTS AND AUTHORITIES

## I

THE CIRCUIT COURT ERRED IN DISMISSING DEFENDANT'S PRO SE POST-PLEA MOTION WITHOUT DETERMINING IF DEFENDANT NEEDED APPOINTMENT OF COUNSEL.........................................................................................10

U.S. Const. amend. VI.........................................................................11

Ill. S.Ct. Rule 401.............................................................................11

Ill. S.Ct. Rule 604(d)....................................................................10,11

*Baker v. Kaiser*, 929 F.2d 1495, (10th Cir. 1991)........................................11

*People v. Edwards*, 197 Ill. 2d 239,
757 N.E.2d 442, 258 Ill. Dec. 753 (2001)...............................................15

*People v. Hall*, 195 Ill. 2d 1,
743 N.E.2d 126, 252 Ill. Dec. 552 (2000).................................................11

*People v. Linder*, 186 Ill. 2d 67,
708 N.E.2d 1169, 337 Ill. Dec. 129 (1999)...............................................12

*People v. Evans*, 174 Ill. 2d 320,
673 N.E.2d 244, 220 Ill. Dec. 332 (1996).................................................12

*People v. Wallace*, 143 Ill. 2d 59,
570 N.E.2d 334, 155 Ill. Dec. 821 (1991)................................................12

*People v. Griffin*, 305 Ill. App. 3d 326,
713 N.E.2d 662, 239 Ill. Dec. 131 (2d Dist. 1999)...................................13,15

*People v. Barnes*, 291 Ill. App. 3d 545,
684 N.E.2d 416, 225 Ill. Dec. 731 (3d Dist. 1997)................................13,14,15

*People v. Pegues*, 277 Ill. App. 3d 884,
661 N.E.2d 405, 214 Ill. Dec. 551 (1st Dist. 1996)....................................15

*People v. Brasseaux*, 254 Ill. App. 3d 283,
660 N.E.2d 1321, 214 Ill. Dec. 372 (2d Dist. 1996)................................12,15

*People v. Barnes*, 263 Ill. App. 3d 736,
  635 N.E.2d 698, 200 Ill. Dec. 359 (1st Dist. 1994)......................................................11

*People v. Bronson*, 216 Ill. App. 3d 839,
  576 N.E.2d 449, 159 Ill. Dec. 743 (2d Dist. 1991)......................................................12

*People v. Velasco*, 197 Ill. App. 3d 589,
  554 N.E.2d 1094, 144 Ill. Dec. 55 (2d Dist. 1990)..................................................11,15

*People v. Thomas*, 193 Ill. App. 3d 525,
  550 N.E.2d 29, 140 Ill. Dec. 547 (2d Dist. 1990)......................................................12

*People v. Ledbetter*, 174 Ill. App. 3d 234,
  528 N.E.2d 375, 123 Ill. Dec. 830 (4th Dist. 1988)..................................................11,15

II

THE CIRCUIT COURT ERRED IN SENTENCING DEFENDANT WITHOUT A
WRITTEN PRESENTENCE INVESTIGATION REPORT OR A FINDING BY THE
CIRCUIT COURT REGARDING DEFENDANT''S CRIMINAL HISTORY, IN COMPLIANCE
WITH THE REQUIREMENTS OF SECTION 5-3-1 OF THE UNIFIED CODE OF
CORRECTIONS....................................................................................................16

730 ILCS 5/5-3-1 (West 2002)...........................................................................16,18

*People v. Evans*, 174 Ill. 2d 320,
673 N.E.2d 244, 220 Ill. Dec. 332 (1996)...................................................19

*Boaden v. Department of Law Enforcement*, 171 Ill. 2d 230,
664 N.E.2d 61, 215 Ill. Dec. 664 (1996)................................................16-17

*People v. Harris*, 105 Ill. 2d 290,
473 N.E.2d 1291, 85 Ill. Dec. 486 (1985)..............................................18-19

*People v. Youngbey*, 82 Ill. 2d 556,
413 N.E.2d 416, 45 Ill. Dec. 938 (1980)...................................................17,18

*People v. Childress*, 306 Ill. App. 3d 755,
715 N.E.2d 1194, 240 Ill. Dec. 137 (4th Dist. 1999)....................................18

*People v. Olivarez*, 279 Ill. App. 3d 90,
664 N.E.2d 156, 215 Ill. Dec. 759 (1st Dist. 1996)......................................18

*People v. Evans*, 273 Ill. App. 3d 252,
651 N.E.2d 1143, 209 Ill. Dec. 695 (5th Dist. 1994)..............................17,18

*People v. Graham*, 126 Ill. App. 3d 442,
467 N.E.2d 374, 81 Ill. Dec. 674 (4th Dist. 1984).......................................18

## NATURE OF THE CASE

George Childress entered pleas of guilty to second degree murder and aggravated
battery with a firearm. He received agreed upon consecutive sentences of fifteen and

nine-years imprisonment. He filed a pro se motion to reconsider sentence which asserted that one of his convictions should be vacated. The motion was dismissed. Defendant attempted to file a late notice of appeal which was struck by This Court. Subsequently, the Supreme Court ordered that defendant's appeal be reinstated. No challenge is made to the sufficiency of the charging instrument.

## ISSUES PRESENTED FOR REVIEW

I. Whether the circuit court erred in dismissing defendant's pro se post-plea motion without determining if defendant needed appointment of counsel?

II. Whether the circuit court erred in sentencing defendant without a written presentence investigation report or a finding by the circuit court regarding defendant's criminal history, in compliance with the requirements of Section 5-3-1 of the Unified Code of Corrections?

## JURISDICTION

The defendant appeals from a final judgment of conviction and sentence brought pursuant to Article VI, Section 6, of the Constitution of the State of Illinois and Supreme Court Rules 602, 603, 604(d) and 606. The defendant pled guilty and was sentenced on November 5, 2001 (R.C12-13,203;GP2,13). A motion to reconsider sentence was filed by mailing on December 5, 2001. (R.C220-25) The motion was dismissed on February 11, 2002. (R.C18,244) A pro se late notice of appeal was filed in the circuit court on May 13, 2002. (R.C357) A pro se late notice of appeal was filed in the Appellate Court on August 14, 2002. Following appointment of counsel and the

-4-

filing of an amended motion, This Court struck the motion for leave to file late notice

of appeal and dismissed the appeal on November 1, 2002. Defendant filed a petition

for leave to appeal in the Supreme Court. On February 5, 2003, the Supreme Court

denied the petition but ordered This Court to reinstate the appeal. (R.C792) On

March 10, 2003, This Court reinstated the appeal and ordered the filing of the late

notice of appeal. (R.C792)

# STATEMENT OF FACTS

On February 7, 2001, defendant George Childress and his wife, Joanna Childress were indicted, in a six-count indictment, for the first degree murder of Eric Bray. (R.C34-35) On November 2, 2001, defendant waived his right to a jury trial. (R.C200) On November 5, 2001, a supplemental information was filed charging defendant with second degree murder and aggravated battery with a firearm in relation to Bray's death. (R.C201)

On November 5, 2001, defendant, represented by counsel, entered a negotiated plea of guilty to the supplemental information. (R.C12-13,203;GP2,13) The State dismissed the six-count indictment, including the charges against Joanna Childress. (R.C13;GP2,13) The State's Attorney stated the terms of the negotiation:

> Mr. Jackson: Yes. We have an agreed disposition of this case. The nature of the disposition is, the State will file a supplemental information, alleging a Count 7, which is second degree murder. And Count 8, which is aggravated battery with a firearm. And, the defendant has been given a copy of both informations. He will enter a plea of guilty to Counts 7 and Count 8 and will receive consecutive sentences of 15 and 9 years in the penitentiary. The defendant will be entitled to such credit as the Department of Corrections gives from the time he was taken into custody until the judgment and sentence in his case. The State would move to dismiss the first six counts of the indictment.

(R.GP2)

The presentence investigation report was waived. (R.GP13) No criminal history was presented. The court found the defendant guilty and imposed the agreed upon sentences. (R.C204;GP13) Defendant was told that the filing of a timely motion to

withdraw plea was a prerequisite to appealing his convictions, but was not told of any requirements for filing a notice of appeal. (R.GP13-14)

On November 14, 2001, a supplemental indictment was filed against Joanna Childress alleging seven felony counts, including first degree murder, aggravated battery with a firearm, aggravated kidnaping and conspiracy to commit murder relating to the death of Eric Bray. (R.C207-09)

On November 20, 2001, defendant's guilty plea counsel filed a motion to withdraw as counsel alleging a breakdown in communication. (R.C215) On December 5, 2001, defendant mailed a pro se motion to reconsider sentence to the circuit court. (R.C220-25) The motion was filed in the circuit court on December 10, 2001. (R.C16) The motion alleged that defendant's guilty plea to aggravated battery with a firearm was improper because that charge was based on the same acts underlying the second degree murder charge, and requested that the motion be vacated. The motion also requested that the consecutive sentences be modified to concurrent terms. (R.C221-22) Included with the motion was a request to proceed in forma pauperis due to defendant's indigency. (R.C220)

Counsel was not appointed to assist defendant on his motion. The State filed a motion to strike the pro se motion. (R.C231) On February 11, 2002, the circuit court issued an order dismissing defendant's pro se motion, finding the motion to have been timely filed, but improper under Supreme Court Rule 605, because defendant's plea had been negotiated. (R.C18,244)

On February 26, 2002, Joanna Childress entered a negotiated plea of guilty to a newly filed charge of armed violence in exchange for a sentence of twenty-eight years' imprisonment. (R.C20-21,347-49)

Defendant filed a pro se late notice of appeal in the circuit court on May 13, 2002. (R.C357) No action was taken on the notice of appeal. On August 14, 2002, the Appellate Court received and filed the pro se late notice of appeal from defendant. (See Appendix A1) Attached to the notice is an affidavit in which defendant attempted to explain the lateness of his appeal and issues he intended to present in the appeal. (See Appendix A2-4) Among the issues defendant described was the claim that his decision to plead guilty was based on the State's promise to dismiss the charges against Joanna Childress and that the State had broken that promise. (See Appendix A4)

This Court appointed the Office of the State Appellate Defender as counsel on appeal, ordering that the late notice of appeal be supplemented by a proper supporting record. On October 15, 2002, defendant filed a motion for leave to file late notice of appeal, supported by a record from the circuit court and defendant's affidavit. The motion contended that defendant had informed guilty plea counsel that he wanted to appeal his original sentence but that counsel would not act on the request. (See Appendix A6-12) The defendant contended that his pro se post-plea agreement should have caused the circuit court to appoint counsel and that the motion should have been liberally construed as a motion to withdraw guilty plea. (See Appendix A9) Defendant further contended that, had counsel been appointed, he would have had assistance in filing a proper motion and a notice of appeal. (See

-8-

Appendix A9) Finally, the motion asserted that defendant had not been advised of the time limit for filing a notice of appeal, and so, he could not be held to the thirty-day limit and that the late notice of appeal was not untimely because there was merit to the appeal, and the late filing had not been due to defendant's culpable negligence. (See Appendix A10-11)

On November 1, 2002, This Court issued an order dismissing the appeal for lack of jurisdiction. (R.C383) Defendant filed a petition for leave to appeal in the Supreme Court. On February 5, 2003, the Court denied the petition for leave to appeal but, exercising its supervisory authority, ordered This Court to vacate its previous order and reinstate the appeal. (R.C792) On March 10, 2003, This Court reinstated the appeal and ordered the filing of the late notice of appeal. (R.C792-93)

# ARGUMENT

I

THE CIRCUIT COURT ERRED IN DISMISSING DEFENDANT'S PRO SE POST-
PLEA MOTION WITHOUT DETERMINING IF DEFENDANT NEEDED APPOINTMENT
OF COUNSEL.

Defendant entered a negotiated guilty plea in exchange for a specific sentence.
Within thirty days of his plea and sentencing defendant filed a pro se motion
asserting that one of the convictions was invalid and had to be vacated. (R.222)
Because the motion was titled a motion to reconsider sentence, the court, without
appointing counsel, dismissed defendant's motion. Because the motion should have
been treated as a motion to withdraw plea, and counsel should have been appointed
to represent defendant, the circuit court erred in dismissing the pro se motion.

Supreme Court Rule 604(d) sets out requirements for defendants who wish to
appeal from judgments entered on guilty pleas. The Rule sets out certain procedures
which must be followed upon receipt of a motion attacking a guilty plea:

> The trial court shall then determine whether the defendant
> is represented by counsel and if the defendant is indigent
> and desires counsel, the trial court shall appoint
> counsel...the defendant's attorney shall file with the trial
> court a certificate stating that the attorney has consulted
> with the defendant either by mail or in person to ascertain
> his contentions of error in the entry of the plea of guilty,
> has examined the trial court file and the proceedings of the
> plea of guilty, and has made any amendments to the motion
> necessary for adequate representation of any defects in
> those proceedings.

-10-

Ill. S.Ct. Rule 604(d).

The essence of this issue is whether the circuit court properly followed Rule 604(d). As such, the issue presents a question of law. Therefore, This Court should employ a de novo standard of review, because questions of law are reviewed de novo. *People v. Hall*, 195 Ill. 2d 1, 743 N.E.2d 126, 438, 252 Ill. Dec. 552, 564 (2000).

A defendant retains his Sixth Amendment (U.S. Const. amend. VI) right to counsel through the conclusion of the period for filing notice of appeal, which includes the filing of post-plea motions preceding the appeal. Any waiver of the right must be voluntary, knowing and intelligent, and cannot merely be assumed. *Baker v. Kaiser*, 929 F.2d 1495, 1499-1500 (10th Cir. 1991); Ill. S.Ct. Rule 401. This underlies Rule 604(d)'s requirement that the trial court determine if a defendant who files a motion attacking a judgment has counsel or is indigent and desires counsel.

Where an indigent guilty plea defendant moves to withdraw his plea, it is reversible error for the circuit court not to appoint him counsel, or obtain from him a knowing and voluntary waiver of counsel to represent him on his motion. *People v. Barnes*, 263 Ill. App. 3d 736, 635 N.E.2d 698, 200 Ill. Dec. 359 (1st Dist. 1994); *People v. Velasco*, 197 Ill. App. 3d 589, 554 N.E.2d 1094, 144 Ill. Dec. 55 (2d Dist. 1990); *People v. Ledbetter*, 174 Ill. App. 3d 234, 528 N.E.2d 375, 123 Ill. Dec. 830 (4th Dist. 1988). "[B]ecause of the strict waiver requirements of Rule 604(d), fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and have assistance of counsel in preparing the motion." *Ledbetter*, 528 N.E.2d 375, 377, quoted with approval in *Velasco*, 554 N.E.2d 1094, 1096.

The Appellate Court has also held that a defendant is entitled to appointment of counsel at a hearing on a motion to reconsider sentence. *People v. Brasseaux*, 254 Ill. App. 3d 283, 660 N.E.2d 1321, 214 Ill. Dec. 372 (2d Dist. 1996). In *Brasseaux*, the Court reviewed an earlier case, *People v. Thomas*, 193 Ill. App. 3d 525, 550 N.E.2d 29, 140 Ill. Dec. 547 (2d Dist. 1990), wherein it was held that a hearing on the motion to reconsider sentence, as opposed to sentencing itself, was not a critical stage of the proceedings that would allow defendant to have counsel appointed to represent him. After *Thomas* was decided however, the Supreme Court decided *People v. Wallace*, 143 Ill. 2d 59, 570 N.E.2d 334, 155 Ill. Dec. 821 (1991), and determined that either a motion to withdraw guilty plea or a motion to reconsider sentence was necessary before the defendant could appeal his sentence. As an extension of the *Wallace* rule, the Appellate Court has held that any issue not raised in the motion to reconsider sentence is waived on appeal. *People v. Bronson*, 216 Ill. App. 3d 839, 576 N.E.2d 449, 159 Ill. Dec. 743 (2d Dist. 1991). Accordingly, the Court in *Brasseaux* held that a motion to reduce or reconsider sentence was a critical stage of the proceedings requiring either appointment of counsel for an indigent defendant, or a valid waiver of the right to counsel. *Brasseaux*, 214 Ill. Dec. 372, 375-76.

It is true that, due to the negotiated nature of his plea, defendant could not simply challenge the sentence as excessive without moving to withdraw his guilty plea, and the trial court here could not have simply reduced defendant's sentence. *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244, 220 Ill. Dec. 332 (1996). It is also true that, under *People v. Linder*, 186 Ill. 2d 67, 708 N.E.2d 1169, 337 Ill. Dec. 129 (1999), a defendant's appeal may be dismissed if the proper document invoking the trial court's

jurisdiction is not filed. However, the Second District of the Appellate Court in *People v. Griffin*, 305 Ill. App. 3d 326, 713 N.E.2d 662, 664-65, 239 Ill. Dec. 131, 133-34 (2d Dist. 1999), was aware of *Linder* and held that the trial court must ask a defendant to file a pro se post-plea motion if he desires appointment of counsel, before dismissing the motion. *Griffin* relied on *People v. Barnes*, 291 Ill. App. 3d 545, 684 N.E.2d 416, 251 Ill. Dec. 731 (3d Dist. 1997), *leave to appeal denied*, which held that the provision in Supreme Court Rule 604(d), requiring appointment of counsel for a defendant challenging a sentence imposed following a guilty plea, applies to all defendants, regardless of whether the guilty plea was negotiated. According to the Court in *Barnes*, such procedures ensure that the safeguards established by the Supreme Court Rules are maintained in post-plea proceedings. *Barnes*, 684 N.E.2d 416, 420, 225 Ill. Dec. 731, 735.

In *Barnes*, sentence was imposed on the defendant following a fully negotiated guilty plea, and defendant then filed a pro se motion requesting modification of her sentence. The Appellate Court held that the trial court abused its discretion in summarily dismissing the motion without first ascertaining if the defendant desired appointment of counsel, regardless of the fact that the relief sought in the pro se motion was unavailable, since the courts have a duty to liberally construe pro se post-plea motions. "We do not believe...that the rationale of *Evans* should be expanded to hold that the appointment of counsel provision of Rule 604(d) is inapplicable in such instances," stated the Court. In a footnote, the Court explained that the defendants in *Evans* were represented by counsel. The Court went on to note the holdings in the

*Velasco* decision and the 1994 *Barnes* decision as supporting its decision. *Barnes*, 684 N.E.2d 416, 429, 225 Ill. Dec. 731, 735.

Liberal construction of defendant's pro se post-plea motion indicates that he was attacking the validity of the plea. The motion contended that one of the two convictions was invalid and had to be vacated. While defendant also suggested that the consecutive sentences be modified to concurrent terms, factually, he made a claim, based in law, that one of the convictions was legally invalid and must be vacated, which was an attack on the entire plea negotiation. Implicit in the Supreme Court's remand of this case with directions to file the late notice of appeal is the recognition that defendant's pro se motion invoked the circuit court's jurisdiction in the case and was, therefore, an attack on the plea to be liberally construed as a motion to withdraw guilty plea.

The circuit court should have inquired into defendant's contention, and determined whether defendant needed counsel appointed. The court had reason to know defendant might need counsel. Guilty plea counsel had filed a motion to withdraw, alleging a breakdown in communication. (R.C215) Defendant then filed a motion to proceed in forma pauperis, asserting indigency, with his pro se motion. (R.C220,221-22) The failure to inquire further is particularly significant given defendant's later contention, in his affidavit supporting his motion for leave to file late notice of appeal, that part of his plea negotiation had involved the dismissal of the charges against his wife, Joanna Childress, and that the State had not kept its bargain in that regard. (See Appendix A4) In essence, this claim suggests that defendant agreed to plead guilty thinking that all the charges against his wife would

-14-

be dismissed and that she would not be prosecuted. The State did dismiss all the charges against her when defendant entered his plea. (R.GP2) New charges against Joanna Childress were filed nine days after defendant's guilty plea and sentencing. (R.C207-09) This chronology provides some circumstantial support for defendant's claim. If the circuit court had investigated further and appointed counsel, defendant's claim could have been resolved.

The circuit court should not have dismissed defendant's motion. The rule that emerges from *Griffin, Barnes, Velasco, Ledbetter*, and *Brasseaux* is that, when a defendant files a post-plea motion, the trial court must inquire if defendant wants counsel appointed, and appoint counsel if defendant is indigent, otherwise an express waiver of counsel must be obtained. Only then can the court properly conclude that the wrong post-plea motion was filed, and deny defendant's request for relief. *People v. Pegues*, 277 Ill. App. 3d 884, 661 N.E.2d 405, 214 Ill. Dec. 551, 554 (1st Dist. 1996); *See also People v. Edwards*, 197 Ill. 2d 239, 757 N.E.2d 442, 258 Ill. Dec. 753, 762-63 (2001) (restating law with regard to pro se post-plea motions while holding that a post-conviction petition had been improperly dismissed). Had defendant here consulted with legal counsel, counsel might have withdrawn the motion to reduce sentence and filed the proper motion to withdraw guilty plea. Defendant was not provided his constitutional right to counsel in post-plea proceedings. Therefore, This Court should reverse the circuit court's order dismissing defendant's pro se motion and remand the cause for further post-plea proceedings at which he is represented by counsel.

II

THE CIRCUIT COURT ERRED IN SENTENCING DEFENDANT WITHOUT A
WRITTEN PRESENTENCE INVESTIGATION REPORT OR A FINDING BY THE
CIRCUIT COURT REGARDING DEFENDANT'S CRIMINAL HISTORY, IN COMPLIANCE
WITH THE REQUIREMENTS OF SECTION 5-3-1 OF THE UNIFIED CODE OF
CORRECTIONS.

Section 5-3-1 of the Unified Code of Corrections states in part as follows:

> A defendant shall not be sentenced for a felony before
> a written presentence report of investigation is presented
> to and considered by the court.
> However, the court need not order a presentence report
> of investigation where both parties agree to the imposition
> of a specific sentence, provided there is a finding made for
> the record as to the defendant's history of delinquency or
> criminality, including any previous sentence to a term of
> probation, periodic imprisonment, conditional discharge,
> or imprisonment.

730 ILCS 5/5-3-1 (West 2002). The circuit court sentenced defendant for the felonies

of second degree murder and aggravated battery with a firearm, without considering

a written presentence investigation report, and without a complete and accurate

finding of defendant's criminal history as mandated by Section 5-3-1. Because of this

error, defendant's plea must be vacated, and the cause remanded for further

proceedings.

Because this question involves the application of Section 5-3-1, the standard of

review by This Court must be de novo. *Boaden v. Department of Law Enforcement,*

-16-

171 Ill. 2d 230, 664 N.E.2d 61, 215 Ill. Dec. 664, 668 (1996) (statutory claims are reviewed de novo).

A written presentence investigation report is mandatory in a case such as this. *People v. Youngbey*, 82 Ill. 2d 556, 413 N.E.2d 416, 419-20, 45 Ill. Dec. 938 (1980). As our Supreme Court noted in *Youngbey*, since the imposition of a criminal sentence is a judicial function, the presentence investigation report is for the enlightenment of the court, and serves as a "useful tool" for the sentencing judge. *Youngbey*, 82 Ill. 2d 556, 413 N.E.2d 416, 421, 45 Ill. Dec. 938.

The requirement of a presentence investigation report is subject to a limited exception under Section 5-3-1. A presentence investigation report is not necessary where the parties agree to the sentence to be imposed, provided the circuit court makes a finding for the record of the defendant's history of delinquency or criminality, including the sentences imposed. Compliance with the requirement of Section 5-3-1 must occur at the time that the plea is taken, without reference to other parts of the record. *People v. Evans*, 273 Ill. App. 3d 252, 651 N.E.2d 1143, 209 Ill. Dec. 695, 697 (5th Dist. 1994), *leave to appeal denied*. In *Evans* This Court stated, "the history of criminality and delinquency must be given to the sentencing judge at the time the plea agreement is offered for approval to the court." *Evans*, 273 Ill. App. 3d 252, 651 N.E.2d 1143, 209 Ill. Dec. 695, 697. In so holding, This Court noted in *Evans* that a presentence investigation report is mandated even where the plea is negotiated, because the circuit court must be fully aware of the defendant's criminal history before it can accept the plea. *Evans*, 273 Ill. App. 3d 252, 651 N.E.2d 1143, 209 Ill. Dec. 695, 698.

While the State and defendant agreed to the sentences to be imposed, the circuit court was not given the information concerning defendant's criminal history mandated by Section 5-3-1, and did not make the required finding. Since the limited exception to Section 5-3-1 was not met, it was incumbent upon the circuit court to order the preparation of a presentence investigation report, and consider that report, before sentencing defendant. *See People v. Olivarez*, 279 Ill. App. 3d 90, 664 N.E.2d 156, 215 Ill. Dec. 759, 765-66 (1st Dist. 1996) (defendant convicted following a bench trial agreed to a sentence of eight years' imprisonment, but no presentence investigation report was ordered; Appellate Court vacated defendant's sentence because, while the defendant agreed to the sentence, the record did not reflect a finding as to the defendant's criminal history).

This error cannot be found to be waived, even though defendant failed to raise it in a motion to withdraw the guilty plea. As This Court noted in *Evans*, given the mandatory nature of Section 5-3-1, strict compliance with the statute is required. *Evans*, 273 Ill. App. 3d 252, 651 N.E.2d 1143, 209 Ill. Dec. 695, 698. Furthermore, since Section 5-3-1 is intended to serve as a useful tool for the judge in imposing sentence, the requirement of the presentence investigation report is not the defendant's personal right which could be waived. *Youngbey*, 82 Ill. 2d 556, 413 N.E.2d 416, 421, 45 Ill. Dec. 938. *See also People v. Childress*, 306 Ill. App. 3d 755, 715 N.E.2d 1194, 240 Ill. Dec. 137, 138-39 (4th Dist. 1999); *People v. Graham*, 126 Ill. App. 3d 442, 467 N.E.2d 374, 375-76, 81 Ill. Dec. 674 (4th Dist. 1984), *leave to appeal denied*.

Additionally, in *People v. Harris*, 105 Ill. 2d 290, 473 N.E.2d 1291, 1296-97, 85 Ill. Dec. 486 (1985), the Illinois Supreme Court held that, although the defendants failed

-18-

to object to the absence of the presentence investigation report at sentencing, the defendants had not waived review of the issue; the Court stated, "[c]ertainly, if an express waiver is invalid..., waiver cannot be inferred from the defendant's failure to object". Therefore, defendant has not waived consideration of the issue by his failure to object, in his post-plea motion, to the circuit court's failure to follow the mandate of Section 5-3-1.

Because the plea and sentences go "hand in hand as material elements of the plea bargain" (*People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244, 220 Ill. Dec. 332, 338 (1996)), the invalid sentence, imposed without the consideration of defendant's criminal history, invalidates the entire plea. Therefore, defendant's guilty plea and sentences must be vacated, and the cause remanded for further proceedings. Alternatively, the cause must be remanded for compliance with Section 5-3-1.

# CONCLUSION

Defendant respectfully requests that This Honorable Court remand the case for appointment of counsel to assist defendant in withdrawing his plea of guilty because the circuit court erred in dismissing defendant's pro se post-plea motion without determining if defendant needed appointment of counsel. Alternatively, defendant's negotiated plea is invalid where the court imposed sentence without the required presentence investigation report or report on defendant's criminal history. For this reason defendant's guilty plea and sentence must be vacated and new proceedings must be held or, at minimum, the cause must be remanded for compliance with the law requiring that the court be informed of defendant's criminal history.

Respectfully submitted,

**DANIEL M. KIRWAN**
Deputy Defender

**EDWIN J. ANDERSON**
Assistant Defender

Office of the State Appellate Defender
Fifth Judicial District
730 E. Illinois Highway 15, Suite #1
Mt. Vernon, IL 62864
618-244-3466

COUNSEL FOR DEFENDANT-APPELLANT

# APPENDIX A

## TO THE APPELLATE COURT OF ILLINOIS

_____

(Appellate Court Number)

PEOPLE OF THE STATE OF ILLINOIS )
                                )
                        vs.     ) (INDICTMENT NO.) 01-CF-11
                                )
GEORGE CHILDRESS                ) (Judge) Terry J. Foster  **FILED**
_____       )

AUG 14 2002

### LATE NOTICE OF APPEAL

LOUIS E. COSTA
CLERK APPELLATE COURT, 5th DIST.

An appeal is taken from the order or judgment described below:

(1)   APPELLANT'S NAME: George Childress  B82576

(2)   APPELLANT'S ADDRESS: P.O. Box 900, Ina, Illinois 62846

(3)   APPELLANT'S ATTORNEY: PRO SE
      ADDRESS: _____

(4)   OFFENSE: Second Degree Murder & Aggravated Battery with a Firearm

(5)   JUDGMENT: _____GUILTY_____ PLEA/FINDING/VERDICT

(6)   DATE OF JUDGMENT OF SENTENCE: November 7, 2001

(7)   SENTENCE: 15 & 9 year consecutive sentences

(8)   STATE WHY YOU BELIEVE YOUR APPEAL HAS MERIT: The charge
      of aggravated battery with a firearm is a lesser included and
      inchoate offense of second degree murder.

(9)   STATE WHY YOUR FAILURE TO FILE A NOTICE OF APPEAL
      WITHIN 30 DAYS WAS NOT DUE TO YOUR CULPABLE
      NEGLIGENCE: I wrote to my attorney Anthony Lloyd seeking to
      have an appeal filed.  After a 2nd & 3rd letter to my attorney,
      it became apparent to me that he would not respond.  I then put
      in a request to see a law clerk at the prison library; thus this noti

WHEREFORE, appellant prays the Court to grant the late notice of ( SEE Pg. 1a)(11
appeal, pursuant to Supreme Court Rule 606(c).

_____
APPELLANT

Revised Jan 2002

A1

STATE OF ILLINOIS         )
                            )
COUNTY OF JEFFERSON   )

### ~~AFFIDAVIT~~

I, George Childress, _____ being first duly sworn on oath deposes and says:

1.    I am the Defendant in this cause.  Indictment No. 01-CF-11 _____
      Second Degree Murder

2.    I was convicted of Agg. Batt/w Firearm on the date of Nov 5, 2001
      and was sentenced to 15/9 yrs cons on the date of Nov 7, 2001
      by Judge Terry J. Foster .

3.    (State reasons that you did not file a notice of appeal in this case within
      30 days of sentencing.) I wrote to my attorney, Anthony Lloyd, seek-
   After Motion for Reduction ing to have an appeal filed.  After a 2nd & 3rd letter to my
      attorney, with no response, I decided to file as best I could.
                         (SEE EXHIBITS)

4.    The delay in filing a notice of appeal is not attributable to defendant/
      appellant's culpable negligence.

5.    (State why you believe your appeal has merit.) The charge of aggravated
      battery with a firearm is a lesser included and an inchoate
      offense of second degree murder (also see pg. 1a)(1b)

6.    Defendant/appellant does declare and affirm that all facts stated in the
      attached motion and in this affidavit are true and accurate to the best of his
      knowledge and belief.

                             SIGNED _George B. Childress_
                                   DEFENDANT

SUBSCRIBED AND SWORN TO
before me this _____9th_____ day of
_____August_____ . 2002 .

_(signature)_
NOTARY PUBLIC

"OFFICIAL SEAL"
JENNIFER L. WILSON
Notary Public, State of Illinois
My Commission Exp. 07/31/2004

Revised Jan 2002

A2

In further support of the defendant's late notice of appeal the following is stated:

1) On May 8, 2002, the defendant filed a Late Notice of Appeal, together with an Application to Sue or Defend as a Poor Person with the Circuit Clerk of the Massac County, Illinois Court.

2) The defendant has yet to receive a response from the Court, and thus forwards a new Late Notice of Appeal to this Honorable Court.

3) On November 7, 2001, the defendant, due to a negotiated agreement, pled guilty to second degree murder and aggravated battery with a firearm.

4) The Honorable Terry J. Foster sentenced the defendant to 15 and 9 years in the Illinois Department of Corrections; to be served consecutively.

5) The defendant, on December 5, 2001, timely filed a Motion for Reduction of Sentence.

6) The defendant requested that the trial court review the sentence imposed, due to the defendant's constitutional rights being violated prior to the entry of a guilty plea.

7) The defendant alleged that:

   a) The charge of aggravated battery with a firearm is a lesser included offense of second degree murder;

   b) The charge of aggravated battery with a firearm is an inchoate offense of second degree murder;

   c) Multiple convictions must be vacated when they are based upon the same physical act;

   d) Consideration of an improper sentence is plain error because it affects the fundamental rights to liberty and to be sentenced only on proper information.

8) On February 11, 2001, the Massac County Court denied the defendant's Motion for Reduction of sentence.

9) The defendant, due to transport and or transfers associated with his entering the penal system, was finally able to get to a law library to file his motions, with notice

10) The defendant filed a Late Notice of Appeal on May 8, 2002; and it's being late was not due to the defendant's culpable negligence.

A3

11) In addition to raising the previously mentioned issues, the defendant seeks to supplement his appeal to include these additional issues:

a) The People of the State of Illinois breached the negotiated plea, in that the agreed upon dismissal of counts 1 thru 3 and all 6 counts of first degree murder did not take place. In particular, counts 1 thru 3 involved the dismissal of charges against the defendant's wife, Joanna Childress. The promise by the State was the principal reason that the defendant pled guilty. The State did not fulfill it's obligation, and should therefore be examined by this Court.

b) The State's Attorney of Massac County brought new charges on the day that the defendant was to plead. The State's Attorney amended the indictment without the grand jury. This is contrary to established law.

c) The defendant's trial counsel was ineffective. He should not have allowed the defendant to plead to a charge that was a lesser included and inchoate offense of another, and then have to serve a consecutive sentence. The defendant's trial counsel should have objected to the State's Attorney amending the indictment without the grand jury.

d) The defendant has attached exhibits.

George Childress
B82576
P.O. Box 900
Ina, IL 62846

A4

IN THE
APPELLATE COURT OF THE FIFTH DISTRICT
MOUNT VERNON, ILLINOIS

PEOPLE OF THE
STATE OF ILLINOIS

            Plaintiff,        )
          v.               )
GEORGE CHILDRESS        )   No.  01-CF-11
             Defendant.     )

**FILED**

AUG 14 2002

LOUIS E. COSTA
CLERK, APPELLATE COURT, 5th DIST.

## MOTION FOR APPOINTMENT OF COUNSEL

The undersigned ( DEFENDANT    ),   George Childress  , respectfully moves the court
to appoint counsel for (him/her) in this cause. In support, ( DEFENDANT  ) states:

1. I have been incarcerated continuously since   February 5, 2000  , and am presently held in
   custody and residing at the Big Muddy River     Correctional Center in   Ina
   Illinois, County of   Jefferson  .
2. I am without sufficient income or assets with which to pay for the costs of these proceedings
   or to employ an attorney to represent me in this matter.
3. I am without the services of counsel to represent me in this matter and I wish the Court to
   appoint counsel to represent me in this matter.
4. I have a constitutional right to access to the courts, and without the assistance of counsel,
   my access to the courts will not be adequate, effective or meaningful because:
      I am untrained and unskilled in matters of the law. Without assistance
   of counsel I will not be able to present an adequate appeal.

5. My (claim/defense) in this matter is not frivolous or malicious, but is colorable and meritorious.
6. Since this matter concerns the (condition/duration) of my confinement, I have sought
   (institutional/administrative) review of this matter through the proper grievance procedures before
   this action was filed. (At this point state what, if any, action was taken or decision that was made
   concerning your grievances).

WHEREFORE, ( DEFENDANT   )   George Childress  , respectfully requests
that counsel be appointed to represent (him/her) in this matter.

*George B. Childress*
(Your Signature)

Type or print name  George Childress
Register number  B82576

  Big Muddy River
Box    900               Correctional Center

    Ina         , Illinois  62846
( DEFENDANT   ), Pro Se

A.5

# No. 5-02-0540

# IN THE APPELLATE COURT OF ILLINOIS

# FIFTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF<br>ILLINOIS,<br>    Plaintiff-Appellee,<br><br>-vs-<br><br>GEORGE CHILDRESS,<br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the Circuit Court of<br>the First Judicial Circuit,<br>Massac County, Illinois.<br><br>No. 01-CF-11<br><br>Honorable<br>Terry J. Foster,<br>Judge Presiding. |



**FILED**
OCT 15 2002
LOUIS E. COSTA
CLERK, APPELLATE COURT, 5th DIST.

## MOTION FOR LEAVE TO FILE AMENDED LATE NOTICE OF APPEAL AND PROPOSED LATE NOTICE OF APPEAL

Now comes the defendant, George Childress, by counsel, Edwin J. Anderson, Assistant Defender, Office of the State Appellate Defender, Fifth Judicial District, and in response to This Court's order, states as follows:

1. On August 14, 2002, This Court received a pro se late notice of appeal prepared by defendant George Childress.

2. On August 23, 2002, This Court appointed the Office of the State Appellate Defender, Fifth Judicial District, and ordered counsel to supplement the late notice of appeal with a proper supporting record.

3. The Office of the State Appellate Defender received extensions of time to respond to the order while the record was obtained.

4. A supporting record has been obtained which indicates the following sequence of events occurred in defendant's case:

A6

(a) On February 7, 2001, defendant was indicted for first-degree murder in the death of Eric Bray. (R.C1,24)

(b) On November 5, 2001, the State filed a supplemental information charging the defendant with second-degree murder and aggravated battery with a firearm with regard to the death of Eric Bray. (R.C12-13,28)

(c) On November 5, 2001, defendant, represented by counsel, entered a plea of guilty to the charges in the supplemental information in exchange for consecutive sentences of fifteen years imprisonment for second-degree murder and nine years imprisonment for aggravated battery with a firearm. (R.C12-13,31; GP113) Defendant was told that he needed to file a timely motion to withdraw plea in order to appeal his conviction. He was not told of the timing requirement for filing the notice of appeal. (R.GP13-14)

(d) On December 5, 2001, defendant mailed a pro se motion to reconsider sentence to the circuit court. (R.C36) The motion was filed in the circuit court on December 10, 2001. (R.C16) The motion alleged that defendant's plea of guilty to aggravated battery with a firearm was improper because it was based on the same acts as those underlying the second-degree murder charge and that the conviction must be vacated. It also requested that the consecutive sentences be modified to concurrent terms. (R.C34-35)

(e) The circuit court did not appoint counsel to assist the defendant with his motion.

(f) The circuit court issued an order dismissing defendant's motion on February 11, 2002, finding that the motion had been timely filed, but was an improper motion under Supreme Court Rule 605 because defendant's plea had been negotiated. (R.C18,37)

A17

(g) A pro se late notice of appeal was filed in the circuit court on May 13, 2002. (R.C22,38)

5. Defendant has prepared and signed a sworn affidavit in which he avers that he notified his trial counsel on November 15, 2001, that he wanted to appeal his convictions and sentences. (See attached affidavit) Defendant has stated in his pro se late notice of appeal that trial counsel would not act on his request that steps be taken to appeal the case. (R.C38) Defendant further states in his affidavit that he did not receive the circuit court order denying his motion to reduce sentence until late February, 2002, possibly due to having transferred from one correctional center to another. Then he only received a copy of the order. He received no explanation of time limits for filing the notice of appeal. Defendant attempted to file late notice of appeal in May, 2002. A prison law clerk mailed his late notice of appeal to the circuit court. The circuit court did not forward the late notice of appeal to the Appellate Court. Defendant learned that the late notice of appeal had not been forwarded to the Appellate Court in August, 2002. He then mailed a new late notice of appeal to the Appellate Court which was filed on August 14, 2002.

6. From this record it appears that defendant should have had legal counsel to assist him with his post-plea motion. In People v. Brasseaux, 254 Ill. App. 3d 283, 660 N.E.2d 1321; 214 Ill. Dec. 372,377 (2d Dist. 1986), the Appellate Court reversed a circuit court denial of a defendant's pro se motion to reconsider sentence when that defendant, who was represented by counsel, filed a pro se motion and counsel took no action to assist defendant. The Court found that defendant's filing of a motion should have prompted counsel to act

$A8$

on defendant's behalf. Brasseaux, 214 Ill. Dec. 372,377. In People v. Barnes, 291 Ill. App. 3d 545, 684 N.E.2d 416, 225 Ill. Dec. 731,734-36 (3d Dist. 1997), the Appellate Court held that Supreme Court Rule 605(d) requires that when a defendant files a post-plea motion pro se, counsel should be appointed to assist in preparing and presenting the motion. The Court also held that a defendant's pro se post-plea motion should be liberally construed, so that a motion styled as a motion to reconsider sentence, which internally challenges the guilty plea, should be interpreted as a motion to withdraw plea. Barnes, 225 Ill. Dec. 731,735-35) citing People v. Velasco, 197 Ill. App. 3d. 589, 554 N.E.2d 1094,1096, 144 Ill. Dec. 55 (2d Dist. 1990). In this case, counsel did not come forward to assist defendant after he filed his pro se motion. The court did not appoint counsel to assist defendant in amending and presenting the motion. The court did not liberally construe the pro se motion, which alleged that the guilty plea to aggravated battery with a firearm had been improper. The Court instead dismissed the motion as an improper motion to reconsider sentence filed after a negotiated plea. Had the court appointed counsel, that attorney could have assisted the defendant in filing a timely notice of appeal. Had the court treated the motion as a motion to withdraw plea it likely would have appointed counsel who, again, would have assisted defendant in filing a timely notice of appeal.

7. Defendant was not advised in the guilty plea hearing, or when the pro se motion was denied, that he had thirty days from the time of the denial to file notice of appeal. (See R.GP14; defendant's affidavit) Because defendant was not informed of the time limit, This Court should find that he was not bound by the time limit. In People v. Winston, 316 Ill. App. 3d 618, 737 N.E.2d 304, 249 Ill.

Aa

Dec. 914,916 (2d Dist. 2000), the Appellate Court found that a defendant was not bound by the thirty day time limit for filing a motion to withdraw plea when that defendant was never informed of the time limit. The failure to advise the defendant of the actual time limit for attacking the judgment meant that the defendant could attack the judgment at any time. Winston, 249 Ill. Dec. 914,916. Similarly, here, the failure of the court to advise the pro se defendant of the actual time limit for filing notice of appeal is reason for This Court to find that defendant is not bound by the thirty day time limit for filing notice of appeal.

8. Defendant's pro se motion was denied on February 11, 2002. Defendant filed late notice of appeal on May 13, 2002, in the circuit court. That late notice of appeal was not forwarded to the Appellate Court. Under Supreme Court Rule 606(c) a defendant may file late notice of appeal within six months of the expiration of time to file late notice of appeal upon a showing that there is merit to the appeal and that failure to file a timely notice of appeal was not due to defendant's culpable negligence. Defendant's affidavit indicates that he had informed his trial counsel that he wanted to challenge his conviction. The record shows that counsel did not assist the defendant in doing so. Defendant's pro se motion was not properly treated by the circuit court. Under Velasco and Barnes, it should have been treated as a motion to withdraw plea and counsel should have been appointed to assist defendant. Aside from any issues involving the propriety of the guilty plea to aggravated battery with a firearm itself, the mishandling of defendant's pro se motion stands as a meritful issue on appeal, since, under Barnes, the remedy for mishandling such a motion is a remand to the circuit court to allow the appointment of counsel and the filing of an

$A$ 10

amended post-plea motion. Barnes, 225 Ill. Dec. 731,736. The failure to file timely notice of appeal was not due to defendant's culpable negligence because he was not provided counsel as required and, though he was acting pro se, he was not advised of the time limit for filing notice of appeal.

WHEREFORE, defendant requests that This Honorable Court grant the motion to file late notice of appeal pursuant to Supreme Court Rule 606(c) and order transmittal of the attached proposed late notice of appeal to the Massac County Circuit Clerk for filing.

Respectfully submitted,

EDWIN J. ANDERSON
Assistant Defender

Office of the State Appellate Defender
Fifth Judicial District
730 E. Illinois Highway 15
P.O. Box 2430
Mt. Vernon, IL 62864-0047
(618) 244-3466

COUNSEL FOR DEFENDANT-APPELLANT

A11

STATE OF ILLINOIS  )
                     ) SS
COUNTY OF        )
JEFFERSON

       Edwin J. Anderson, being first duly sworn on oath, deposes and says that he has read the foregoing Motion by him subscribed and the facts stated therein are true and correct to the best of his knowledge and belief.

                          EDWIN J. ANDERSON
                          Assistant Defender

SUBSCRIBED AND SWORN TO BEFORE ME
on the 15th day of October, 2002.

NOTARY PUBLIC

OFFICIAL SEAL
ALLYSON McPHAIL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-14-2004

# No. 5-02-0540

# IN THE APPELLATE COURT OF ILLINOIS

## FIFTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** Plaintiff-Appellee, | ) ) ) ) ) | Appeal from the Circuit Court of the First Judicial Circuit, Massac County, Illinois. |
| -vs- | ) ) | No. 01-CF-11 |
| **GEORGE CHILDRESS,** Defendant-Appellant. | ) ) ) ) | Honorable Terry J. Foster, Judge Presiding. |

## AMENDED LATE NOTICE OF APPEAL

An appeal is hereby taken from the final judgment entered on the above-entitled cause.

Appellant's Name: **George Childress**

Appellant's Address:B82576, Big Muddy River Correctional Center, P.O. Box 900, Ina, IL 62846,

Appellant's Attorney: Office of the State Appellate Defender

Address: 730 E. Illinois Highway 15, P.O. Box 2430, Mt. Vernon, IL 62864-0047

Telephone: 618-244-3466

The Offense: second degree murder and aggravated battery with a firearm

The Judgment: Guilty of: second degree murder and aggravated battery with a firearm on a Finding: GP

Motion to Withdraw Guilty Plea Filed:_____

Revocation of Probation_____Date of Denial of Motion to

Withdraw Guilty Plea_____

If appeal is not from a conviction, nature or order appealed from:_____

_____

Date Sentence Imposed: November 7, 2001

The Sentence: fifteen years for second degree murder and nine years for aggravated battery with a firearm to be served consecutively

GEORGE CHILDRESS
DEFENDANT-APPELLANT

BY:_____

EDWIN J. ANDERSON
Assistant Defender

Dated:_____

Date Notice Filed:_____Appeal Check Date:_____

A13

# No. 5-02-0540

# IN THE APPELLATE COURT OF ILLINOIS

## FIFTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br>    Plaintiff-Appellee, | ) ) ) ) ) | Appeal from the Circuit Court of the First Judicial Circuit, Massac County, Illinois. |
| -vs- | ) ) ) | No. 01-CF-11 |
| GEORGE CHILDRESS,<br>    Defendant-Appellant. | ) ) ) ) | Honorable<br>Terry J. Foster,<br>Judge Presiding. |

## PROOF OF SERVICE

x Mr. Stephen E. Norris
  Office of the State's Attorneys
  Appellate Prosecutor
  Rt. 15 East, P.O. Box 2249
  Mt. Vernon, Illinois 62864

xxMr. George Childress
  Register No. B82576
  Big Muddy River Correctional Center
  P.O. Box 900
  Ina, IL 62846

The undersigned, being first duly sworn on oath, deposes and says that she has served the required number of copies of the attached Motion in the above-entitled cause on the above named persons on the 15th day of October, 2002, by:
xx United States Mail  x Personal Service ___ United Parcel Service.

Office of the State Appellate Defender
Fifth Judicial District
730 E. Illinois Highway 15
P.O. Box 2430
Mt. Vernon, IL 62864-0047
(618) 244-3466

COUNSEL FOR DEFENDANT-APPELLANT

SUBSCRIBED AND SWORN TO
Before me on the 15th day of October, 2002.

NOTARY PUBLIC

OFFICIAL SEAL
ALLYSON McPHAIL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-14-2004

A 1A

## No. 5-02-0540

# IN THE APPELLATE COURT OF ILLINOIS

## FIFTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, <br>    Plaintiff-Appellee, | ) ) ) ) | Appeal from the Circuit Court of the First Judicial Circuit, Massac County, Illinois. |
| -vs- | ) ) ) | No. 01-CF-11 |
| GEORGE CHILDRESS, <br>    Defendant-Appellant. | ) ) ) ) | Honorable Terry J. Foster, Judge Presiding. |

## ORDER

This matter coming to be heard on defendant's motion to file late notice of appeal pursuant to Supreme Court Rule 606(c) and order transmittal of the attached proposed late notice of appeal to the Massac County Circuit Clerk for filing, and all parties having been duly notified, and the Court being advised in the premises,

IT IS HEREBY ORDERED that the motion to file late notice of appeal is GRANTED. It is further ORDERED that the proposed late notice of appeal by transmitted to the Massac County Circuit Court for filing.

_____
JUSTICE

DATE: _____

A15

STATE OF ILLINOIS )
RECEIVED )
CLERK APPELLATE COURT FFERSON )
5TH DISTRICT   MT. VERNON, IL

OCT 15 2002

**FILED**

OCT 15 2002

## AFFIDAVIT

LOUIS E. COSTA
CLERK, APPELLATE COURT, 5th DIST.

MAILED
OTHER

I, George Childress, do hereby swear and affirm:

1. I am the defendant-appellant in People v. Childress, No. 5-02-0540.

2. On November 5, 2001, I entered pleas of guilty to second degree murder and aggravated battery with a firearm and received sentences of imprisonment.

3. On December 5, 2001, I mailed a pro se motion for reduction of sentence to the circuit court.

4. Late in February, 2002, I received an order from the circuit court stating that my motion for reduction of sentence had been denied on February 11, 2002. The order had been mailed to the Menard Correctional Center, but I had been transferred to Big Muddy Correctional Center. The order was forwarded to me there.

5. The only thing I received from the court was the order denying my motion. I did not receive any information about how much time I had to file a notice of appeal.

6. It took several weeks for me to learn that I could file a late notice of appeal. After visits to the prison law library I attempted to file a late notice of appeal in May, 2002. The prison law clerk mailed my late notice of appeal to the circuit court in May. It was filed there on May 13, 2002. I was told that the late notice of appeal would be forwarded to the Appellate Court, but it was not. In August I learned that the late notice of appeal had not been received by the Appellate Court. I then mailed a new late notice of appeal to the Appellate Court.

$A_{16}$

6. I have wanted to appeal my convictions and sentences since November 15, 2001, when I notified my trial counsel that I did not think the two convictions and sentences I received were legally proper.

Further affiant sayeth not.

X _George B. Childress_

GEORGE CHILDRESS

Subscribed and sworn to before me
this _3rd_ day of ___Oct.___, 20_02_ .

_Jennifer Wilson_
Notary Public

"OFFICIAL SEAL"
JENNIFER L. WILSON
Notary Public, State of Illinois
My Commission Exp. 07/31/2004

# No. 5-05-0505

# IN THE APPELLATE COURT OF ILLINOIS

# FIFTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,**<br>    Plaintiff-Appellee,<br><br>-vs-<br><br>**GEORGE BENTON CHILDRESS,**<br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the Circuit Court of the First Judicial Circuit, Massac County, Illinois.<br><br>No. 01-CF-11<br><br>Honorable<br>Terry Foster,<br>Judge Presiding. |

## BRIEF AND ARGUMENT

## FOR

## DEFENDANT-APPELLANT

**DANIEL M. KIRWAN**
Deputy Defender

**EDWIN J. ANDERSON**
Assistant Defender
Office of the State Appellate Defender
Fifth Judicial District
117 North Tenth Street, Suite #300
Mt. Vernon, IL 62864
618-244-3466

COUNSEL FOR DEFENDANT-APPELLANT

### ORAL ARGUMENT REQUESTED

"Petitioner's Exhibit-AA"

## POINT AND AUTHORITIES

THE CIRCUIT COURT ERRED IN HOLDING THE HEARING ON DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT DEFENDANT BEING PRESENT ..................................... 7

U.S. Const. Amend. 6 ............................................. 7

Ill. Const. Art. I, §8 .............................................. 7

*Kentucky v. Stincer*, 482 U.S. 730,
107 S.Ct. 2658, 96 L.Ed. 2d 631 (1987) ............................ 7

*Faretta v. California*, 422 U.S. 806,
95 S.Ct. 2525, 45 L.Ed. 2d 562 (1975) ............................. 7

*United States v. Garrett*, 90 F.3d 210 (7th Cir. 1996) .................. 7

*People v. Brasseux*, 254 Ill. App. 3d 283,
660 N.E.2d 1321 (2d Dist. 1996) ................................. 8

*People v. Ledbetter*, 174 Ill. App. 3d 234,
528 N.E.2d 375 (4th Dist. 1988) .................................. 7

*People v. Ellis*, 81 Ill. App. 3d 351,
401 N.E.2d 282 (2d Dist. 1980) ................................. 8,9

*People v. Prude*, 3 Ill. App. 3d 248,
278 N.E.2d 489 (1st Dist. 1971) .................................. 7

## NATURE OF THE CASE

Defendant, George Childress, entered a negotiated plea of guilty to charges of second degree murder and aggravated battery with a firearm. He was sentenced to agreed-upon consecutive sentences of fifteen and nine years' imprisonment. A motion to withdraw plea was filed. The motion was denied at a hearing. No challenge is made to the sufficiency of the charging instrument.

## ISSUE PRESENTED FOR REVIEW

Whether the circuit court erred in holding the hearing on defendant's motion to withdraw guilty plea without defendant being present?

## JURISDICTION

Defendant appeals from a final judgment of conviction and sentence brought pursuant to Article VI, Section 6, of the Constitution of the State of Illinois and Supreme Court Rules 602, 603, 604(d) and 606(b). Defendant originally entered a negotiated plea on November 5, 2001. After an appeal to This Court which resulted in a remand for resentencing and consideration of other motions, defendant was sentenced, under the original plea agreement on February 15, 2005. (R.C868,888) A motion to withdraw plea was filed on March 9, 2005. (R.C871) Subsequently, a Rule 604(d) certificate was filed (see supplement). The motion was denied at a hearing on August 2, 2005, at which defendant was not present. (R.C907,923-27) Timely notice of appeal was filed on August 31, 2005. (R.C909)

## STANDARD OF REVIEW

Generally, motions to withdraw guilty pleas are addressed to the discretion of the Court and are reviewed on an abuse of discretion standard. *People v. Davis*, 145 Ill. 2d 240, 682 N.E.2d 714, 716 (1991). Here, however, defendant argues that he was denied his constitutional right to be present at a critical proceeding in his case. The standard of review for whether an

-2-

individual's constitutional rights have been violated is *de novo*. *People v. Burns*, 209 Ill. 2d 551, 809 N.E.2d 107, 114 (2004).

## STATEMENT OF FACTS

This Court previously dealt with defendant's guilty plea and sentencing in *People v. Childress*, 5-02-0540, November 22, 2004. (R.C855-62) The facts underlying this case preceding that appeal are well summarized in This Court's order. *Childress*, order at 1-3. (R.C856-58) In that appeal defendant's sentences were vacated due to the failure to prepare a presentence investigation report (PSI). Additionally, the cause was remanded for consideration of defendant's motion to withdraw guilty plea. *Childress*, order at 6-7. (R.C861-62)

On February 9, 2005, a PSI was filed. (PSI is contained in manila envelope separate from record volumes). On February 15, 2005, a hearing was held. (R.C880) During the hearing the court questioned defendant to determine if he could hear the proceedings. (R.C881,884) Appointed counsel, who, in 2001, had filed a motion to withdraw as counsel, stated that he would remain on the case. (R.C881) Defendant indicated that he did not want to withdraw his guilty plea under the motion he had filed in 2001. (R.C883) The court described the negotiated plea and sentence which had been arranged in 2001, and defendant indicated that he would voluntarily accept the negotiated agreement. (R.C883-84)

Defendant indicated that he had previously suffered a stroke, but that he could understand what he heard. (R.C884) The court asked defendant if he agreed that he had committed the acts stated in the factual basis in the original guilty plea hearing. (R.C885-86) Defendant was initially reluctant, but agreed that he did not want a trial, wanted the negotiated plea, and had committed the offenses. (R.C886-87)

-4-

The court accepted the plea negotiation and imposed the agreed upon sentences, fifteen years' imprisonment for second degree murder and a consecutive nine years' imprisonment for aggravated battery with a firearm. (R.C888) The court advised defendant of the procedures to withdraw his plea and appeal the convictions. (R.C889) A judgment order was filed on March 1, 2005. (R.C868)

Defendant's attorney filed a motion to withdraw guilty plea on March 9, 2005. (R.C871-73) The motion alleged that, due to defendant's stroke, and related health conditions, his ability to think and make rational decisions was impaired, as was his hearing. (R.C873) The motion also alleged that favorable terms originally stated in negotiations had been omitted, including the State's agreement to not prosecute his wife, Joanna Childress. (R.C873) A supplemental motion was filed on March 23, 2005, which included a signed affidavit from defendant, reiterating the points made in the motion. Defendant claimed he was not sure he had understood everything in court, and had thought that the charges against his wife would be dismissed. (R.C877-79) Counsel filed a certificate of compliance with Supreme Court Rule 604(d) on July 8, 2005. (See supplemental record)[1] The State filed a response to defendant's motion. (R.C892)

A hearing on the motion to withdraw plea was held on August 2, 2005. (R.C923) Defense counsel stated that defendant was not present, but wanted and needed to be present. (R.C924) Judge Terry Foster questioned the need for defendant's presence. (R.C925) The Assistant State's Attorney explained

---

[1]The 604(d) certificate and a transcript of the 2001 guilty plea hearing were omitted from the record on appeal. Defendant is moving, with the filing of this brief to supplement those items.

-5-

that defendant would need to present testimony due to the nature of the claims made in his motion and so that the court could judge defendant's demeanor. (R.C925) The judge cut off the prosecutor's remarks, saying he had heard the plea and had seen defendant in court. (R.C925) The judge requested oral argument on the motion. (R.C925) Defense counsel again requested that defendant be brought to court to testify so that counsel could present his case. (R.C925) The prosecutor suggested that the motion be denied. (R.C925) The judge then reiterated the circumstances of the February 15, 2005, hearing, apparently referring to the transcript. (R.C926) He denied the motion to withdraw plea. (R.C908,927) Notice of appeal was filed on August 31, 2005. (R.C909)

## ARGUMENT

THE CIRCUIT COURT ERRED IN HOLDING THE HEARING ON DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT DEFENDANT BEING PRESENT.

Defendant moved to withdraw his guilty plea. The Court held a hearing on the motion in defendant's absence. Despite defense counsel's protest to proceeding without defendant, the court considered and denied the motion. Because defendant has a constitutional right to be present at critical proceedings, such as a hearing on a motion to withdraw plea where his testimony is required, the circuit court erred in conducting the hearing and denying the motion. Therefore, the denial of the motion should be vacated and the cause remanded for a new hearing on defendant's motion.

Both the federal and State constitutions guarantee criminal defendants the right to be present in court at critical stages of their prosecution. U.S. Const. Amend. 6; Ill. Const. Art. I, §8. Hearings on a motion to withdraw guilty plea are considered a critical stage of criminal proceedings. *People v. Ledbetter*, 174 Ill. App. 3d 234, 528 N.E.2d 375, 377 (4th Dist. 1988); *People v. Prude*, 3 Ill. App. 3d 248, 278 N.E.2d 489, 491 (1st Dist. 1971); *United States v. Garrett*, 90 F.3d 210, 212 (7th Cir. 1996).

The right to be present at critical stages is interpreted to mean that a defendant should be present at all hearings where his absence might frustrate the fairness of the proceedings. *Faretta v. California*, 422 U.S. 806, 809, n.15, 95 S.Ct. 2525, 45 L.Ed. 2d 562, 573, n.15 (1975); *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed. 2d 631, 647 (1987).

-7-

Where a motion to withdraw guilty plea or motion to reduce sentence merely presents a pro forma legal argument, defendant's absence from the hearing on the motion does not violate his rights. *People v. Ellis*, 81 Ill. App. 3d 351, 401 N.E.2d 282, 283 (2d Dist. 1980); *People v. Brasseux*, 254 Ill. App. 3d 283, 660 N.E.2d 1321, 1326-27 (2d Dist. 1996). However, when the motion to withdraw plea alleges facts outside the record, or raises issues requiring an evidentiary hearing, a defendant should be present. *Ellis*, 401 N.E.2d 282, 283; *Brasseux*, 660 N.E.2d 1321, 1327 (Motion to reconsider sentence).

In this case both defense counsel and the prosecutor agreed that defendant needed to be present at the hearing so that he could testify in support of the claims made in his motion to withdraw plea. (R.C924-25) Defendant's claims were that, due to a stroke he had previously suffered, his thinking was impaired, his hearing was impaired, and he was uncertain that he understood what had occurred in court. (R.C873,877-79) He also alleged that some favorable terms he believed had been originally offered had been omitted from the final agreement. (R.C873) These are factual matters, requiring testimony and an evaluation of defendant's credibility. The Assistant State's Attorney made the salient point:

> MR. FORNES: Your Honor, it occurs to me that in presenting this pleading, asking for leave to withdraw his plea of guilty and vacate the sentence, he would have to present testimony. He would have to show that indeed what he alleges here is correct and he hasn't done that - through a [sic] affidavit, which is hearsay and not subject to cross examination. The Court has no way to Judge [sic] his demeanor, his appearance at least by being here. [sic] And, I think he needs to be here to support his motion. If he's not, then I don't think he can – (R.C925)

Unfortunately, both the State's protest, and defense counsel's statement that he could not present his case (R.C925), went unheeded by the court, which chose to quickly deny the motion. (R.C926-27) Had he been in court, defendant could have testified in support of his motion and had his credibility fairly judged, instead of the decision being made from the affidavit and the court's memory. This was error which denied defendant his constitutional right to be present during a critical stage in his case at which he needed to present evidence. *Ellis*, 401 N.E.2d 282, 283. Because of this error defendant respectfully requests that Your Honors vacate the denial of the motion to withdraw guilty plea and remand the cause for a new hearing.

## CONCLUSION

The denial of the motion to withdraw guilty plea must be vacated and a new hearing must be ordered where defendant was not present at the hearing on the motion, a critical stage, when factual matters were in question and his testimony was required.

Respectfully submitted,

**DANIEL M. KIRWAN**
Deputy Defender

**EDWIN J. ANDERSON**
Assistant Defender
Office of the State Appellate Defender
Fifth Judicial District
117 North Tenth Street, Suite #300
Mt. Vernon, IL 62864
618-244-3466

COUNSEL FOR DEFENDANT-APPELLANT

10

## NO. 5-05-0505
## IN THE APPELLATE COURT OF ILLINOIS
## FIFTH JUDICIAL DISTRICT

| | |
|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** ) | Appeal from the Circuit Court |
| **Plaintiff-Appellee,** ) | of the 1st Judicial Circuit |
| ) | Massac County, Illinois |
| ) | No. 01-CF-11 |
| ) | |
| **BENTON CHILDRESS,** ) | Hon. Terry Foster, |
| **Defendant-Appellant.** ) | Judge Presiding. |

### BRIEF AND ARGUMENT OF PLAINTIFF-APPELLEE



Hon. Patrick Windhorst
Massac County State's Attorney
P.O. Box 152
Metropolis, IL 62960

Norbert J. Goetten
Director
Stephen E. Norris
Deputy Director
Patrick D. Daly
Staff Attorney
Office of the State's Attorneys
 Appellate Prosecutor
730 E. Illinois Highway 15, Suite 2
P.O. Box 2249
Mt. Vernon, IL 62864
(618) 244-2107
**Counsel for Plaintiff-Appellee**

### ORAL ARGUMENT REQUESTED

"Petitioner's Exhibit-AA-1"

NO. 5-05-0505
IN THE APPELLATE COURT OF ILLINOIS
FIFTH JUDICIAL DISTRICT

---

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, )<br>    Plaintiff-Appellee,        )<br>                              )<br>      -vs-                )<br>                              )<br>GEORGE BENTON CHILDRESS,   )<br>    Defendant-Appellant.     )  | Appeal from the Circuit Court<br>of the 1st Judicial Circuit<br>Massac County, Illinois<br>No. 01-CF-11<br><br>Hon. Terry Foster,<br>Judge Presiding. |

---

## BRIEF AND ARGUMENT OF PLAINTIFF-APPELLEE

### POINTS AND AUTHORITIES

**PAGE**

THE CIRCUIT COURT CORRECTLY DETERMINED THAT THE
DEFENDANT DID NOT NEED TO BE PRESENT FOR THE HEARING
ON HIS MOTION TO WITHDRAW GUILTY PLEA, AS DEFENDANT'S
MOTION DID NOT NECESSITATE EITHER A HEARING ON MATTERS
OUTSIDE THE RECORD OR A DETERMINATION OF CREDIBILITY . 4

Supreme Court Rule 605(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Supreme Court Rule 604(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Supreme Court Rule 402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*People v. Woods*, 27 Ill. 2d 393, 189 N.E.2d 293 (1963) . . . . . . . . . . . . 8

*People v. Justice*, 349 Ill. App. 3d 981, 811 N.E.2d 1273,
285 Ill. Dec. 394 (4th Dist. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1

# STATEMENT OF FACTS

The defendant's statement of facts is generally sufficient to frame the issue raised on appeal. Any additions or corrections will be incorporated in the Argument section below.

respectively. (R. C13, 204) The record does not contain a transcript of that plea hearing. Defendant then filed on December 10, 2001, a motion to reduce sentence. (R. C221-222) The State responded with a motion to strike or deny the motion to reduce (R. C231) , and the court granted the motion to dismiss, finding that defendant failed to file a motion to withdraw guilty plea as required by Supreme Court Rule 605(c). (R. C244) This Court dismissed defendant's appeal from that judgment on November 1, 2002 (R. C383) However, the Supreme Court, in the exercise of its supervisory authority, directed this Court to reinstate defendant's appeal (R. C792) Construing defendant's motion to reduce sentence as a motion to withdraw guilty plea, this Court subsequently vacated defendant's sentences and remanded for compliance with Rule 604(d). (R. C856-862)

On February 15, 2005, the defendant withdrew his motion to withdraw guilty plea and again entered into a negotiated guilty plea to charges of Second Degree Murder and Aggravated Battery with a Firearm.  (R. C881) After a thorough admonishment and inquiry of defendant, the circuit court accepted the guilty plea and sentenced defendant to consecutive sentences of 15 years and 9 years, respectively. (R. C888)

On March 9, 2005, the defendant filed a motion to withdraw guilty plea. (R. C871)  He alleged that at the time he accepted the guilty plea he had previously suffered a stroke which affected his "ability to think and make rational decisions," that

5

he was hard of hearing and may not have heard everything, that there were favorable terms offered to him in the November 1 plea agreement that were not included in the February 15 plea agreement, and that he was under the belief that in consideration of his plea the State agreed not to prosecute his wife. (R. C873)   In his affidavit defendant claimed that his stroke affected his ability to think and ability to hear, and that he had thought the State was going to dismiss all of the charges against his wife. (R. C879)

Defendant was not present at the time of the hearing on the motion to withdraw. (R. C924)  Defense counsel objected to proceeding in his absence, saying that defendant "would give testimony to support his affidavit" and that his "statements would be very similar to those in the affidavit." (R. C924)  The Assistant State's Attorney agreed with defense counsel to the extent that it was his belief that the court could not simply rely on defendant's affidavit as it was merely "hearsay and not subject to cross-examination," and that "the [c]ourt has no way to [j]udge his demeanor . . ." (R. C925)  The circuit court disagreed.  The court determined that based upon its questioning at the time of the plea defendant could hear what was being said, and that dismissal of the charges against defendant's wife was never part of any negotiation.  Moreover the defendant expressly stated that he understood there were no promises being made apart from the expressly stated terms of the negotiation. (R. C926-927)  The court denied the motion to withdraw guilty plea.  (R. C927)

6

At the time of the plea, the court directed the defendant to stand near the bench, and confirmed with defendant that he could hear what was being said.  (R. C881)  Defendant indicated to the court that he had had a stroke, and the court asked him whether that was impairing his ability to understand everything that was being said.  Defendant unequivocally stated that he could understand everything he could hear, and that if he could not hear or understand anything he would so indicate. (R. C884)  The circuit court began its Supreme Court Rule 402 admonishments. The defendant specifically agreed that he had not been promised anything beyond the 24 years in prison his two convictions would entail.  (R. C884)  In fact, the court asked defendant *three times* whether this was the only promise made part of his plea, and defendant said yes each time.  (R. C884)  The court subsequently asked defendant four more times during the plea whether he understood everything that had been said, to which defendant agreed.  (R. C885-888)  Even defendant's own counsel, who filed the motion to withdraw guilty plea on defendant's behalf, asked defendant whether he had heard and understood everything that had happened during the plea.  The defendant replied that he had.  (R. C889-890)   Hence, the record bears out the circuit court's statement at the motion to withdraw hearing that it "bent over backwards to explain things to [defendant]."  (R. C926)

A defendant has a right to be present at a hearing which affects his substantial rights, but that does not embrace a right to be present at the argument of motions

7

prior to trial or subsequent to verdict. *People v. Woods,* 27 Ill. 2d 393, 395, 189 N.E.2d 293, 294 (1963). Hence, a defendant has no absolute right to be present at a hearing on a motion to withdraw guilty plea. However, where the motion alleges facts outside the record or issues that cannot be resolved without an evidentiary hearing, the defendant should be present. *People v. Justice,* 349 Ill. App. 3d 981, 987, 811 N.E.2d 1273, 1278, 285 Ill. Dec. 394, 399 (4th Dist. 2004).

Defendant, drawing in part upon the statements of the prosecutor below, contends that he presented factual matters requiring testimony and evaluation of his credibility. (Def. Brf. at 8)  Defendant argues that had he been in court he could have testified in support of his motion and thus had his credibility fairly judged in person, rather than through an affidavit. (Def. Brf. at 9)

Although defendant places considerable emphasis on the prosecutor's statements below, the prosecutor evidently erroneously assumed that a defendant *must* testify in support of a motion to withdraw guilty plea because the supporting affidavit constituted hearsay (albeit sworn hearsay). (R. C925) In other words, the prosecutor argued that defendant would have to show that what he averred in his pleading was "correct," which by implication necessitated live testimony. (R. C925)  But that argument essentially restates the incorrect proposition that a defendant must always be present at the time of a hearing on a motion to dismiss. In this case, there was no

8

actual disputed evidentiary matter that required testimony, and the record refuted defendant's claims.

Defendant frames his argument in terms of "credibility," but what defendant is seeking is a balancing of his credibility at the time of his plea versus his credibility at the time he made his motion to withdraw. This supposed credibility determination is illusory. The circuit court thoroughly admonished defendant at the time of his plea and received from him numerous assurances that even though he had a stroke and was hard of hearing that he could hear and understand everything that was going on. The circuit court could readily determine defendant's "credibility" at the time of his plea, and the defendant's answers to the court's repeated inquiries about both defendant's ability to hear and understand *and* defendant's explicit understanding of the terms of the plea, as well as defendant's own counsel's inquiry, satisfied the court's belief that defendant's plea was knowingly and intelligently made. In essence, defendant is asking for the opportunity to appear in court to testify against himself. The circuit court's review of the record and its personal experience in receiving defendant's plea negated all aspects of defendant's motion to withdraw guilty plea, and his presence was neither mandated nor needed. This case compares favorably with *People v. Ellis*, 81 Ill. App. 3d 351, 353-354, 401 N.E.2d 282, 283, 36 Ill. Dec. 601, 602 (2nd Dist. 1980), where the Court held that defendant's presence was not required at the hearing on the motion to withdraw guilty plea where the thorough

9

admonishments of the court and the defendant's respective responses rebutted

defendant's motion to withdraw plea. Accordingly, the circuit court properly denied

defendant's motion to withdraw, and this court should affirm.

## CONCLUSION

For the foregoing reasons, the People respectfully request that this Court affirm

the judgment of the circuit court, and tax costs accordingly.

Respectfully Submitted

Hon. Patrick Windhorst
Massac County State's Attorney
P.O. Box 152
Metropolis, IL 62960

Norbert J. Goetten
Director
Stephen E. Norris
Deputy Director
Patrick D. Daly
Staff Attorney
Office of the State's Attorneys
 Appellate Prosecutor
Route 15 East, Suite 2
P.O. Box 2249
Mt. Vernon, IL 62864
(618) 244-2107
**Counsel for Plaintiff-Appellee**

## ORAL ARGUMENT REQUESTED

NO. 5-05-0505
IN THE APPELLATE COURT OF ILLINOIS
FIFTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, )<br>    Plaintiff-Appellee, | | Appeal from the Circuit Court<br>of the 1st Judicial Circuit<br>Massac County, Illinois<br>No. 01-CF-11 |
| -vs- | | |
| GEORGE BENTON CHILDRESS,<br>    Defendant-Appellant. | | Hon. Terry Foster,<br>Judge Presiding. |

STATE OF ILLINOIS    )
                   ) SS
COUNTY OF JEFFERSON  )

The undersigned states that she served the required number of copies of appellee's Brief and Argument upon the persons named and in the manner shown below, on the 31st day of August, 2006.

      Daniel M. Kirwan, Deputy Defender
      Office of the State Appellate Defender
      117 North Tenth Street, Suite 300
      Mt. Vernon, IL  62864

_____ by placing said copies in the U.S. Mail at Mt. Vernon, Illinois with postage fully prepaid.

_____ by personal service.

Subscribed and sworn to before
me this 31st day of August, 2006.

_____
    Notary Public

> OFFICIAL SEAL
> JOANIE COOPER
> Notary Public, State of Illinois
> My Commission Expires 04-07-07

cc: Hon. Patrick Windhorst, State's Attorney

## No. 5-05-0505

# IN THE APPELLATE COURT OF ILLINOIS

## FIFTH JUDICIAL DISTRICT

| | |
|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,**<br>    Plaintiff-Appellee,<br><br>-vs-<br><br>**GEORGE BENTON CHILDRESS,**<br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the Circuit<br>Court of the First Judicial<br>Circuit, Massac County,<br>Illinois.<br><br>No. 01-CF-11<br><br>Honorable<br>Terry Foster,<br>Judge Presiding. |

## REPLY BRIEF AND ARGUMENT

## FOR

## DEFENDANT-APPELLANT

**DANIEL M. KIRWAN**
Deputy Defender

**EDWIN J. ANDERSON**
Assistant Defender
Office of the State Appellate Defender
Fifth Judicial District
117 North Tenth Street, Suite #300
Mt. Vernon, IL 62864
618-244-3466

COUNSEL FOR DEFENDANT-APPELLANT

## ORAL ARGUMENT REQUESTED

"Petitioner's Exhibit-AA-2"

# POINT

THE CIRCUIT COURT ERRED IN HOLDING THE HEARING ON DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT DEFENDANT BEING PRESENT ...................................... 2

# ARGUMENT

THE CIRCUIT COURT ERRED IN HOLDING THE HEARING ON DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT DEFENDANT BEING PRESENT.

The State notes in its brief that the record does not contain a transcript of the original November 5, 2001, guilty plea hearing. (State's brief at 5) Defendant moved to supplement the record on appeal with a transcript of the hearing and a copy of circuit court counsel's Supreme Court Rule 604(d) certificate. This Court granted the motion to supplement on July 12, 2006.

The State suggests that the only credibility question posed by defendant's motion to withdraw plea is between defendant's credibility at the time of the plea and his credibility at the time of making the motion to withdraw the plea. The State suggests that such a question is illusory. (State's brief at 9) While it is true that, in part, defendant's motion puts in question his credibility at the time of the plea, where he had claimed to understand fully what was occurring, but now says he did not; the substance of his claim also tests the correctness of the prosecution's position that defendant's plea was knowingly and voluntarily made. Moreover, defendant's credibility at the time of the guilty plea hearing is important because defendant's claim is that his hearing loss, and the stroke he suffered, impaired his ability to understand, think, and make rational decisions. (R.C873) He further claimed that he was uncertain that he had understood everything which had occurred in court. (R.C877-79)

-2-

The circuit court judge saw defendant's demeanor and assessed his capacity at the time of the guilty plea hearing. Defendant's post-plea claim amounts to the assertion that his capacity had been impaired at the time of the plea. This is a reason why the judge needed to see defendant in court at the hearing on the motion to withdraw plea. Had defendant been brought to court, the judge could have compared defendant's demeanor and capacity at both hearings. From this, the judge could have made an observation-based determination of the credibility of defendant's claim. At the same time, the judge would also have been making a determination about the validity of the prosecution's obvious position, that defendant had been competent while making the plea, and defendant's claim that he had not been.

The State goes on to contend that this case should follow *People v. Ellis,* 81 Ill. App. 3d 351, 401 N.E.2d 282 (2d Dist. 1980), in which no error was found where a defendant had not been brought to the hearing on his motion to withdraw plea. (State's brief at 9-10) A clear distinction exists between the determinative factor in *Ellis* and the facts in this case, however. In finding no error, the *Ellis* court noted that that defendant had not alleged any facts establishing the basis of his claimed misunderstanding of law. *Ellis,* 401 N.E.2d 282, 283. In this case, defendant has alleged particular facts regarding his health in support of his claim that he did not fully understand what had occurred during the February 15, 2005, guilty plea hearing. Whether those allegations are factually correct is a question for an evidentiary hearing. As the *Ellis* court acknowledged, the defendant should be present at such a hearing. *Ellis,* 401 N.E.2d 282, 283.

-3-

The hearing on the motion to withdraw guilty plea was a critical stage of the legal process at which defendant needed to present evidence. Defendant's constitutional right to be present at the proceeding was violated when the court conducted the hearing in defendant's absence. The denial of the motion to withdraw guilty plea should be vacated and the cause should be remanded for a new hearing.

# CONCLUSION

For these and the reasons stated in defendant's original brief he respectfully requests that This Honorable Court order a new hearing on his motion to withdraw guilty plea.

Respectfully submitted,

**DANIEL M. KIRWAN**
Deputy Defender

**EDWIN J. ANDERSON**
Assistant Defender
Office of the State Appellate Defender
Fifth Judicial District
117 North Tenth Street, Suite #300
Mt. Vernon, IL 62864
618-244-3466

COUNSEL FOR DEFENDANT-APPELLANT

-5-

**NOTICE**

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

NO. 5-02-0540

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT



| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
|---|---|
| Plaintiff-Appellee, | ) Circuit Court of<br>) Massac County. |
| v. | ) No. 01-CF-11 |
| GEORGE CHILDRESS, | ) Honorable<br>) Terry J. Foster, |
| Defendant-Appellant. | ) Judge, presiding. |

### R U L E  2 3  O R D E R

Defendant, George Childress, pursuant to negotiations with the State, pleaded guilty to second-degree murder and aggravated battery with a firearm. He received agreed consecutive sentences of 15 years' and 9 years' imprisonment. He filed a postplea motion, and the circuit court denied the motion. On appeal, defendant initially contends that the court erred in denying the *pro se* motion without a determination that defendant needed the appointment of counsel. He also contends that the court erred in imposing the agreed-upon sentences without a presentence investigation report or a finding of defendant's history of criminality.

On February 7, 2001, an indictment was filed that charged defendant with the first-degree murder of Eric Bray. On November 2, 2001, defendant waived his right to a jury trial. On November 5, 2001, a criminal information was filed that charged defendant with second-degree murder (720 ILCS 5/9-2(a)(1) (West 2000)) and aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2000)) in relation to Bray's death.

On November 5, 2001, defendant, who was represented by counsel, pleaded guilty

1

"Petitioner's Exhibit-E"

to second-degree murder and aggravated battery with a firearm, and the indictment was dismissed. The presentence investigation report was waived. No criminal history was presented.    The court imposed the agreed-upon consecutive sentences of 15 years' imprisonment for second-degree murder and 9 years' imprisonment for aggravated battery with a firearm.

On November 20, 2001, defense counsel filed a motion to withdraw as counsel, alleging a breakdown in communications with defendant. The docket sheet indicates that this motion has never been ruled on.

On December 5, 2001, defendant mailed a *pro se* "Motion for Reduction of Sentence", which was filed on December 10, 2001. The State filed a motion to strike the *pro se* motion.

On February 14, 2002, the circuit court denied the *pro se* motion. The court found that the motion had been timely filed. The court further found that the motion was improper because defendant had not filed a motion to withdraw the guilty plea.

On February 14, 2002, defense counsel filed a motion for an extension of time to file an answer to the motion to strike the motion for a reduction of sentence. The court found the motion for an extension of time to reply to the State's motion to be moot as a result of the court's ruling.

On August 14, 2002, this court received and filed defendant's late notice of appeal. On August 23, 2002, this court appointed the Office of the State Appellate Defender to represent defendant and ordered that the late notice of appeal be supplemented with a proper supporting record. On October 15, 2002, defendant filed a motion for leave to file a late notice of appeal, which was supported by a record and his affidavit. Defendant contended that he had told defense counsel that he wanted to appeal his original sentence but that counsel would not act on that request.

On November 1, 2002, this court dismissed the appeal for lack of jurisdiction. This

2

court found that defendant had not filed a timely motion to withdraw his guilty pleas and vacate the judgment.

Defendant filed a petition for leave to appeal. On February 5, 2003, the Illinois Supreme Court denied the petition for leave to appeal but issued a supervisory order directing this court to vacate its previous order and reinstate the appeal. *People v. Childress*, 202 Ill. 2d 677, 783 N.E.2d 36 (2003).

Defendant initially contends that the circuit court erred in dismissing his *pro se* postplea motion without determining if defendant needed the appointment of counsel. Defendant is mistaken, because trial counsel has never been given leave to withdraw. He filed a motion to withdraw as counsel for defendant; however, that motion was never acted on. In fact, after the State filed a motion to strike the motion to reduce sentence, trial counsel filed a motion for an extension of time to respond to the State's motion.

While captioned "Motion for Reduction of Sentence", the postplea motion requests that the conviction for aggravated battery with a firearm be vacated because it is a lesser-included offense of second-degree murder or because it is based on the same act as second-degree murder. The supreme court apparently determined that defendant's postplea motion was an inartfully drawn motion to withdraw the guilty plea, when it directed this court to reinstate the appeal after this court had dismissed the appeal upon finding that defendant had not filed the appropriate postplea motion. This court, therefore, will decide this issue on the basis that defendant filed a motion to withdraw his guilty plea over the State's objection presented in its brief on this appeal.

Supreme Court Rule 604(d) provides, in relevant part:

"The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. If the defendant is indigent, the trial court shall order a copy of the transcript

3

as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 188 Ill. 2d R. 604(d).

Rule 604(d) requires, in pertinent part, that before an appeal may be taken from a judgment entered upon a plea of guilty, a defendant must file a motion to withdraw the plea of guilty within 30 days of the date of judgment. See *People v. Little*, 337 Ill. App. 3d 619, 621, 786 N.E.2d 636, 638 (2003). The motion is required to be in writing and must state all the grounds upon which it is brought. *Little*, 337 Ill. App. 3d at 621, 786 N.E.2d at 638. Defendant's attorney must also file with the trial court a certificate stating the attorney has consulted with defendant either by mail or in person to ascertain defendant's contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for an adequate presentation of any defects in the proceedings. See *Little*, 337 Ill. App. 3d at 621, 786 N.E.2d at 638. The appropriate remedy for the failure to strictly comply with the requirements of Rule 604(d) is a remand to the circuit court for a new hearing in compliance with the rule. *People v. Hayes*, 336 Ill. App. 3d 145, 147, 782 N.E.2d 787, 789 (2002).

In the case at bar, defense counsel did not comply with Rule 604(d), which may not have been completely his fault, because the court dismissed the postplea motion prior to acting on counsel's motion for an extension of time to reply to the State's motion to strike the postplea motion. This court remands this cause for further proceedings, which are explained more fully in our discussion of the second issue raised by defendant.

4

Defendant lastly contends that the circuit court erred in sentencing him without a written presentence investigation report or a finding by the court regarding his criminal history in compliance with section 5-3-1 of the Unified Code of Corrections (Code) (730 ILCS 5/5-3-1 (West 2000)). The State concedes that if this court reaches this issue, section 5-3-1 was not complied with.

At the time of sentencing section 5-3-1 of the Code stated in part as follows:

"A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.

However, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment." 730 ILCS 5/5-3-1 (West 2002).

The Illinois Supreme Court in *People v. Youngbey*, 82 Ill. 2d 556, 413 N.E.2d 416 (1980), determined that strict compliance with section 5-3-1 is required because of the mandatory nature of the statute. Absent an agreement between the parties on the sentence to be imposed, the court held the presentence investigation report to be a mandatory legislative requirement that cannot be waived. The rationale for finding the report mandatory was that it was not solely for the benefit of defendant but was also for the enlightenment of the court. *Youngbey*, 82 Ill. 2d at 565, 413 N.E.2d at 421; see also *People v. Evans*, 273 Ill. App. 3d 252, 255, 651 N.E.2d 1143, 1145 (1994); *People v. Graham*, 126 Ill. App. 3d 442, 444, 467 N.E.2d 374, 376 (1984). In light of *Youngbey*, strict compliance has also been required in connection with negotiated pleas. A complete disclosure of a criminal defendant's history of criminality leaves no excuse for the court to state that it was not aware of that record prior to deciding whether to accept a plea agreement. *Evans*, 273 Ill. App. 3d at 255, 651 N.E.2d

5

at 1145.  Consequently, the history of delinquency or criminality must be given to the sentencing court at the time the plea agreement is offered for approval.  *Evans*, 273 Ill. App. 3d at 255, 651 N.E.2d at 1145.  It is the judge who has the duty and responsibility in imposing a sentence; the mere fact that the parties negotiated a plea does not remove that responsibility and burden.  *Evans*, 273 Ill. App. 3d at 256, 651 N.E.2d at 1146.

In the case at bar, in response to the court's inquiry concerning a presentence investigation report, the parties stated that they would waive a presentence investigation report.  The State's Attorney made no effort to inform the court of defendant's criminal record.  This court concludes that there has not been strict compliance with section 5-3-1.

In *People v. Evans*, 273 Ill. App. 3d 252, 651 N.E.2d 1143 (1994), this court stated: "[T]he presentence report is to enlighten the court to defendant's background in order to assess his rehabilitative potential."  *Evans*, 273 Ill. App. 3d at 256, 651 N.E.2d at 1146.  Section 5-3-1 mandates that a sentencing judge be aware of the history of the defendant's criminality and delinquency in assessing whether to accept the negotiated plea.  *Evans*, 273 Ill. App. 3d at 256-57, 651 N.E.2d at 1146.  The proper remedy is to vacate the sentence and remand this cause for a hearing whereby the sentencing court is to be apprised of the history, if any, of defendant's delinquency and of defendant's specific criminal record.  The sentencing judge is to then make an independent decision regarding the acceptability of the negotiated sentence and, if that negotiation is acceptable, make the proper findings for the record as required by section 5-3-1 of the Code.  *Evans*, 273 Ill. App. 3d at 259, 651 N.E.2d at 1147-48.  If the court, after having complete and accurate information of defendant's history of delinquency and criminality, accepts the negotiated sentence, the court should then admonish defendant that if he feels aggrieved by the proceedings, he must file a motion to withdraw the plea of guilty.  The court must admonish him pursuant to Supreme Court Rule 605(c) (188 Ill. 2d R. 605(c)).  If defendant does file a motion to withdraw his guilty plea,

6

defense counsel must file a Rule 604(d) certificate prior to the commencement of the hearing on defendant's new motion to withdraw his guilty plea. The court notes that defense counsel's motion to withdraw as counsel for defendant is apparently still pending in the circuit court; therefore, upon remand, this motion should be considered by the circuit court prior to proceeding further in this manner. If counsel is allowed to withdraw, another attorney should be appointed for defendant if he is still indigent and desires the appointment of counsel.

For the foregoing reasons, defendant's sentences are vacated, and this cause is remanded to the circuit court for further proceedings consistent with this order.

Vacated in part; cause remanded with directions.

DONOVAN, J., with GOLDENHERSH and KUEHN, JJ., concurring.

7

CASE NO. _____08cv2960_____

ATTACHMENT NO._____

EXHIBIT _____F_____

TAB (DESCRIPTION) _____

1         IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT

2                       STATE OF ILLINOIS

3                      COUNTY OF MASSAC

4

5     PEOPLE OF THE STATE OF ILLINOIS,    )

6                     Plaintiff,      )

7                vs.                 )     01-CF-11

8     GEORGE BEN CHILDRESS,         )

9                  Defendant.    )

10       BE IT REMEMBERED, that the above named defendant appeared in open

11 court on the 15th day of February, 2005, before the Honorable Terry J. Foster, presiding

12 Judge, for the above entitled hearing.

13       PRESENT:

14       Mr. Patrick Windhorst, State's Attorney, Representing the People of the State

15 of Illinois; and

16       Mr. Anthony Lloyd, Public Defender, Representing Mr. Childress

17

18

19

20

21

22

23     Lisa R. Meisinger, CSR

24     License #084-002428

"Petitioner's Exhibit-F"

1          THE COURT: Calling 2001-CF-11. The State's Attorney is here. Mr.

2    Childress is here with Mr. Lloyd. Are you able to hear Mr. Childress? Come up here

3    and stand up here.

4          MR. LLOYD: Stand up here Mr. Childress. If you can't hear let us know.

5    We're going to talk loud and have you stand up front so you can hear.

6          THE COURT: This case had come back to the court from the Appellate Court

7    which vacated Mr. Childress' sentence. He had entered a plea of guilty on - -

8          MR. WINDHORST :   November 5, 2001.

9          THE COURT: November 5, 2001 pursuant to a negotiated plea. The plea was

10   on  - to the charge of Second Degree Murder and Aggravated Battery with a Firearm.

11   And, the agreed sentence on the Second Degree Murder was 15 years Department of

12   Corrections and 9 years on the Aggravated Battery to be served consecutively. And,

13   let me see - Mr. Lloyd then, you had filed a Motion to Withdraw on November the 20th

14   of 2001. And, the Appellate Court pointed out that had never been ruled on by the

15   Court. Are you still wanting to pursue that motion?

16         MR. LLOYD: No your Honor, I am ready to go forward with Mr. Childress on

17   this negotiated plea. And, he's informed me that he's wanting to go forward on the

18   negotiated plea - of the terms we just discussed.

19         THE COURT: Okay.

20         MR. LLOYD: Can you hear everything Mr. Childress?

21         MR. CHILDRESS: Yes.

22         MR. LLOYD: If you can't hear anything - stop us and we'll say it louder.

23   Otherwise we're going to assume you can hear everything.

24         THE COURT: All right. So, your withdrawing your Motion To Withdraw

2

The terms of my negotiated plea were all the terms as set out before the court Nov-5-2001 by the States attorney who was in that position at the time. The appellate court didn't vacate my plea, just my sentence due to a technical violation by my attorney, the states attorney, and the court. I was returned to court for the sole purpose of having a pre sentence investigation report compiled and having that same report read into the record, nothing more. When asked by the court if I understood the terms of my negotiated plea, I responded "yes", but it's evident the court, my attorney, and the newly elected states attorney (Mr. Windhorst), who may not have been aware of the complete terms of the plea agreement, were not mentioning the terms as stated in court Nov-5-2001 by the States Attorney at that time (Mr Joseph Jackson)

Yet the appellate court specifically instructed my attorney Mr. Lloyd to look to the complaint I made in my brief to them concerning the States violation of those terms. The court further stated Mr. Lloyd was appointed by the court to represent me after I had already paid for his services as private counsel in 2001 and he attempted to withdraw as my attorney when I first asked him to withdraw my plea (due to the violation of my plea by the state.

If Mr. Lloyd was not representing me because I hired him to do so, but was instead acting by order of the court, why was I not given the choice to hire counsel of my choice as is my Constitutional right and privalege, especially since Mr. Lloyd refused to file a motion for me to withdraw my plea in Nov 2004 or to file an appeal for me on the same matter (violation of my plea by the state in 2001) and instead filed a motion with the court to withdraw as my attorney altogether which by the way was never acted on by the court or Mr. Lloyd for a little over 3yrs. untill the Appellate court instructed it be done. Was he up untill Jan. 05 my private counsel, and if so why didn't the

1    then.

2            MR. LLOYD: That's correct your Honor.

3            THE COURT: And then I had appointed you to represent Mr. Childress after

4    this matter came back for re-sentencing. Now, a pre-sentence investigation was

5    ordered on January 18th. And, that was filed February 9th, 2005. Have counsel had an

6    opportunity to review the pre-sentence investigation?

7            MR. LLOYD: Yes, your Honor.

8            MR. WINDHORST: The State has your Honor.

9            THE COURT: Okay. I noticed there were a couple matters that were in error

10   on the PSI. On page 2, the correct date for the Rule 23 Order that the Fifth District

11   entered was November 22, 2004 - not 2002. That's on page 2. And, then on page 8,

12   the correct charge is Aggravated Battery with a Firearm, not Armed Violence. So,

13   those corrections are made by the Court. Does the State have any corrections?

14           MR. WINDHORST: None by the State.

15           THE COURT: Defense?

16           MR. LLOYD: Yes, on page 6. It says that he's not sure what technical school

17   he attended. Mr. Childress advises me that it was IvyTech was the name of the school

18   that he attended in Terra Haute, Indiana. That's not a major change but he did point

19   that out. I think it's on the top of page 6.

20           THE COURT: All right, anything else?

21           MR. LLOYD: No your Honor.

22           THE COURT: All right. Now the pre-sentence investigation contains Mr.

23   Childress' prior record. In 1979 in Sangamon County a conviction for unlawful

24   delivery of controlled substance. Was placed on 3 years probation. According to the

3

Court feel it necessary to appoint him as a public defender for me instead of allowing me to choose the attorney I wanted to represent me, given the problems which existed between Mr. Lloyd and myself concerning my request for a motion to withdraw my plea where it became apparent the state was not going to honor our agreement. In my motion appeal to the Appellate Court I listed the violation of my plea agreement, mr Lloyds refusel to file the motion I requested him to file, and the charge of Agg Bat w/firearm being inchoate to the charge of 2nd degree murder because it was all one course of conduct and not seperate incidents at seperate times in seperate courses of conduct. When I was returned to Massac Co in 2005 and met with Mr. Lloyd, I brought up all these concerns to him and he assured me if I went ahead and excepted the terms of my plea agreement as recorded in Open Court Nov-5, 2001, he would insure it would be honored. Mr. Windhorst the States Attorney in 2005 never offered any alternitive plea agreement to the court, in in fact his only consent concerning my plea agreement is on page 2 - line 8 of my court appearence the 15th of Feb-05, for resentencing and the reading of my pre-sentence investigation report into the court record as directed by the Appellate Court In fact Mr. Windhorst the States Attorney never participated in any discussion of Terms of my plea agreement whatsoever because he was not party to the terms of my plea agreement which were set and agreed to Nov-5-01 before he became the states attorney and he offered no negotiated new plea agreement in his capacity as State Attorney in Feb-05.

The court is neutral in the terms of the plea agreements between the state and the defendant except to accept the plea agreement or not. My attorney Anthony Lloyd failed to inform the court of my previous concern about the plea despite the Appellate Court admonishing him to address these issues. Due to the severity of my hearing impairment, as attested to by both my outside doctors who preformed Surgery on me for my hearing problem, and the doctors report contained in my prison medical records made by the prison physicans

1      PSI he successfully served that probation. And, he has no other history. Is that

2      correct?

3                MR. WINDHORST: That's correct your Honor.

4                MR. LLOYD: That's correct - to the best of my knowledge your Honor.

5                THE COURT: That conviction back in Sangamon County back in 1980. All

6      right, the Court finds the history to be as stated then in the pre-sentence investigation.

7      All right, Mr. Childress, you were were November 5th, of 2001 - -

8                MR. CHILDRESS: Yes.

9                THE COURT: And, entered a Negotiated Plea at that time whereby you were

10     sentenced to 15 years in the Department of Corrections for Second Degree Murder.

11     And, a consecutive term of 9 years in the Department of Corrections for Aggravated

12     Battery with a Firearm.

13              MR. CHILDRESS: Yes.

14              THE COURT: Your Attorney Mr. Lloyd has indicated to me that your wanting

15     to - the Court to approve this sentence, is that correct?

16              MR. CHILDRESS: Yes.

17              THE COURT: Now, you had filed after you were sentenced previously a

18     Motion for Reduction of Sentence. Which I construed to be, what you called it, a

19     Motion to Reduce Sentence. The Appellate Court thought it was a Motion to

20     Withdraw your Plea of Guilty. In any event - an article called Motion To Withdraw

21     Plea of Guilty, I think they called it. Your not wanting to withdraw your plea of guilty

22     on either charge?

23              MR. CHILDRESS: No.

24              THE COURT: Your saying no? Your going to have to speak up so she can

4

Who examined me for my hearing impairment (neither one a medical doctor trained as audiologists) seemed to feel my impairment would majically improve if I stood closer to the bench, yet mr. Lloyd was made aware by me several times before Court that my hearing aid was not functioning. Indeed it was not repaired untill 2006 by the Pinckneyville Corr. Ctr. when I'm currently housed. So it should have been much more incumbant on Mr. Lloyd to insure the Court was aware of my Cantentions Concerning the violation of my plea, and my Cantention of the séparate chrg. for one course of Conduct not being ran Concurrants, but Mr. Lloyd instead informed me, as did the Court that I had 30 days to withdraw my plea, and Mr. Lloyd assured me, in private, to not withdrawing plea untill the court sentenced me once again. I did exactly what my attorney advised me to do and to my dismay I discovered mr. Lloyd misled me once again. My attorney Anthony Lloyd was ineffective in his Counsel and representation of me in all the matters I hired him for from 2001-thru 2005. The Correspondence between us is now Lock, and his representation in Feb-05 falls way below effectiveness as an attorney to act for his client in my case.

Mr. Lloyd was suffering from a serious problem with a recent Kidney transplant which has since Claimed his life. but I don't believe that erases the fact Mr Lloyd was ineffective in his assistance of my defense and I so charge that to be the cases. The fact remains my plea rested and was solely due to the promise made by the State to drop the 3 chgs. of murder against my wife, which they did, and then reinstated 9 days after my acceptance of the negotiated plea in 2001 and Mr Lloyd assured me if I once again accepted the plea in 2005, and then withdrew it, it would result in my Wifes freedon or at least in her receiving a trial as well as myself. He further stated that the judge was upset over the Appellate Courts ruling and was prepared to sentence me to 30 yrs in prison if I failed to accept the plea. When I asked about a jury trial he said I had waived my rights to one. I told him that was based on the ple agreement being fulfilled and he replied "the court doesn't agree". Mr. Anthony Lloyd took my 15,000 dollars and failed to effectively represent me.

1     take this down.

2              MR. CHILDRESS: My voice doesn't work - I had a stroke.

3              THE COURT: Okay.  Well, does your stroke keep you from being able to

4     understand?

5              MR. CHILDRESS: No, I can understand what I hear.

6              THE COURT: Okay.  You understand everything that Mr. Windhorst and Mr.

7     Lloyd and myself have said today?

8              MR. CHILDRESS: So far, yes.

9              THE COURT: Okay.  Well, if you don't hear or you don't understand - -

10             MR. CHILDRESS: I will tell you -

11             THE COURT: Now no one has threatened you or forced you into entering this

12    plea - these pleas of guilty, is that correct?

13             MR. CHILDRESS: No sir.

14             THE COURT: Has anyone threatened you or forced you into entering these

15    pleas of guilty?

16             MR. CHILDRESS: No.

17             THE COURT: And, other than the plea agreement, have any promises been

18    made to get you to plead guilty?  Has anyone promised you anything other than 24

19    years in the Department of Corrections?

20             MR. CHILDRESS: No.

21             THE COURT: That's the only promise that's been made?

22             MR. CHILDRESS: Yes sir.

23             THE COURT: Your saying that's it?

24             MR. CHILDRESS: Yep.

1     THE COURT: Okay. Do you have any questions?

2     MR. CHILDRESS: No.

3     THE COURT: You've been able to understand everything that's been said and

4  done to this point, is that correct?

5     MR. CHILDRESS: So far, yes.

6     THE COURT: All right. State want to give a factual basis?

7     MR. WINDHORST: Yes your Honor.

8     THE COURT: I don't know - has a factual basis previously been established.

9     MR. WINDHORST: I think it has been previously stated your Honor, but we

10  can give it again if you wish.

11     THE COURT: All right, I don't think we need it. Both sides want to stand on

12  the factual basis that was presented previously, is that correct?

13     MR. LLOYD: We are willing to agree to the factual basis that was previously

14  stated. Is that correct Mr. Childress?

15     MR. CHILDRESS: What?

16     MR.LLOYD: We're agreeing to the factual basis of what they stated in court

17  before, the facts of what the State presents - are you agreeing to that?

18     MR. CHILDRESS: Yes.

19     MR. LLOYD: They are recording yes - I just want to make sure you understand

20  - you understand what I'm saying?

21     MR. CHILDRESS: Yes sir.

22     MR. LLOYD: I want to make perfectly sure you understand it. When we were

23  in court last time, the State said - they gave facts as to what they said happened and

24  how the crime occurred. We agree to that - that's the way that it happened. Are you

6

1        willing to agree to those same facts that were stated?

2              MR. CHILDRESS: They said things that did not happen.  They said that - -

3              THE COURT: Do you want to plead guilty Mr. Childress?

4              MR. CHILDRESS: Yes sir.

5              THE COURT: Do you want to accept the Negotiated plea?  If you don't that's

6        fine, let me know.

7              MR. CHILDRESS: Yes sir, I do.

8              THE COURT: Okay.  If you don't -

9              MR. CHILDRESS: He asked me if what they said true.  Not everything they

10       said was true.

11             THE COURT: Do you want a trial?  Do you want to have a trial?

12             MR. CHILDRESS: No  - I already told you I go for what they already give me.

13       But, what they said was not true.

14             THE COURT: Okay.  So, you didn't commit Second Degree Murder?

15             MR. CHILDRESS: Yes, I did.

16             THE COURT: All right.  Or Aggravated Battery with a Firearm?

17             MR. CHILDRESS: That's the one that I have trouble understanding.

18             THE COURT: That you shot Mr. Bray in the leg with a firearm.

19             MR. CHILDRESS: I did that.

20             THE COURT: Okay.  That's Aggravated Battery with a Firearm.  You don't

21       understand that?

22             MR. CHILDRESS: Okay -

23             THE COURT: You understand that?

24             MR. CHILDRESS: Yes.

7

1          THE COURT: And, you understand your sentence is consecutive - 15 and 9,

2    equals 24?

3          MR. CHILDRESS: I understand.

4          THE COURT: Do you have any questions you want to have answered before

5    your sentence?

6          MR. CHILDRESS: No.

7          THE COURT: Counsel have anything else?

8          MR. WINDHORST: Nothing from the State.

9          THE COURT: All right. The Court finds a factual basis for the plea. It's

10   being made freely, voluntarily and understandingly. Now, Mr. Childress, you've been

11   in the Department of Corrections since November of 2001. And, before that you were

12   in the Massac County jail.

13         MR. CHILDRESS: Yes sir.

14         THE COURT: And then you've been in the Massac County jail again since

15   January the - -

16         MR. CHILDRESS: 12th.

17         THE COURT: January the 12th?

18         MR. CHILDRESS: Yes sir.

19         THE COURT: Okay. And, so your not under the influence of any alcohol or

20   drugs at this time. Are you taking any medications?

21         MR. CHILDRESS: Yes.

22         THE COURT: What are you taking?

23         MR. CHILDRESS:    Thyroid medication and insulin.

24         THE COURT: Okay, you take thyroid medication every day?

8

1        MR. CHILDRESS: Yes.

2        THE COURT: And, you take an insulin shot every day?

3        MR. CHILDRESS: Yes, 2 times every day.

4        THE COURT: Okay. Do those have any effect on your ability to understand

5    and communicate?

6        MR. CHILDRESS: No.

7        THE COURT: And, you said you've had a stroke. When did you have your

8    stroke?

9        MR. CHILDRESS: It's been almost - a year and a half. Not quite 2 years.

10       THE COURT: While you were in the Department of Corrections?

11       MR. CHILDRESS: Yes.

12       THE COURT: All right. But you've been able to hear and understand

13   everything that has been said and done today, is that correct?

14       MR. CHILDRESS: Yes.

15       THE COURT: Okay. Any questions?

16       MR. CHILDRESS: No.

17       THE COURT: All right. The Court has found the history to be as reported in

18   the pre-sentence investigation, a factual basis - the plea is being made freely,

19   voluntarily and understandingly. Mr. Childress on the plea on Second Degree Murder,

20   your sentenced to 15 years in the Department of Corrections. On the Aggravated

21   Battery with a Firearm, you sentenced to a consecutive term of 9 years in the

22   Department of Corrections. Three years mandatory supervised release upon your - If

23   you finish your sentence. Cost on both counts. You will receive credit for time served

24   to this point. The State will prepare the Judgment.

1        MR. WINDHORST: Yes your Honor.

2        THE COURT: You have the right to an appeal Mr. Childress. Before you file

3    any appeal in this case, you would first have to file within 30 days in the Circuit

4    Clerk's office a written motion asking that you be given leave to withdraw the plea

5    that you've made on each count. Any grounds you fail to set forth in any motion that

6    you file, you would waive for purposes of any appeal. If your unable to hire an

7    attorney on would be appointed. You would receive a transcript of this hearing. If the

8    motion to withdraw your plea was granted the plea would be withdrawn, the judgment

9    and sentence to the Department of Corrections would be vacated. The Counts to

10   which you pled guilty, the Second Degree Murder and the Aggravated Battery with a

11   Firearm would be reinstated and set for trial. The other counts which were dismissed

12   as part of this plea on November the 5th of 2001 would also on the State's motion be

13   reinstated and set for trial. On the other hand, if your motion to withdraw your plea of

14   guilty was denied, you would then have to file an appeal with the Appellate Court.

15   Anything else Mr. Windhorst, Mr. Lloyd?

16       MR. WINDHORST: Nothing from the State.

17       MR. LLOYD: If I could just ask Mr. Childress a couple of questions?

18       THE COURT: All right.

19       MR. LLOYD: Mr. Childress you've heard everything that's gone on today?

20       MR. CHILDRESS: Yes, I think so.

21       MR. LLOYD: Well, I mean - If you haven't heard anything or if you missed

22   something, let me know and we can stop it right now. I want to make sure you've

23   heard everything and you understand everything? And, you understand that you are

24   being give a 15 year sentence and a 9 year sentence?

1          MR. CHILDRESS: Yes.

2          MR. LLOYD: And, that's on the Second Degree Murder charge and

3    Aggravated Battery charge. Do you understand that Mr. Childress?

4          MR. CHILDRESS: Yes.

5          MR. LLOYD: And, your in agreement with that? And, of course you will be

6    given credit for all the time you've served so far, to go toward that sentence. And, you

7    understand they are consecutive. A total of 24 years?

8          MR. CHILDRESS: Yes.

9          MR. LLOYD: Okay. Do you have any questions about anything at all?

10         MR. CHILDRESS: Not that I can think of.

11         THE COURT: Well, if you do, now is the time to ask. Not when you get back

12   up to Menard or somewhere?

13         MR. CHILDRESS: I can't think of anything.

14         THE COURT: All right.

15         MR. LLOYD: And, this is what you want to do Mr. Childress, is that correct?

16         MR. CHILDRESS: Yes.

17         MR. LLOYD: Okay. I don't have any further questions.

18         THE COURT: All right. If you will prepare the Judgment then. Thank you.

19                    WHICH WERE ALL THE PROCEEDINGS

20                    HAD IN SAID CAUSE ON SAID DATE.

IN THE CIRCUIT COURT

OF MASSAC COUNTY



OCT 0 8 2004

CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL COURT
MASSAC COUNTY ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,          )
                                          )
   Respondant,                            )
                                          )        No. 01-CF-11
                                          )
   vs.                                    )
                                          )
                                          )
Goerge Childress,                         )        Honorable Terry J. Foster
                                          )
   Defendant                              )        Judge presiding

---

### PETITION FOR POST-CONVICTION RELIEF

     Pursuant to the Post-Conviction Hearing Act (725 ILCS 5/ 122-1 et seq.), Petitioner George Childress comes before the court and asks that the judgment in County Information No. 01-CF-11 be vacated.

     In support of this request Petitioner states:

     1. On 11-5-01 Petitioner was sentenced by Judge Terry J. Foster to the Illinois Department of Corrections for a) 15 years and b) 9 years to run consecutive following a guilty plea, for the offenses of a) Second Degree Murder and b) Aggravated Battary w/Firearm.

     2. Notice of appeal was filed by Petitioner on 5-13-02. The appeal was docketed as 5-02-0540. The appeal has been dismissed. The Appellate Court dismissed the appeal on 11-1-02. Defendant did ask the Illinois Supreme Court to review the Appellate Court decision. Defendant filed a petition for leave to appeal in the Supreme Court. On February 5, 2002, the court denied the petition for leave to appeal; but exercising it's supervisory authority, ordered This Court to vacate it's previous order and reinstate the appeal. (95312) On March 10, 2003 the Appellate Court reinstated the appeal. This matter is currently pending.

<u>**"Petitioner's Exhibit-I"**</u>

3. THE DEFENDANT WAS DENIED HIS FOURTEENTH AMENDMENT (U.S CONST.
AMEND. IIV) AND HIS ILLINOIS CONSTITUTIONAL (ILL. CONST. 1970 ART.
1&2) RIGHTS TO DUE PROCESS AND EQUAL PROTECTION WHEN THE STATE
VIOLATED IT'S PLEA AGREEMENT AND RECHARGED DEFENDANT'S WIFE WITH
FIRST DEGREE MURDER AFTER AGREEING TO DISMISS FIRST DEGREE MURDER
CHARGES AGAINST DEFENDANT'S WIFE IN CONSIDERATION FOR DEFENDAN'S
PLEA OF GUILTY.

Supreme Court Rule 604d establishes a condition precedent
for an appeal from a defendant's plea of guilty People v Wilk (1988
124ILL 2d 93, 105, 5 29N. E. 2d 218, 222.) However, a defendant's
failure to file a motion to withdraw his guilty plea does not fore-
close the possibility of review. For such a defendant, the appro-
priate remedy lies in the Post-Conviction Hearing Act. [ Wilks
Supra]. Although the Act is not an alternative means for reviewing
non-constitutional issues, relief is available where a defendant's
constitutional rights have been violated [ Wilks Supra ]. In the
instant case, the defendant claims an unfulfilled plea violated
his Federal and State right to due process.

The underlying facts of the case reveal that on November
5, 2001 defendant pleaded guilty to second degree murder and
aggravated battary with a firearm at a plea hearing (R.G. p.12).
In exchange for his plea; the State dismissed the first six counts
of the indictment, including the first degree murder charge against
defendant's wife (R.C. 203). The State made a Judicial admission
of this fact in their Brief and Argument of Plaintiff-Appellee of
April 13, 2004. Nine days after the Judge accepted the State's plea
agreement; and unbeknownst to the defendant, the State refiled the
first degree murder charges against defendant's wife. This occured
after defendant was taken to prison. The State then used the threat
of an extended term of natural life in prison on the first degree
murder charge to coerce defendant's wife to plea to lesser charges.
( See Exhibit A ).

Under the proper circumstance; when the State breaches a
plea agreement, the defendant is entitled to relief. Santobello v
New York (1971) 404 U.S. 257, 30 L.Ed 2d 427, 92 s. CT 495.
People v Starks 106 ILL 2d 441, 428 N.E 2d 350. In Satobello, the

U.S. Supreme Court stated that "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled". In <u>Stark</u> the Illinois Supreme Court stated if the State makes an agreement with the defendant, it is bound to abide by that agreement. "The fact is that agreement between the prosecution and the defense are an important component of this Country's Criminal Justice System. If a defendant cannot place his faith in the State's promise, this important component will be destroyed". [ Starks Supra ]

In <u>Butler v State</u> ( fla. app 1969 ) 288 50.2d 421, which was adopted by the Illinois Supreme Court in Starks Supra, the defendant was charged with rape. After his indictment, Butler and the prosecutor reached an agreement that charges would be dismissed. Butler kept his end of the bargain, but the State recharged Butler. The Florida Court ruled that the State must abide by their agreement.

In the instant case; defendant surrendered constitutionally protected interest when he pleaded guilty to second degree murder and aggravated battary with a firearm, and he did so in reliance on the plea agreement to drop the charges against his wife. The State violated this agreement when it recharged defendant's wife. Werefore this petition should be granted, and the defendant's plea should be withdrawn as the State was bound to abide by their agreement which was a pledge of public faith.

4. Petitioner is too poor to hire an attorney. Petitioner asks that counsel be appointed to represent him in this proceeding.

_George B. Childress_

_____
Petitioner

Subscribed and sworn to before me
this ____ day of ____ , 20 04

_____

"OFFICIAL SEAL"
Jennifer L. Wilson
Notary Public, State of Illinois
My Commission Exp. 07/31/2008

) SS.
COUNTY OF JEFFERSON )

## AFFIDAVIT STATEMENT

The undersigned, being first duly sworn upon oath, hereby states that the following statement is true and correct in substance and in fact. Said statement is as follows:

On Nov 5, 2001 I entered into a plea agreement in open court with the States Attorney. The terms of the agreement were that all six accounts of a six count indictment charging me and my wife with first degree murder would be dropped in exchange for me pleading guilty to a seventh and eighth charge of second degree murder and aggravated battary with a firearm, with sentence to be 15 years for second degree murder and 9 years 85% consecutive sentence for aggravated battary with a firearm. Nine days after I was sent to Menard Correctional Center, the charge of first degree murder was brought back up against my wife, and used to coerce her into another plea agreement. I would never have entered into the plea agreement if I had known the prosecutor intended to reinstate the murder charges against my wife to get a plea agreement from her also.

FURTHER AFFIANT SAYETH NOT.

1st _George B. Childress_

Subscribed/attested to before me
this 4th day of Oct , 200 4

EXHIBIT A

NOTARY PUBLIC

"OFFICIAL SEAL"
Jennifer L. Wilson
Notary Public, State of Illinois
My Commission Exp. 07/31/2008

IN THE CIRCUIT COURT FOR THE 1ST JUDICIAL COURT

MASSAC COUNTY, ILLINOIS

George Childress )
)
)
v. )                    No. 01-CF-11
)
)
State of Illinois )

**FILED**

OCT 08 2004

CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL COURT
MASSAC COUNTY ILLINOIS

### APPLICATION TO SUE OR DEFEND AS A POOR PERSON

Applicant, Goerge Childress, respectfully requests the Court, pursuant to Illinois [ see 735 ILCS 5/5-105 ] and rule 298 of the Illinois Supreme Court, to grant him leave to (sue/defend) as a poor person; in support applicant states that the following facts are true in substance and in fact:

1. I am the Petitoner in the above capioned legal proceedings.
2. I am a poor person and unable to defend this action and am unable to pay the costs, fees and expenses of this action.
3. My occupation or means of subsistence:
   a. I am not currently employed due to my imprisonment at Big Muddy River Correctional Center but I receive a state stipend of $20.00 per month.
   b. The amount and source of all other income or support are:N/A
4. My total income for the preceding year was $ N/A
5. The sources and amount of income expected by me hereafter are:N/A
6. The nature and current value of any property, real or personal, owned by me:
   (a) Real Estate:N/A
   (b) Motor Vehicle:N/A
   (c) Cash, saving, checking etc:N/A
   (d) Prison trust account: $0
   (e) Other: N/A
7. No applications for leave to sue or defend as a poor person were filed by me or on my behalf during the preceding year, except as follows: One filed during motion for reduction of sentence, and one filed for a direct appeal.
8. I believe in good faith I have a meritorious claim.

George B Childress

George Childress
B82576
Big Muddy River C.C.
P.O. Box 900
Ina, Illinois 62846
Petitioner

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT** ~~FILED~~ FEB 0 7 2001
**MASSAC COUNTY**

CLERK OF THE CIRCUIT COURT.
FIRST JUDICIAL CIRCUIT
MASSAC COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS     }

VS.     }

    }    Case No.01-CF- *11*

JOANNA C. CHILDRESS and     }
GEORGE BENTON CHILDRESS,     }
        Defendants.     }

## BILL OF INDICTMENT
## COUNT I
### SEPARATE CLASS - FELONY

THE GRAND JURY CHARGES:

That on or about the 8th day of December, 2000, in Massac County, Illinois, **JOANNA C. CHILDRESS** committed the conduct resulting in the offense of **FIRST DEGREE MURDER** in violation of Section 9-1(a)(1) of Act 5 of Chapter 720 of the Illinois Compiled Statutes of said State, in that the said defendant, without lawful justification and with the intent to kill or do great bodily harm to Eric L. Bray shot in the head and body with a gun, thereby causing the death of Eric L. Bray on December 8, 2000.

## COUNT II
### SEPARATE CLASS - FELONY

THE GRAND JURY CHARGES:

That on or about the 8th day of December, 2000, in Massac County, Illinois, **JOANNA C. CHILDRESS** committed the conduct resulting in the offense of **FIRST DEGREE MURDER** in violation of Section 9-1(a)(1) of Act 5 of Chapter 720, Illinois Compiled Statutes of said State, in that the said defendant, without lawful justification, shot Eric L. Bray in the head and body with a gun, knowing said acts would cause the death of Eric L. Bray, thereby causing the death of Eric L. Bray on December 8, 2000.

## COUNT III
### SEPARATE CLASS - FELONY

THE GRAND JURY CHARGES:

That on or about the 8th day of December, 2000, in Massac County, Illinois, **JOANNA C. CHILDRESS** committed the conduct resulting in the offense of **FIRST DEGREE MURDER** in

"Petitioner's Exhibit-A"

violation of Section 9-1(a)(2) of Act 5 of Chapter 720 of the Illinois Compiled Statutes of said State in that the said Defendant, without lawful justification, shot Eric L. Bray in the head and body with a gun, knowing such acts created a strong probability of death or great bodily harm to Eric L. Bray, thereby causing the death of Eric L. Bray on December 20, 2000.

## COUNT IV
## SEPARATE CLASS - FELONY

THE GRAND JURY CHARGES:

That on or about the 8th day of December, 2000, in Massac County, Illinois, **GEORGE BENTON CHILDRESS** committed the conduct resulting in the offense of **FIRST DEGREE MURDER** in violation of Section 9-1(a)(1) of Act 5 of Chapter 720 of the Illinois Compiled Statutes of said State, in that the said defendant, without lawful justification and with the intent to kill or do great bodily harm to Eric L. Bray shot in the head and body with a gun, thereby causing the death of Eric L. Bray on December 8, 2000.

## COUNT V
## SEPARATE CLASS - FELONY

THE GRAND JURY CHARGES:

That on or about the 8th day of December, 2000, in Massac County, Illinois, **GEORGE BENTON CHILDRESS** committed the conduct resulting in the offense of **FIRST DEGREE MURDER** in violation of Section 9-1(a)(1) of Act 5 of Chapter 720, Illinois Compiled Statutes of said State, in that the said defendant, without lawful justification, shot Eric L. Bray in the head and body with a gun, knowing said acts would cause the death of Eric L. Bray. thereby causing the death of Eric L. Bray on December 8, 2000.

## COUNT VI
## SEPARATE CLASS - FELONY

THE GRAND JURY CHARGES:

That on or about the 8th day of December, 2000, in Massac County, Illinois, **GEORGE BENTON CHILDRESS** committed the conduct resulting in the offense of **FIRST DEGREE MURDER** in violation of Section 9-1(a)(2) of Act 5 of Chapter 720 of the Illinois Compiled Statutes of said State in that the said Defendant, without lawful justification, shot Eric L. Bray in the head and body with a gun, knowing such acts created a strong probability of death or great bodily harm to Eric L. Bray, thereby causing the death of Eric L. Bray on December 8, 2000.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT

STATE OF ILLINOIS

COUNTY OF MASSAC

**FILED**

JUN 28 2006

CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL COURT
MASSAC COUNTY ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,    )

              Plaintiff,    )

    vs.    )    2001-CF-11

GEORGE BENTON CHILDRESS,    )

            Defendant.    )

## NEGOTIATED PLEA

BE IT REMEMBERED, that the above named defendant appeared in open court

on the 5th day of November, 2001, before the Honorable Terry J. Foster, presiding Judge,

for the above entitled hearing.

**PRESENT**

Mr. Joseph Jackson, State's attorney; and

Mr. Anthony Lloyd, Public Defender.

Lisa R. Meisinger, CSR

License #084-002428

The document to which this certificate is attached is a
full, true and correct copy of the original on file and of
record in my office.

Attest _June 28_ , 20 _06_
LARRY G. GRACE, Clerk of the Circuit Court
Massac County, Illinois
By _Larry Grace_

1

"Petitioner's Exhibit-B"

THE COURT: We're calling 2001-CF-11. The State's Attorney is here. Mr. Childress is present with his attorney, Mr. Lloyd. Does counsel have something?

MR. JACKSON: Yes. We have an agreed disposition of this case. The nature of the disposition is, the State will file a supplemental information, alleging a Count 7, which is Second Degree Murder. And Count 8, which is Aggravated Battery with a Firearm. And, the defendant has been given a copy of both informations. He will enter a plea of guilty to Counts 7 and Count 8 and will receive consecutive sentences of 15 and 9 years in the penitentiary. The defendant will be entitled to such credit as the Department of Corrections gives from the time he was taken into custody until the judgment and sentence int his case. The State would move to dismiss the first 6 counts of the indictment.

THE COURT: What is the period of mandatory supervisory release?

MR. JACKSON: Judge, I believe its 3 years.

THE COURT: And, the costs?

MR. JACKSON: Yes.

THE COURT: And, I believe the Second Degree Murder is a Class 1 felony?

MR. JACKSON: Yes. It's a Class 1 felony.

THE COURT: A person could be sentenced up to a maximum of 20 years. Is that your understanding Mr. Lloyd?

MR. LLOYD: Yes. There is a provision that makes this a Class 1 with a possibility for 20 instead of the normal 15 for a Class 1.

THE COURT: So, it would be up to 20. What is the truth and sentencing statute here?

2

1  MR. JACKSON: Judge, on count 7, the defendant would be entitled to day for

2  day credit. He would be entitled to no more than 4 days per month credit -

3  THE COURT: All right, 85%?

4  MR. JACKSON: Yes.

5  THE COURT: Mr. Childress, I've been informed that your going to enter a plea

6  of guilty to Count 7 in the amended information. And, Count 7 charges Second Degree

7  Murder for which you would be sentenced to 15 years in the Department of Corrections.

8  And, that you are also entering a plea of guilty to Count 8, Aggravated Battery with a

9  Firearm, for which you would serve a consecutive sentence of 9 years. Is that your

10  understanding?

11  MR. CHILDRESS: Yes sir.

12  THE COURT: And, upon your release from the custody of the Department of

13  Corrections, there would be a period of mandatory supervisory release, otherwise known

14  as parole. And, its also my understanding that you are going to be ordered to pay costs

15  in these cases. Now, is that your understanding of the sentence?

16  MR. CHILDRESS: Yes sir.

17  THE COURT: Now, on the Second Degree Murder, you would, of course, you

18  would have to serve the time as computed by the department of corrections. The truth

19  and sentencing. My understanding is that you will receive day for day credit against that

20  sentence. In regard to the sentence on the Aggravated Battery with a firearm, you would

21  have to serve 85% of that sentence. And, you would receive credit for any time that you

22  have spent in the County jail prior to todays date. Now, is that a correct statement?

23  MR. CHILDRESS: Yes, I believe it is.

3

1      THE COURT:  Is that your understanding Mr. Lloyd?

2      MR. LLOYD: Yes your Honor.   I think he's also eligible for up to 180 days of

3  good time.

4      THE COURT: Well, that would be up to the Department.  As well as the

5  application of the truth and sentencing.  Is that your understanding then Mr. Childress?

6      MR. CHILDRESS: Yes sir.

7      THE COURT: Now, the charge in Count 7 states that on or about December 8th,

8  2000, in Massac County, Illinois, you committed the offense of Second Degree Murder,

9  in violation of Section 9-2(a)1 Act 5, Chapter 720 of the Illinois Compiled Statutes, in

10  that you while committing First Degree Murder, in violation of 9-1(a)1, Act 5, Chapter

11  720 of the Illinois Compiled Statutes, and while acting under a sudden and intense

12  passion, resulting from serious provocation by Eric Brey, shot Eric Brey in the head with

13  a gun, thereby causing the death of Eric Brey.  You understand that charge?

14      MR. CHILDRESS: Yes sir.

15      THE COURT: In Count 8, the charge reads that on or about December the 8th,

16  2000, in Massac County, Illinois, you committed the offense of aggravated battery with

17  a firearm, in violation of Section 12-4.2(a)1 of the Illinois Compiled Statutes, in that you

18  in committing a battery, in violation of Section 12-3, Act 5, Chapter 720, Illinois

19  Compiled Statutes, knowingly and by means of a discharging of a firearm, caused an

20  injury to Eric Brey that you shot Eric Brey in the leg with a .380 caliber pistol.  You

21  understand that charge?

22      MR. CHILDRESS: Yes sir.

23      THE COURT: Now, the first charge, the Second Degree Murder is a Class 1

4

1   felony. The possible penalty for that offense would be a period of confinement in a state

2   penitentiary of not less than 4 nor more than 20 years.  You could be fined up to

3   $25,000.00.  You could be placed on probation, conditional discharge, periodic

4   imprisonment, or a combination of those penalties.  Do you understand the possible

5   penalties?

6            MR. CHILDRESS: Yes sir.

7            THE COURT: On Count 8, Aggravated battery with a firearm, that is a Class X

8   felony for which you could be sentenced to a State penitentiary for a minimum of 6,

9   maximum of 30 years.  You could likewise be fined up to $25,000.00 in that case.  You

10  understand the possible penalties for the aggravated battery with a firearm?

11           MR. CHILDRESS: Yes sir.

12           THE COURT: Now, Mr. Lloyd has been appointed by the court - -

13           MR. LLOYD: Your Honor, I am private counsel in this case.

14           THE COURT: Mr. Lloyd has been your attorney, I believe throughout the

15  proceedings.  And, I know you were in court last Friday before another Judge, and you

16  waived your right to a jury trial.    And, you were in court before me this morning at

17  about 8:30 a.m., and waived your speedy trial rights.  And, we set your case for a bench

18  trial.  You have had other times and opportunities in addition to these times I mentioned

19  to speak to Mr. Lloyd, is that correct Mr. Childress?

20           MR. CHILDRESS: Yes sir.

21           THE COURT: Is there anything else that you need to speak to him about at this

22  time?

23           MR. CHILDRESS: No sir.  Well, I had a question as to the court cost your

5

1    Honor.

2    THE COURT:  I believe the clerk will figure that for you.  If you need to speak

3    to Mr. Lloyd about this, let him know, or get my attention, and we'll take a recess and

4    give you the opportunity to speak with him in private.  Do you need to speak to him at

5    this time.

6    MR. CHILDRESS: Just for a minute sir, if I could.

7    THE COURT: Certainly.  Go ahead.

8    (BRIEF RECESS)

9    MR. LLOYD: All right, thank you your Honor.  Mr. Childress is ready to

10   proceed.

11   THE COURT: Your ready to proceed then with the rest of your plea?

12   MR. CHILDRESS:   Yes sir.

13   THE COURT: If you need to speak to Mr. Lloyd further, I'll give you another

14   opportunity to do so.

15   MR. CHILDRESS: All right, thank you sir.

16   THE COURT: Now, you previously waived your right to a jury trial.  And, we

17   set a bench trial for December the 18th.  You understand you have a right to a trial in this

18   case?

19   MR. CHILDRESS: Yes sir.

20   THE COURT: And, you understand Mr. Childress, at your trial, you have a right

21   to testify.  If you choose not to testify, you would not be compelled to do so.  You would

22   have a right to present any witnesses at trial that you might have to testify on your

23   behalf.  And, you could have subpoena's issued by the clerk's office and served by the

6

1    sheriff on any witnesses to compel them to come in to court. At your trial, you can cross

2    examine or ask questions of any witnesses that might testify against you. You

3    understand that you have those rights?

4        MR. CHILDRESS: Yes sir.

5        THE COURT: And, you understand Mr. Childress, by entering this plea of

6    guilty, you are giving up the right to have a trial. And, by giving up your rights you

7    would have at that trial?

8        MR. CHILDRESS: Yes sir.

9        THE COURT: Has anyone threatened you or forced you to enter this plea of

10   guilty?

11       MR. CHILDRESS: No sir.

12       THE COURT: Other than the plea agreement, has anyone promised you

13   anything?

14       MR. CHILDRESS: No sir.

15       THE COURT: Are you entering these pleas freely and voluntarily?

16       MR. CHILDRESS: Yes sir.

17       THE COURT: Mr. Jackson is going to state what he believes the evidence would

18   be on these counts. If we would have a trial. You need to listen to what he has to say.

19   When he's finished, I will ask if there is anything you want to add to, deny or contradict

20   in that statement. All right. Mr. Jackson?

21       MR. JACKSON: Judge, if this matter proceeded to trial, the State would call

22   witnesses that would testify on the evening of December 8th, Eric Brey was at his

23   Mother's residence in Metropolis, Massac County, Illinois. That a white female came to

7

1    the door and knocked on the door. And, requested Eric Brey to come outside. At

2    approximately 10 p.m. Eric Brey departed the residence and was outside with the

3    female. The State would call Chris Wright, that would state at approximately - that he

4    was on the street outside of the house in Metropolis Massac County, Illinois. At that

5    time, he heard or he observed a dark colored blazer type vehicle, with a loud muffler

6    going up the street. The state would then call Jason - that would testify approximately

7    20 minutes later, he was in Unionville, Massac County, Illinois. That he was at the

8    Metal Bucket, buying a cold drink from the machine when he heard several gun shots.

9    He heard a few shots, a pause in time, and heard a few more shots, like from around the

10   coke machine and saw a dark colored blazer type sport utility vehicle departing from the

11   scene. The State would then introduce proof to show that the following morning,

12   sometime around 8 and 9 o'clock, the body of Eric Brey was found at the location where

13   the shots had been heard at the intersection in Unionville. The State would call police

14   Detectives that would testify that the victim had been shot once in the leg and once in

15   the arm and once in the head. The state would call Dr. Heidingsfelder, that would testify

16   he performed an autopsy on Eric Brey. And, he would testify that the shot that entered

17   into Eric Brey's leg, entered from the rear, entered into his leg, below the trouser pocket.

18   That it deflected and went into the abdomen. That he recovered a 380 slug from the

19   abdominal area of Eric Brey. And, he would also testify that he examined the head

20   injury. That he was shot in the head, approximately from the top of the head. He was

21   apparently in a kneeling position. And, Dr. Heidingsfelder would testify that he

22   recovered from the skull of Eric Brey a 380 hollow point round shot into the head of

23   Eric Brey, which had in fact been the cause of death. And, the State would call Dorcas

8

1    Anderson, and Erica Anderson, and Joseph Childress, that Joseph Childress is a brother

2    of the defendant. And, Erica is a niece of the defendant. And they would testify on

3    December the 16th, 2000, the defendant approached them and requested an alibi for the

4    night of December the 8th, 9th and 10th. There was discussion about a person being

5    killed. And, requested Dorcas Anderson and Joseph Childress to come to Metropolis,

6    and advised those individuals that he in fact had murdered Eric Brey. And, he referred

7    to him as a black man in Metropolis. And, all three of those individuals, Dorcas

8    Anderson, Joseph Childress and Erica Anderson, would testify that Ben Childress was

9    highly jealous of his wife Joanna Childress. And, they would testify that he said in

10   fact, the black man in Metropolis - that he had shot him several times, including in the

11   leg and in the head. And, the State would introduce in the trial, an affidavit of Jamie

12   Bremer, that would testify she was present when Ben Childress signed a statement, that

13   said he went to the residence of Eric Brey in Metropolis, Illinois. And, that the

14   defendant transported Eric Brey from the residence of his Mother to the area of

15   Unionville, Illinois. And, the defendant said that he confronted Eric Brey about having

16   has sexual relations with his wife. And, that Eric Brey admitted to having sex with his

17   wife. And, he told him to stay away from the affiant's wife. And, he made statement

18   about the affiant, and the affiant's wife. And, he shot him with a pistol. That would be

19   the statement notarized, given by the defendant. The proof would show everything

20   regarding the murder occurred in Unionville, where Eric Brey was found, after he had

21   been murdered, was in Massac County, Illinois.

22          THE COURT: Mr. Childress, anything you wish to add to, deny, or contradict in

23   that statement? You want to talk to Mr. Lloyd?

9

1    MR. CHILDRESS: Yes, I do.

2    (BRIEF RECESS)

3    MR. CHILDRESS: the only thing I would add further sir, is that the vehicle used

4    was a Lincoln. A red Lincoln, not a black blazer. And, I had no intentions for this

5    things to escalate to where it did. And, I know it does no good, but from my heart, I

6    apologize for what transpired.

7    THE COURT: Ok. Is there anything else you wish to add to, deny or contradict?

8    MR. CHILDRESS: I'm sorry.

9    THE COURT: Anything else you want to add to, deny or contradict?

10    MR. CHILDRESS: The time - the time was more like 20 minutes after 10. I

11    don't know if that means anything. But, that was the time. Other than that, no.

12    THE COURT: Do you have any questions about anything said or done to this

13    point?

14    MR. CHILDRESS: I don't know - I don't' think so.

15    THE COURT: Now, you've been how long in the county jail, Mr. Childress?

16    MR. CHILDRESS: Nine months sir.

17    THE COURT: And, are you taking any medication of any sort at this time/

18    MR. CHILDRESS: Yes. I am an insulin dependent diabetic.

19    THE COURT: What do you take for that?

20    MR. CHILDRESS: Insulin.

21    THE COURT: Anything else?

22    MR. CHILDRESS: No.

23    THE COURT: And, you have had an adequate supply of insulin. You've been

10

1      taking it as needed?

2           MR. CHILDRESS: Yes, I have. They haven't failed to bring it to me.

3           THE COURT: All right. And, your not under the influence of any alcohol or

4      drugs or anything?

5           MR. CHILDRESS: No. I don't use either one of those.

6           THE COURT: All right. The insulin has no effect on your ability to understand

7      and comprehend, is that correct?

8           MR. CHILDRESS: No sir.

9           THE COURT: Do you have any questions I can answer for you at this time?

10          MR. CHILDRESS: I don't - I can't think of anything.

11          THE COURT: Do you need to speak to Mr. Lloyd any more at this time?

12          MR. CHILDRESS: Maybe once more.

13          THE COURT: Go ahead.

14          (BRIEF RECESS)

15          MR. LLOYD: Thank you your Honor.   We are ready to start whenever the court

16      is.

17          THE COURT: All right. Any other questions Mr. Childress?

18          MR. CHILDRESS: I'm sorry sir?

19          THE COURT: Any other questions you might have/

20          MR. CHILDRESS:  No, no questions sir.

21          THE COURT: All right. I wasn't aware that your hard of hearing.

22          MR. CHILDRESS: Oh, I'm sorry. Yes sir.

23

11

1    THE COURT: Anything you need repeated?

2    MR. CHILDRESS: No sir.

3    THE COURT: All right.  The Court finds there is a factual basis for the plea on

4    each count.  The plea is being made freely, voluntarily and understandingly.  Mr.

5    Childress, in regard to Count 7, the charge being Second Degree Murder, how do you

6    plead on that charge?

7    MR. CHILDRESS: I plead guilty.

8    THE COURT: And, on Count 8, Aggravated Battery with a Firearm, how do you

9    plead?

10    MR. CHILDRESS: I plead guilty.

11    THE COURT: Do you have a written plea of guilty Mr. Lloyd? (BRIEF PAUSE)

12    Mr. Childress you've read and signed your plea of guilty and waiver of jury trial on

13    Counts 7 and 8?

14    MR. CHILDRESS: Yes sir.

15    THE COURT: Any questions about this form?

16    MR. CHILDRESS: No sir.

17    THE COURT: All right.  And, you have some statement you wish to make prior

18    to the Court pronouncing sentence?

19    MR. CHILDRESS: Yes sir, I would.  I don't know who Eric's family is out here.

20    But, nothing that I can say will change what happened.  I did not intend for this thing to

21    escalate in the way that it did.  Your family has been destroyed.  To my family - I didn't

22    mean to hurt you.  Everyone that has probably been in this position has probably said the

23    same things.  I didn't mean for it to happen.  They've all said the same things.  You've

12

1    heard that before. It doesn't change what has happened. I've thought about this, more

2    than anything night after night. And one main thing that has come to me, is that he had

3    children, just like I've got children. And, they've been destroyed because of something I

4    did. And, I can only ask that some day, if possible, to forgive me. Forgive me.   There

5    is nothing more that I can say. I can't change it. But, I will spend the rest of my life,

6    trying to find forgiveness from some place. Because what I've done is almost

7    unforgivable.

8            THE COURT: All right. Counsel is waiving a pre-sentence investigation?

9            MR. JACKSON: The State is so waiving.

10           MR. LLOYD: Defense counsel will waive your Honor.

11           THE COURT: All right. Mr. Childress any other questions?

12           MR. CHILDRESS: No sir.

13           THE COURT: All right. On your plea then to Count 7, pursuant to the plea, you

14   will be sentenced to the Department of Corrections for a period of 15 years. And, on

15   Count 8, the Aggravated Battery with a Firearm, you will be sentenced to a consecutive

16   term of 9 years in the Department of Corrections. You will be ordered to serve a period

17   of three years mandatory supervisory release, and to pay the cost associated with these

18   counts. The State is dismissing the other charges against Mr. Childress?

19           MR. JACKSON: That's correct.

20           – THE COURT: And, you will receive credit against the sentence for the time that

21   you've already served in the county jail You have a right to an appeal Mr. Childress.

22   Before you file any appeal, you would have to file in the next 30 days in the clerk's

23   office, a written motion asking that you be given leave to withdraw your plea of guilty

13

1   that you just made. Any grounds you fail to set forth in any motion you might file, you

2   would waive for purposes of any subsequent appeal. Should you be unable to hire an

3   attorney, one would be appointed for you. You would receive a transcript of this

4   hearing. If the motion to withdraw the plea is granted, the plea that you have entered

5   today, Counts 7 and 8 would be withdrawn, the charges would be reinstated and set for

6   trial. And, also on Motion of the State, any charges being dismissed would also be

7   reinstated and set for trial. On the other hand, if your motion to withdraw your pleas of

8   guilty is denied, you would have to file an appeal with the appellate court. You will

9   prepared a judgment then?

10              MR. JACKSON: Yes.

11              THE COURT: Anything else Mr. Jackson?

12              MR. JACKSON: No.

13              THE COURT: Mr. Lloyd?

14              MR. LLOYD: No.

15              THE COURT: Thank you all.

16                          WHICH WERE ALL THE PROCEEDINGS

17                          HAD IN SAID CAUSE ON SAID DATE.

18

19

20

21

22

14

# No. 5-05-0505

# IN THE APPELLATE COURT OF ILLINOIS

# FIFTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,**<br>    Plaintiff-Appellee, | )<br>)<br>)<br>) | Appeal from the Circuit Court<br>of the First Judicial Circuit,<br>Massac County, Illinois. |
| -vs- | )<br>) | No. 01-CF-11 |
| **GEORGE BENTON CHILDRESS,**<br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>) | Honorable<br>Terry Foster,<br>Judge Presiding. |

## PROOF OF SERVICE

Mr. Stephen E. Norris
Office of the State's Attorneys
Appellate Prosecutor
Rt. 15 East, P.O. Box 2249
Mt. Vernon, Illinois  62864

Mr. George Benton Childress
Register No. B82576
Pinckneyville Correctional Center
P.O. Box 999, 5835 State Route 154
Pinckneyville, IL 62274

    The undersigned, being first duly sworn on oath, deposes and says that she has served the required number of copies of the attached Motion for Leave to Supplement the Record on Appeal in the above-entitled cause on the above named persons on July 5, 2006, by: ____ United States Mail ____ Personal Service ____ United Parcel Service.

_____
Office of the State Appellate Defender
Fifth Judicial District
117 North Tenth Street, Suite #300
Mt. Vernon, IL 62864
618-244-3466

                COUNSEL FOR DEFENDANT-APPELLANT

SUBSCRIBED AND SWORN TO
Before me on July 5, 2006.

_____
NOTARY PUBLIC

Official Seal
Sheila Taaka
Notary Public State of Illinois
My Commission Expires 01/04/2010

RECEIVED
CLERK APPELLATE COURT
5TH DISTRICT — Mt. VERNON, IL

FILED

APR 2 7 2004

LORNA A. COSTA
CLERK APPELLATE COURT 5TH DIST.

NO. 5-02-0240

IN THE APPELLATE COURT OF ILLINOIS
FIFTH JUDICIAL DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,
    Plaintiff-Appellee,

    vs.

Appeal from the Circuit Court
of the 1st Judicial Circuit
Jasper County, Illinois
No. 01-CF-11

Hon. _____
Judge Presiding

Assistant State's Attorney
Jasper County Courthouse
1 Illinois Highway 15, Suite 2
Post Office _____
Mt. Vernon, IL 62864
(618) _____
COUNSEL FOR PLAINTIFF-APPELLEE

ORAL ARGUMENT REQUESTED

COURT

"Petitioner's Exhibit-D"

NO. 5-02-0540

IN THE APPELLATE COURT OF ILLINOIS

FIFTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br>Plaintiff-Appellee, | ) | Appeal from the Circuit Court<br>of the 1st Judicial Circuit |
| | ) | Massac County, Illinois |
| -vs- | ) | No. 01-CF-11 |
| | ) | |
| GEORGE CHILDRESS, | ) | Hon. Terry J. Foster, |
| Defendant-Appellant. | ) | Judge Presiding. |

## BRIEF AND ARGUMENT OF PLAINTIFF-APPELLEE

## POINTS AND AUTHORITIES

**PAGE**

I.  DISMISSAL OF DEFENDANT'S PRO SE MOTION FOR REDUCTION OF
    SENTENCE WAS PROPER BECAUSE DEFENDANT WAS REPRESENTED
    BY COUNSEL WHEN HE FILED HIS MOTION ........................................................ 7

   A. A represented defendant cannot proceed pro se unless he is claiming ineffective
      assistance of counsel .................................................................................................. 7

          Supreme Court rule 604(d) ................................................................................... 8

          *People v. Williams*, 97 Ill.2d 252, 454 N.E.2d 220, 73 Ill.Dec. 360 (1983)
          certiorari denied, *Williams v. Illinois*, 466 U.S. 981, 104 S.Ct. 2364,
          80 L.Ed.2d 836 (1984) ........................................................................................ 7

          *People v. Pondexter*, 214 Ill.App.3d 79, 573 N.E.2d 339,
          157 Ill.Dec. 921 (4th Dist., 1991) ....................................................................... 7

          *People v. Neal*, 286 Ill.App.3d 353, 675 N.E.2d 130,
          221 Ill.Dec.223 (4th Dist., 1996) ........................................................................ 7

          *People v. Handy*, 278 Ill.App.3d 829, 664 N.E.2d 1042,
          216 Ill.Dec.114 (4th Dist., 1996) ........................................................................ 8

B.   The Defendant filed his motion pro se even though he had representation, and
     he did not claim ineffective assistance of counsel ................................................. 8

          Supreme Court Rule 605(c) ................................................................................... 9

          Supreme Court Rule 604(d) ................................................................................... 9

          *People v. Everett*, 141 Ill.2d 147, 565 N.E.2d 1295, 152 Ill.Dec. 377 (1990) ...... 8

II.  DISMISSAL OF DEFENDANT'S MOTION WAS PROPER BECAUSE
     DEFENDANT FILED THE WRONG POST-PLEA MOTION UNDER SUPREME
     COURT RULE 604(d) ............................................................................................... 10

          Supreme Court Rule 604(d) ................................................ 10, 11, 12, 13, 14, 15, 16, 19

          *People v. Evans*, 174 Ill.2d 320, 673 N.E.2d 244, 220 Ill.Dec. 332 (1996) . 10, 11, 12, 17

          *People v. Linder*, 186 Ill.2d 67, 708 N.E.2d 1169, 237 Ill.Dec. 129 (1999) ........... 10, 12

     A.   Properly admonished defendants who negotiate their guilty pleas cannot
          subsequently attack their sentences without withdrawing their pleas, regardless
          of whether they are represented ....................................................................... 10

          Supreme Court Rule 605(c) ................................................................................... 11

          *People v. Goewey*, 345 Ill.App.3d 325, 802 N.E.2d 371,
          280 Ill.Dec. 446 (4th Dist., 2003) ......................................................................... 11

          *People v. Jamison*, 181 Ill.2d 24, 228 Ill.Dec. 920, 690 N.E.2d 995 (1998) ...... 12

          *People v. Foster*, 171 Ill.2d 469, 216 Ill.Dec. 565, 665 N.E.2d 823 (1996) ...... 12

          *People v. Barnes*, 291 Ill.App.3d 545, 684 N.E.2d 416,
          225 Ill.Dec. 731 (3rd Dist., 1997) ......................................................................... 13

          *People v. Griffin*, 305 Ill.App.3d 326, 713 N.E.2d 662,
          239 Ill.Dec. 131 (2nd Dist., 1999) ......................................................................... 14

          *People v. Brasseaux*, 254 Ill.App.3d 283, 660 N.E.2d 1321,
          214 Ill.Dec. 372 (2nd Dist., 1996) ......................................................................... 14

          *People v. Velasco*, 197 Ill.App.3d 589, 554 N.E.2d 1094,
          144 Ill.Dec. 55 (2nd Dist., 1990) ......................................................................... 14

2

*People v. Ledbetter*, 174 Ill.App.3d 234, 528 N.E.2d 375,
123 Ill.Dec. 830 (4th Dist., 1988) ................................................................ 14

*People v. Maltimore*, 268 Ill.App.3d 532, 644 N.E.2d 478,
205 Ill.Dec. 922 (5th Dist., 1995) ................................................................ 14, 15

*People v. Maltimore*, 161 Ill.2d 535, 647 N.E.2d 586,
207 Ill.Dec. 355 (1995) .............................................................................. 14

**B. The Defendant's motion was not an inartfully drafted motion to withdraw a plea, even if liberally construed** .......................................................... **15**

*People v. Barnes*, 291 Ill.App.3d 545, 684 N.E.2d 416,
225 Ill.Dec. 731 (3rd Dist., 1997) .............................................................. 17

*People v. Maltimore* 268 Ill.App.3d 532, 644 N.E.2d 478,
205 Ill.Dec. 922 (5th Dist.,1994) (vacated and remanded by *People v. Maltimore*,
161 Ill.2d 535, 647 N.E.2d 586, 207 Ill.Dec. 355 (1995) .................................. 17

*People v. Crosby*, 305 Ill.App.3d 211, 711 N.E.2d 1174,
238 Ill.Dec. 503 (1st Dist., 1999) ................................................................ 18

**III. ASSUMING THE COURT REACHES THE ISSUE, THE STATE CONCEDES THAT THERE SHOULD HAVE BEEN A FINDING BY THE CIRCUIT COURT REGARDING DEFENDANT'S CRIMINAL HISTORY, BUT THIS ERROR DOES NOT INVALIDATE DEFENDANT'S PLEA** ............................................ **21**

730 ILCS 5/5-3-1 (West 1996) ..................................................................... 21

*People v. Evans*, 273 Ill.App.3d 252, 651 N.E.2d 1143,
209 Ill.Dec. 695 (5th Dist., 1994) ............................................................... 21

*People v. Youngbey*, 82 Ill. 2d 556, 413 N.E.2d 416, 45 Ill. Dec. 938 (1980) .............. 21

*People v. Evans*, 174 Ill.2d 320, 673 N.E.2d 244, 220 Ill.Dec. 332 (1996) .................. 21

## **STANDARD OF REVIEW**

At issue in this case is whether the circuit court properly dismissed the Defendant's post-negotiated plea Motion for Reduction of Sentence. "A trial court's decision to deny a post-plea motion to modify sentence or withdraw a guilty plea will not be overturned absent a clear abuse of discretion." *People v. Barnes*, 291 Ill.App.3d 545, 684 N.E.2d 416,418, 225 Ill.Dec. 731 (3rd Dist., 1997).

## **BACKGROUND**

On November 5, 2001, Defendant plead guilty to second degree murder and aggravated battery with a firearm at a plea hearing while represented by counsel. (R.GP12) The charge of second degree murder was predicated on a fatal shot to the victim's head, and the charge of aggravated battery with a firearm was predicated on a shot to the victim's leg. (R.C203) In exchange for his plea, the State dismissed the first six counts of the indictment, including first degree murder charges against the Defendant and his wife, and the Defendant was sentenced to 15 and 9 years for the plead-to charges, to be served consecutively. (R.GP2,13) The circuit court judge accepted the plea and properly admonished Defendant under Supreme Court Rules 402 and 605, including telling Defendant that if he wanted to appeal his conviction, he would have to withdraw his plea within thirty days of sentencing. (R.GP13,14) On November 20, 2001, Defense Attorney Anthony Lloyd filed a motion to withdraw as counsel citing a "breakdown in communications." (R.C215) On December 5, 2001, Defendant filed a pro se motion for reduction of sentence, requesting that he serve his time for the two convictions concurrently, and not consecutively. (R.C221) On January 30, 2002, the State filed a Motion to Strike or Deny Defendant's Motion for Reduction of Sentence stating that Defendant had not filed an appropriate post-plea motion within the 30-day time limit. (R.C231) On February 11, 2002, the circuit court dismissed Defendant's motion on the grounds that Defendant had negotiated his plea and could not move to reduce his sentence, making the motion improper under Rule 604(d). (R.C244) On February 14, 2002, Defense Attorney Anthony Lloyd filed a motion requesting more time to answer the State's motion to strike, wherein he acknowledged that he was still counsel for the Defendant. (R.C245) As of February 14, 2002, the court had not yet ruled on counsel's motion to withdraw.

5

On May 13, 2002, Defendant filed a pro se late notice of appeal in the circuit court. (R.C357)  On November 1, 2002, This Court dismissed the appeal for lack of jurisdiction. (R.C383)  On February 5, 2003, our Supreme Court denied Defendant's petition for leave to appeal but ordered This Court to reinstate the appeal.  (R.C792)  On March 10, 2003, This Court reinstated Defendant's appeal.  (R.C792-293)  On appeal Defendant claims that the circuit court erred in dismissing his pro se motion for reduction of sentence without determining if he needed counsel appointed, and that the circuit court erred in sentencing Defendant without a presentence investigation report or a finding by the court regarding the Defendant's criminal history. (Def.Brief at 10,16)

6

## **ARGUMENT**

### I.   DISMISSAL OF DEFENDANT'S PRO SE MOTION FOR REDUCTION OF SENTENCE WAS PROPER BECAUSE DEFENDANT WAS REPRESENTED BY COUNSEL WHEN HE FILED HIS MOTION

#### **A.   A represented defendant cannot proceed pro se unless he is claiming ineffective assistance of counsel.**

Although defendants have either the right to counsel or the right to proceed pro se, they cannot proceed both ways simultaneously. *People v. Williams,* 97 Ill.2d 252, 454 N.E.2d 220, 226-227, 73 Ill.Dec. 360 (1983) certiorari denied, *Williams v. Illinois,* 466 U.S. 981, 104 S.Ct. 2364, 80 L.Ed.2d 836 (1984). "An accused has either the right to have counsel represent him or the right to represent himself; however, a defendant has no right to both self-representation and the assistance of counsel." *People v. Pondexter,* 214 Ill.App.3d 79, 573 N.E.2d 339,344, 157 Ill.Dec. 921 (4th Dist., 1991). The exception occurs when a defendant legitimately believes that his representation is ineffective. "[A] *pro se* motion filed while defendant in a criminal case has counsel, is "not properly before the court" unless, unlike here, the motion is directed to defendant's attorney's representation. That rule is an aspect of the doctrine that an accused can proceed by counsel or *pro se* but not in both capacities at the same time." *People v. Neal,* 286 Ill.App.3d 353, 675 N.E.2d 130,131, 221 Ill.Dec.223 (4th Dist., 1996) *(quoting People v. Pondexter,* 214 Ill.App.3d 79, 573 N.E.2d 339,345.)

A pro se motion by a represented defendant that does not allege ineffective assistance of counsel should be dismissed without consideration of the merits. In *People v. Handy,* the represented defendant plead guilty and subsequently filed a pro se motion for reduction of sentence. The Appellate Court held that:

"The trial court correctly ignored defendant's *pro se* motion for reduction of sentence because it was not properly before the court. Defendant was represented by counsel at all pertinent times. Accordingly, defendant had no authority to file *pro se* motions, and the court not only did not *need* to consider them, it should *not* have considered them. Defendant had the right to proceed *either pro se or* through counsel; he had no right to some sort of hybrid representation, whereby he would receive the services of counsel and still be permitted to file *pro se* motions."

*People v. Handy*, 278 Ill.App.3d 829, 664 N.E.2d 1042,1046, 216 Ill.Dec.114 (4th Dist., 1996).

An order affirming denial of a defendant's post-plea motion on the grounds of it being pro se renders the motion ineffective for purposes of perfecting appeal. "We...conclude that defendant's pro se motion for reduction of sentence was not properly before the trial court. Accordingly, that motion could not serve as a basis for compliance by defendant with the requirements of Supreme Court rule 604(d)." *Handy*, 278 Ill.App.3d 829, 664 N.E.2d at 1047.

**B. The Defendant filed his motion pro se even though he had representation, and he did not claim ineffective assistance of counsel.**

Dismissal of Defendant's pro se motion was the correct result, regardless of how the circuit court came to dismiss it. This correct result can be affirmed for reasons other than those employed by the circuit court. *People v. Everett*, 141 Ill.2d 147, 565 N.E.2d 1295,1300, 152 Ill.Dec. 377 (1990).

Defendant argues on appeal that the circuit court erred in dismissing his motion for reduction of sentence without first appointing counsel. However, the circuit court did not have to appoint counsel because the Defendant was represented at the time he filed his motion. Although Defendant's attorney, Anthony Lloyd, filed a motion to withdraw as counsel on November 20, 2001 (R.C215), his withdrawal was never ordered by the court. Defendant had representation up to and after his Motion for Reduction of Sentence filed on December 5, 2001 (R.C221) as evidenced by Attorney Lloyd's February 14, 2002 motion requesting additional time

8

to file an answer to the State's motion to strike the defendant's pro se motion. (R.C245) The motion states, "Now comes the Defendant...*by and through his attorney*, Anthony F. Lloyd..." and "...the Defendant filed a Motion for Reduction of Sentence on his own behalf..." (R.C245, *emphasis added*) The Defendant himself acknowledges Attorney Lloyd as his counsel at a date later than that of the filing of his pro se motion. In the affidavit accompanying his late notice of appeal, the Defendant says that *after his motion for reduction of sentence*, he wrote to his attorney ("my attorney") seeking to file an appeal. (R.C358)

Because the Defendant was thus continuously represented, the court below was not required to consider Defendant's pro se motion. It should be noted that the Defendant was given the proper Rule 605(c) admonishments during sentencing. Defendant was told that he had to file a motion to withdraw his plea in order to appeal his conviction, and that he had a right to assistance of counsel in preparation of that motion. (R.GP13,14) The Defendant nonetheless filed a motion for reduction of sentence pro se. (R.C221) The court also did not have to allow Defendant's motion under the exception to the rule against defendants proceeding both pro se and pro counsel because Defendant did not allege ineffective assistance of counsel in his motion. (R.C221,222) As such, the Defendant's pro se motion was a nullity under *Williams* and *Handy*, and could not count as a proper post-plea motion under Rule 604(d). Therefore This Court lacks jurisdiction of the appeal, and the appeal must be dismissed.

## II. DISMISSAL OF DEFENDANT'S MOTION WAS PROPER BECAUSE DEFENDANT FILED THE WRONG POST-PLEA MOTION UNDER SUPREME COURT RULE 604(d)

The Illinois Supreme Court has clarified Rule 604(d) in its holdings and reasoning in two

principal cases, *People v. Evans*, 174 Ill.2d 320, 673 N.E.2d 244, 220 Ill.Dec. 332 (1996), and

*People v. Linder*, 186 Ill.2d 67, 708 N.E.2d 1169, 237 Ill.Dec. 129 (1999). The holdings in these

cases are now incorporated in the following Illinois Supreme Court Rule:

> "No appeal shall be taken upon a negotiated plea of guilty challenging the
> sentence as excessive unless the defendant, within 30 days of the imposition
> of sentence, files a motion to withdraw the plea of guilty and vacate the judgment.
> For purposes of this rule, a negotiated plea of guilty is one in which the prosecution
> has bound itself to recommend a specific sentence, or a specific range of sentence,
> or where the prosecution has made concessions relating to the sentence to be
> imposed and not merely to the charge or charges then pending. The motion shall
> be in writing and shall state the grounds therefor."

S. Ct. Rule 604(d)

### A. Properly admonished defendants who negotiate their guilty pleas cannot subsequently attack their sentences without withdrawing their pleas, regardless of whether they are represented.

If a defendant negotiates his plea and is subsequently unhappy with his sentence, the trial

court cannot reconsider that sentence. "[F]ollowing the entry of judgment on a negotiated guilty

plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the

guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are

returned to the *status quo*." *Evans*, 174 Ill.2d 320, 673 N.E.2d 244,250. The Court's holding

relies on an analysis of contract principles, and a recognition that defendants who negotiate their

pleas must be held to their bargain, if the State is to be held to its bargain. "Each defendant then

unilaterally sought to reduce his sentence by filing a motion for sentence reconsideration. In

effect, the defendants are seeking to hold the State to its part of the bargain while unilaterally

10

modifying the sentences to which they had earlier agreed. Such a practice flies in the face of contract law principles...the defendants' efforts unilaterally to reduce their sentences while holding the State to its part of the bargain cannot be condoned." *Evans*, 174 Ill.2d 320, 673 N.E.2d 244 at 247, 248.

Negotiated pleas are "not only constitutional, but also vital to and highly desirable for our criminal justice system." *Evans*, 174 Ill.2d 320, 673 N.E.2d at 247. It is therefore important that negotiated pleas are not easily corruptible. That incorruptibility is achieved by disallowing unilateral post-plea sentence modifications by defendants. Otherwise courts would "encourage gamesmanship of a most offensive nature" because:

> "The accused could negotiate with the State to obtain the best deal possible in modifying or dismissing the most serious charges and obtain a lighter sentence than he would have received had he gone to trial or entered an open guilty plea, and then attempt to get that sentence reduced even further by reneging on the agreement."

*Evans*, 174 Ill.2d 320, 673 N.E.2d at 248 (*quoting United States ex rel. Williams v. McMann*, 436 F.2d 103, 106 (2d Cir. 1970)).

However, a defendant who negotiates his sentence must be properly admonished at his sentencing hearing or the filing of the improper post-plea motion should be excused and the defendant given the opportunity to file the correct motion. *See* Illinois Supreme Court Rule 605(c) *and People v. Goewey*, 345 Ill.App.3d 325, 802 N.E.2d 371,372, 280 Ill.Dec. 446 (4th Dist., 2003).

Noncompliance with correct 604(d) procedure results in a lack of jurisdiction in the court of appeals. Assuming that a defendant was properly admonished under Rule 605(c), an improper motion for reduction of sentence should be dismissed, and if a proper motion to withdraw a plea is not filed within thirty days of sentencing, the defendant has not perfected his appeal. Our

Supreme Court so held in *Linder*, "Because neither [defendant] moved to withdraw his guilty plea and vacate the circuit court's judgment, as required by Rule 604(d) and by *Evans*, the circuit court correctly refused to reconsider their sentences. In addition, the appellate court should not have entertained defendants' appeals.  Where a defendant fails to comply with the motion requirements of Rule 604(d), as these defendants did, the appellate court must dismiss the appeal, [*citing People v. Jamison*, 181 Ill.2d 24, 2829, 228 Ill.Dec. 920, 690 N.E.2d 995 (1998)], leaving the PostConviction Hearing Act as the defendant's only recourse." [*citing People v. Foster*, 171 Ill.2d 469, 471, 216 Ill.Dec. 565, 665 N.E.2d 823 (1996)]. *Linder*, 186 Ill.2d 67, 708 N.E.2d at 1173.

All of the foregoing policy and rationale supports the correct conclusion that should be drawn from *Evans*:  Elimination of post-plea reductions in negotiated sentences is of paramount importance, even if it means ignoring a trial court's failure to comply with 604(d) provisions relating to counsel.  In *Evans*, defense counsel failed to file a 604(d) certificate in the trial court but the court dismissed the defendant's motion for reduction of sentence without addressing that defect. *Evans*, 673 N.E.2d at 246.  The Appellate Court addressed the defect on appeal and remanded the case.  On appeal by the State of that ruling, this defect was again ignored by our Supreme Court. *The defect was "trumped" by the filing of the wrong post-negotiated plea motion*.  The Court affirmed the trial court's ruling on the motion notwithstanding the defect.  In short, our Supreme Court found it more important to bar the negotiated plea defendants from moving to reduce their sentences than to correct the non-jurisdictional error of failure to file a Rule 604(d) certificate.

Ignoring the lesson of *Evans*, the Appellate Court has held that when an unrepresented defendant files a pro se motion to reduce sentence, the trial court's failure to comply with 604(d)

12

counsel provisions outweighs the fact that a defendant filed the wrong 604(d) post-plea motion. *People v. Barnes*, 291 Ill.App.3d 545, 684 N.E.2d 416, 225 Ill.Dec. 731 (3rd Dist., 1997). *Barnes* is the only decision relied on by the Defendant that actually stands for the preceding proposition and was decided after *Evans*. All of the other cases upon which Defendant relies can either be distinguished from the present case on their facts, or were decided before *Evans*.

First, *Barnes* was wrongly decided under *Evans*. The impropriety of the defendant's motion in *Barnes* should have trumped the procedural concerns with appointment of counsel because like the 604(d) certificate requirement which was ignored in *Evans*, the 604(d) appointment of counsel for post-plea motions requirement addresses a question of representation. A question of representation, as the decision in *Evans* shows, cannot override the jurisdictional defect of failing to move to withdraw a negotiated plea. Our Supreme Court has never held that properly admonished negotiated plea defendants who improperly move to reduce their sentences are excused from filing the correct motion because they were not appointed counsel. Instead, the focus in *Evans* was on the jurisdictional defectiveness of a motion to reduce sentence filed by a defendant who had negotiated his plea, without regard for the trial court's failure to comply with 604(d) provisions relating to counsel. The decision in *Barnes* and any other case after *Evans* allowing 604(d) provisions relating to counsel to trump the filing of the wrong 604(d) motion is therefore wrongly decided. Furthermore, the decision in *Barnes* is wrong based on the language of Rule 604(d) itself. The requirement of filing a motion to withdraw precedes the requirement that the court inquire if the defendant wants counsel for "the motion." Hence, the reference to "the motion" presupposes that the correct motion has been filed.

13

Defendant principally relies on four other cases in addition to *Barnes* in order to show it was error to dismiss his improper 604(d) motion without a determination of whether he required counsel. As previously mentioned, each of these can be distinguished either because it was decided before *Evans*, and *Evans* contradicts Defendant's proposition, or on its facts, or both. In *People v. Griffin*, 305 Ill.App.3d 326, 713 N.E.2d 662, 239 Ill.Dec. 131 (2nd Dist., 1999), the defendant entered into an *open plea*, and he did not actually file any post-plea motion. In *People v. Brasseaux*, 254 Ill.App.3d 283, 660 N.E.2d 1321, 214 Ill.Dec. 372 (2nd Dist., 1996), the negotiated plea defendant filed a pro se motion for reduction of sentence on April 15, 1992, and there was no discussion of its impropriety under Rule 604(d) because *Evans* had not yet been decided. *Brasseaux*, 660 N.E.2d 1321,1323. Cases decided before *Evans* in which the Appellate Court appeared to forgive the filing of a motion to reduce a negotiated sentence are unpersuasive here, where a post-*Evans* defendant filed the wrong motion under a post-*Evans* revision of Rule 604(d) after proper admonishments. Furthermore, *People v. Velasco*, 197 Ill.App.3d 589, 554 N.E.2d 1094, 144 Ill.Dec. 55 (2nd Dist., 1990) and *People v. Ledbetter*, 174 Ill.App.3d 234, 528 N.E.2d 375, 123 Ill.Dec. 830 (4th Dist., 1988) were also both decided before *Evans*, and both defendants in those cases filed motions to withdraw their pleas, hence no issue regarding an uncounseled failure to file the right jurisdictional motion arose in either case.

Also, the State recognizes that This Court in *People v. Maltimore*, 268 Ill.App.3d 532, 644 N.E.2d 478, 205 Ill.Dec. 922 (5th Dist., 1995) affirmed the trial court's dismissal of a pro se motion for reduction of sentence on facts similar to those in the present case, and that the case was vacated and remanded by our Supreme Court so that the defendant would have another chance to file the correct post-plea motion with assistance of counsel. *See People v. Maltimore*, 161 Ill.2d 535, 647 N.E.2d 586, 207 Ill.Dec. 355 (1995). However, our Supreme Court

14

remanded *Maltimore* before it decided *Evans,* and the facts were not identical in that the

*Maltimore* defendant requested assistance of counsel and none was provided. *Maltimore,* 644

N.E.2d 478, 480.

**B.   The Defendant's motion was not an inartfully drafted motion to withdraw a plea, even if liberally construed.**

The Defendant concedes that the circuit court could not have reduced his sentence.

(Def.Brief at 12)  However, he argues that the circuit court should have liberally construed his

motion to reduce sentence as a motion to withdraw a plea because he was unrepresented, and the

motion should not have been dismissed on 604(d) procedural grounds without a determination of

whether he required the assistance of counsel. (Def.Brief at 10)  Both prongs of Defendant's

argument assume that the defendant did not have representation, and the Defendant glosses over

the fact of representation in order to make the argument. (Def.Brief at 7)  As previously

discussed, the Defendant was represented when he made his motion.  However, the State will

assume arguendo that the Defendant was unrepresented and separately address the contention

that the Defendant's motion was an inartfully drafted motion to withdraw a plea.

First, the language in Defendant's motion does not suggest a desire to withdraw his plea.

The Defendant was properly and specifically admonished during sentencing that in order to

appeal his conviction, he would have to file a motion to withdraw his plea:

> THE COURT: "Before you file any appeal you would have
> to file in the next 30 days in the clerk's office, a written motion
> asking that you be given leave to withdraw your plea of guilty
> that you have just made."

(R.GP13)

Despite the foregoing admonishment, Defendant filed a Motion for Reduction of

Sentence and did not move to withdraw his plea.  The Defendant's request for relief states:

15

"[Defendant] prays the Court will review the terms of imprisonment and grant relief on his

Motion For Reduction Of Sentence. Defendant further prays that the Court will enter an order

thereby amending his sentence to concurrent terms of imprisonment to be served in the Illinois

Department of Corrections." (R.C222) This language clearly refutes the Defendant's suggestion

on appeal that the circuit court dismissed the motion simply because it was "titled" as a motion

to reduce sentence. (Def.Brief at 10) Defendant's motion was titled appropriately given that

what he actually asked for was a reduction in his sentence, and what he exclusively complained

of was the length of time to be served, not any conviction itself. Therefore, the Defendant did

not mistakenly mistitle his post-plea motion. Accordingly, any result other than the result below

would contravene the policy supporting Rule 604(d) and the reasoning behind *Evans* and *Linder*

because the Defendant unilaterally attempted to modify the terms of his negotiated agreement

with the State.

Defendant contends that he could have drafted a proper motion to withdraw a plea had he

consulted with counsel. (Def.Brief at 15) However, there is nothing in the record to show that

he did not consult with counsel. In fact, in his late notice of appeal, the Defendant states in his

affidavit that he talked to his attorney about appealing his sentences and convictions on

November 15, 2001. (Def.Brief at A17) Curiously, Defendant's attorney moved to withdraw as

counsel five days later on November 20, 2001. (R.C215) For all anyone knows, defense counsel

moved to withdraw because he refused to endorse an improper motion. This sequence of events

between Defendant and his counsel is highly suggestive of a purpose on the Defendant's part to

act outside of his representation in order to obtain relief that was wholly unavailable. It is

certainly possible that the Defendant did not want to avail himself of his only legal option, i.e. he

did not truly want to withdraw his plea and either re-negotiate a plea or be tried on the original

16

charge of first degree murder. This situation is nearly identical to that of *Maltimore*, where This Court concluded that the defendant "negotiated his sentences and found them fair and just under the circumstances. He must now abide by his word, accept responsibility for his acts, consummate his agreement, and quit trying to beat the system." *People v. Maltimore*, 268 Ill.App.3d 532, 644 N.E.2d 478,482.

This Court is asked to rule in accordance with the decision in *People v. Barnes* that the defendant's pro se motion for reduction of sentence should have been construed as a motion to withdraw a plea by the circuit court. *People v. Barnes*, 291 Ill.App.3d 545, 684 N.E.2d 416, 225 Ill.Dec. 731 (3rd Dist., 1997). Assuming that *Barnes* was correctly decided, it is still distinguishable from the present case because the Appellate Court acknowledged that specific language within the defendant's pro se motion for reduction of sentence tended to show the defendant's desire to withdraw her plea. *Barnes*, 291 Ill.App.3d 545, 684 N.E.2d at 418. This Court has also recognized that a pro se post-plea motion for reduction of sentence may sometimes express a desire to withdraw a plea. *People v. Maltimore* 268 Ill.App.3d 532, 644 N.E.2d 478, 482, 205 Ill.Dec. 922 (5th Dist.,1994) (vacated and remanded by *People v. Maltimore*, 161 Ill.2d 535, 647 N.E.2d 586, 207 Ill.Dec. 355 (1995)). However, *Barnes* and *Maltimore* do not support the proposition that pro se motions for reduction of sentences are to be liberally construed per se, but only where there is language within that actually suggests a desire to withdraw a plea. Defendant's motion does not contain language suggestive of any other desire than the desire to have his sentence reduced.

Second, a motion to withdraw a negotiated plea must allege "manifest injustice" in the plea itself. *Evans*, 174 Ill.2d 320, 673 N.E.2d 244 at 247, Ill.Dec. 332 (1996). The Defendant's motion for reduction of sentence does no such thing. The motion before the court did not

17

indicate that the Defendant's choice to plead rather than go to trial was tainted by an improper influence. The Defendant did not allege that his plea was involuntary, he did not say that he was mislead about the law by the court or that he had a defense and the facts were hidden from him by the State or counsel. The Defendant did not indicate he was mislead about the prospects of a greater sentence if he went to trial. Perhaps in order to reconcile the fact that his motion exclusively requested a reduction in sentence, the Defendant suggests that the circuit court should have viewed his motion in light of statements that are not part of the record below, but rather statements made subsequent to the court's ruling. (Def.Brief at 14) The Defendant attempts to characterize his motion as an attack on his plea by citing his subsequent statements made in the Appellate Court in his affidavit supporting his motion for leave to file late notice of appeal. (Def.Brief at A4) However, the circuit court was not privy to these later statements, and could not possibly have divined them in order to liberally construe Defendant's motion as an actual attack on his plea. The court was not in any way apprised of a "manifest injustice" and such a contention cannot be retroactively superimposed on the Defendant's facially obvious attack of his sentence.

Third, it should be noted that Defendant requested the adjustment to his sentence based on an untenable argument. When convictions are based on separate physical acts in the "charging instrument," a defendant may properly receive consecutive sentences. *See People v. Crosby*, 305 Ill.App.3d 211, 711 N.E.2d 1174, 238 Ill.Dec. 503 (1st Dist., 1999). The Defendant proposed in his motion for reduction of sentence that his sentences should be served concurrently because both of his convictions stem from the same physical act. (R.C221, 222) However, the record clearly shows that Defendant was charged based on two separate physical acts. The charge of Aggravated Battery with a Firearm was based upon a shot to the victim's

18

leg, and the charge of Second Degree Murder was based on a fatal shot to the head. (R.C35) Defendant's untenable argument is repeated on appeal to suggest that his motion was an attack on his plea. (Def.Brief at 14) However, this legally inadequate argument cannot serve as a basis for a withdrawal of Defendant's plea, and therefore it did not constitute an attack on the legitimacy of Defendant's plea.

Finally, still assuming arguendo that the Defendant was not represented when he filed his motion, it should be of no consequence under *Evans*. The fact that Defendant filed the wrong motion in both title and spirit should trump Defendant's argument on appeal that the circuit court erred in dismissing his motion without first appointing counsel. Our Supreme Court overlooked the procedural noncompliance relating to assistance of counsel in *Evans* in favor of the more important jurisdictional requirements of Rule 604(d). The *Evans* defendants negotiated their pleas and therefore were completely barred from moving to reduce their sentences, and the same should apply to the Defendant in the present case. Under *Evans*, Defendant's jurisdictional failure is more important than the court's technical failure to determine if he required counsel. (Certainly this is especially true given that Defendant was in fact represented when he filed his motion.)

It is not "implicit" in our Supreme Court's remand of this case with directions to file the late notice of appeal that Defendant's motion invoked the circuit court's jurisdiction, and that his motion was a legitimate attack on his plea. (Def.Brief at 14) The relief requested by the Defendant in his Petition for Leave to Appeal was identical to the relief he requests from This Court. (Def.Pet. at 13) Our Supreme Court could have granted this identical relief, but it did not. Our Supreme Court did not vacate the circuit court's order denying Defendant's motion, and the cause was not remanded for appointment of counsel and further post-plea proceedings.

19

For all of the foregoing reasons the dismissal of Defendant's Motion to Reduce Sentence should be upheld, and any appeal of his conviction is barred because the Defendant has failed to invoke the jurisdiction of this court.

### III. ASSUMING THE COURT REACHES THE ISSUE, THE STATE CONCEDES THAT THERE SHOULD HAVE BEEN A FINDING BY THE CIRCUIT COURT REGARDING DEFENDANT'S CRIMINAL HISTORY, BUT THIS ERROR DOES NOT INVALIDATE DEFENDANT'S PLEA

Under Section 5-3-1 of the Unified Code of Corrections, presentence investigation reports can be waived when the sentence has been agreed to by both the defendant and the State, so long as the defendant's criminal history is taken into account. At the negotiated plea hearing in this case, the Defendant and the State waived the presentence investigation report, and the sentence was agreed upon between them. (R.GP13) However, Defendant's criminal history was not taken into account by the court before agreeing to that sentence and entering judgment.

The remedy for this failure by the circuit court is remand for a new sentencing hearing in compliance with Section 5-3-1. This error is not cause to vacate Defendant's guilty plea. *People v. Evans*, 273 Ill.App.3d 252, 651 N.E.2d 1143, 209 Ill.Dec. 695 (5th Dist., 1994). Criminal histories and presentence investigation reports are for the benefit of the sentencing judge, and are not rights upon which defendants can get relief from conviction. The Defendant so admits in his discussion of *People v. Youngbey*, 82 Ill. 2d 556, 413 N.E.2d 416, 45 Ill. Dec. 938 (1980). (Def.Brief. at 17-18) Most importantly, the language in the Supreme Court *Evans* decision cannot be read to mean that pleas should be vacated if the circuit court does not take criminal history into account. Rather, the fact that pleas and sentences go "hand in hand as material elements of the plea bargain" supports the holding that negotiated plea defendants cannot reduce their sentences without withdrawing their pleas. *Evans*, 174 Ill.2d 320, 673 N.E.2d 244,250, 220 Ill.Dec. 332 (1996).

21

## CONCLUSION

The People respectfully request, based on the foregoing arguments, that This Court dismiss Defendant's appeal, or affirm the dismissal of his post-plea motion, and tax costs accordingly.

Respectfully submitted,

Hon. Joe Jackson
State's Attorney
Massac County Courthouse
P.O. Box 152
Metropolis, IL  62960

Norbert J. Goetten
Director
Stephen E. Norris
Deputy Director
Deirdre A. Hosler
Staff Attorney
Office of the State's Attorneys
  Appellate Prosecutor
730 E. Illinois Highway 15, Suite 2
P.O. Box 2249
Mt. Vernon, IL  62864
(618) 244-2107
COUNSEL FOR PLAINTIFF-APPELLEE

ORAL ARGUMENT REQUESTED

22

NO. 5-02-0540
IN THE APPELLATE COURT OF ILLINOIS
FIFTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| Plaintiff-Appellee, | ) | of the 1st Judicial Circuit |
| | ) | Massac County, Illinois |
| -vs- | ) | No. 01-CF-11 |
| | ) | |
| GEORGE CHILDRESS, | ) | Hon. Terry J. Foster, |
| Defendant-Appellant. | ) | Judge Presiding. |

STATE OF ILLINOIS    )
                ) SS
COUNTY OF JEFFERSON    )

The undersigned states that she served the required number of copies of appellee's Brief and Argument upon the persons named and in the manner shown below, on the 13th day of April, 2004.

Daniel M. Kirwan, Deputy Defender
Office of the State Appellate Defender
730 E. Illinois Highway 15, Suite 1
Mt. Vernon, IL 62864

_____ by placing said copies in the U.S. Mail at Mt. Vernon, Illinois with postage fully prepaid.

___✓___ by personal service.          _Janet Schum_

Subscribed and sworn to before
me this 13th day of April, 2004.

_____
Notary Public

OFFICIAL SEAL
JANET YAEGER
Notary Public, State of Illinois
Commission Expires 06-05-2004

cc: Hon. Joe Jackson, State's Attorney

NO. 5-05-0505

IN THE SUPREME COURT OF THE STATE OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, RESPONDENT, | ) ) ) ) ) | PETITION FOR LEAVE TO APPEAL FROM THE APPELLATE COURT OF ILLINOIS, FIFTH DISTRICT. |
| V. | ) ) ) ) | THERE HEARD ON APPEAL FROM THE CIRCUIT COURT FOR THE FIRST JUDICIAL CIRCUIT, |
| GEORGE BENTON CHILDRESS, PETITIONER. | ) ) ) ) ) | MASSAC COUNTY ILLINOIS. THE HONORABLE TERRY J. FOSTER, JUDGE PRESIDING. |

## PETITION FOR LEAVE TO APPEAL

TO THE HONORABLE JUSTICE OF THE SUPREME COURT OF THE STATE OF ILLINOIS:

May it please the COURT:

### I.

#### PRAYER FOR LEAVE TO APPEAL

Your Petitioner, GEORGE BENTON CHILDRESS, Pro se, respectfully petitions tthis

Honorable Court for Leave to Appeal pursuant to Supreme Court Rule 315, from the

judgement of the Appellate Court of Illinois, Fifth District, which affirmed the

Judgement of conviction entered by the Circuit Court of Massac County, Illinois upon

the Plea Agreement, finding petitioner guilty of Second- Degree Murder And Aggravated

Battery With A Firearm.

"Petitioner's Exhibit-G"

II.

## OPINION AND PROCEEDINGS BELOW

On November 5, 2001, Petitioner was found guilty of Second-Degree Murder And Aggravated Battery w/ A Firearm . Petitioner was subsequently sentenced to 15 & 9years consecutively upon his conviction. He appealed this conviction. He appealed this conviction to the Illinois Appellate Court, Fifth District. On December 27, 2006, the Court delivered it's opinion in said appeal, affirming the judgement of conviction and sentence. No petition for rehearing was filed.

III

## POINTS RELIED UPON FOR REVERSAL

A. The conviction for Aggravated Battery with a Firearm, should be reversed, because it was carved from the underlying felony of Second-Degree Murder, thus prejudicing the defendant.

B. The defendant was prejudiced by the State convicting him of more than one offense, and multiple acts, where the Aggravated Battery with a Firearm was a lesser included offense of the underlying felony of Second-Degree Murder.

C. The defendant's multiple act convictions for Second-Degree Murder, and Aggravated with a Firearm were interrelated, and concurrent sentences should have been imposed, rather than consecutive sentences.

D. The defendant's constitutionally protected right(s) prohibiting multiple punishments for the same offense/Double Jeopardy, were discarded by the State, in violation of USC Amm.5, and USC Amm.14; when they convicted the defendant of Second-Degree Murder (the underlying felony), and Aggravated Battery with a Firearm.

E. The defendant did not receive the benefit of the plea bargain, because the State did not keep it's promise to drop the initial six counts.

## IV.

### STATEMENT OF FACTS

On December 8, 2000, the defendant George Benton Childress, in Massac County, Illinois, did in fact meet with the victim Eric Brey. The defendant confronted the victim about being sexually involved with the defendant's wife.

The victim admitted having sexual relations with the defendant's wife. Shortly thereafter, the defendant and the victim argued, a fight insued and the defendant fired several rounds at the victim, striking the victim in the leg, arm, and head. the victim died as a result of the gunshot to his head .

The defendant committed this act alone, and was susequently arrested, and plead guilty to Second-Degree Murder and Aggravated Battery with a Firearm, in exchange for the State not presecuting the defendant's wife Joanna C. Childress.

**V.**

**ARGUMENT - A**

I. The victim Eric Brey, was shot several times in rapid succession (<u>Negotiated</u> <u>Plea</u> transcript 2001-CF-11, page8, lines 6-15).

(a) The defendant admitted shooting the victim several times (<u>Negotiated Plea</u> transcript 2001-CF-11 page9, lines 8-21).

(b) The State's witness, Jason, stated that, "he heard a few shots, a pause in time, and a few more shots" (<u>Negotiated Plea</u> transcript 2001-CF-11, page8, lines 6 thru 9).

(c) The Police Detectives stated that,the victim Eric Brey was shot three times (<u>Negotiated Plea</u> pages8, lines 13 thru 15).

(d) The defendant committed Second-Degree Murder in a continuous act.

(e) "Under King,its improper for defendant s conduct to result in multiple convictions if the convictions are on precisely the same physical act, or if any of the offenses are lesser included offenses; otherwise, multiple convictions may be entered, People v. Rodriguez, 214 Ill Dec. 451, 661 N.E. 2d 305, 169 Ill. 2d 183.

**V.**
## ARGUMENT – B

11. The defendant was indicted by the Grand Jury, on the 5th of February 2001
and charged with 3 counts of First–Degree Murder (BILL OF INDICTMENT), Count IV,
Count V, and Count VI.

(a) Aggravated Battery with a Firearm, was not part of the original indictment.

(b) The Second– Degree Murder charge, replaced the original charge of First–Degree
Murder, as the underlying felony.

(c) Ill. App. 1 Dist. 1994. "Multiple convictions based on single act cannot
stand where if some are lesser included offenses and to be classified as lesser included
offenses and to be classified as lesser included offenses, all the elements must
be included within the greater offense or there must be less culpable mental state",
People v. Rodriguez, 204 Ill. Dec. 509, 641 N.E. 939, 267 Ill. App. 3rd 942, appeal
allowed 207 Ill. Dec. 522.

## V.

### ARGUMENT – C

III.  The State's witness Jason (<u>Negotiated Plea</u> 2001-CF-11, page8, lines 6-9) stated that he heard approximately six shots, in two bursts of three.

(a) the underlying felony of Second-Degree Murder, was interrelated to the Aggravated Battery with a Firearm.

(b) People v. King, 363 N.E. 2d 838 – "As long as there are multiple acts as defined in "King", there interrelationship does not preclude multiple convictions and the imposition of concurrent sentences based upon them", (quoting from People v. Myers 426 N.E. 2d 538).

(c) "Prejudice to a defendant results when when he is convicted of more than one offense based on the same conduct, and one offense is a lesser included offense of the other, People v. Garcia, 142 Ill. Dec. 430, 552 N.E. 2d 1171, 195 Ill. App. 3d 621.

(d) offence was firing weapon(s) at victim during altercation in violation of        ILCS            which resulted in death of victim

and subsequently ruled second degree murder by the trier of the facts Honorable Judge Terry J. Foster in Negotiated Plea 2001-CF-11 * Nov-5-2001

(E) Trier of the facts can not except guilty plea of double jeopardy even in plea agreement.?

find this case, or something showing the opposite – in the law before proceeding.

**V.**
**ARGUMENT – D**

IV. "The Illinois Supreme Court in People v. Henry (204 Ill. Dec. 267, 273
Ill. Dec. 374, 789 N.E. 2d 274 (2003) stated that the prohibition against Double
Jeopardy "protects against three distinct abuses: (1) a second prosecution for the
same offense after aquittal ; (2) a second prosecution for the same offense after
conviction: and (3) multiple punishments for the same offense" People v. Henry 204
Ill. 2d 267, 283, 273 Ill. Dec. 374, 789 N.E. 2d 274 (2003), quoting People v. Placek,
184 Ill. 2d 370, 376-77, 235 Ill. Dec. 44, 704 N.E.2d 393 (1988).

(a) In the case at bar, the defendant was given "multiple punishments for the
same offense", in violation of USC Amm.5, and USC Amm.14.

**V.**
**ARGUMENT – E**

V. The <u>BILL OF INDICTMENT</u> from the Grand Jury COUNT'S I, II, and III were for

FIRST-DEGREE MURDER, against JOANNA C. CHILDRESS.

(a) COUNT'S IV, V, AND V1 of the <u>BILL OF INDICTMENT</u> were for FIRST-DEGREE MURDER

against the defendant GEORGE BENTON CHILDRESS.

(b) The defendant entered into a plea agreement with the State to receive the

benefit of his wife (JOANNA C. CHILDRESS) not be prosecuted in the death of the victim

ERIC BREY.

(c) The state agreed not to prosecute the defendants wife, in exchange for

the defendant pleading guilt to the State's supplemental information, alleging a

COUNT 7, SECOND-DEGREE MURDER, and COUNT 8 AGGRAVATED BATTERY with a FIREARM.

(d) The State said in the <u>NEGOTIATED PLEA</u> 2001-CF-11, page2, lines 1-11, that

they (the STATE) would dimiss the first six counts of the indictment (page2, lines

10 and 11).

(e) Since the defendant was never charged with COUNTS 1, II, or JII, the State

could have only meant that it was not going to prosecute the defendant's wife (JOANNA

C. CHILDRESS), as only she was charged in COUNTS I, II and III.

(f) After the defendant had plead guilty and received his sentence, the State

broke the plea agreement by prosecting, sentencing, and incarcerating (for 28years,

longer than the defendant who plead guilty to solely committing the offense) the

defendant's wife, thereby denying the defendant the  benefit of the bargain.

## VI.

## CONCLUSION

For the reasons stated herein, the Petitioner prays this HONORABLE COURT will grant the relief that is just in it's wisdom, and correct in fundamental fairness whatsoever is unjust.

Respectfully Submitted,

_____
George Childress, Pro se

Register No. B82576_____
P.O. Box 999
Pinckneyville IL. 62274

NO. 5-05-0505

IN THE SUPREME COURT OF THE STATE OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appelle, | ) ) ) ) ) | PETITION FOR LEAVE TO APPEAL FROM THE APPELLATE COURT OF ILLINOIS, FIFTH DISTRICT. |
| V. | ) ) ) | THERE HEARD ON APPEAL FROM THE CIRCUIT COURT FOR THE FIRST JUDICIAL CIRCUIT, |
| GEORGE BENTON CHILDRESS, Defndant-Appellant, Pro Se. | ) ) ) | MASSAC COUNTY ILLINOIS. THE HONORABLE TERRY J. FOSTER, JUDGE PRESIDING. |

## MOTION FOR LEAVE TO FILE AND PROCEED IN FORMA PAUPERIS

Now come the petitioner, George Benton Childress, pro se, before this Honorable Court, and moves this Court to enter an order granting him leave to file in forma pauperis on the attached intent to file and leave to appeal to the Illinois SUPREME Court, and for reasons in support thereof, petitioner states the following, to wit:

1. That petitioner is in custody of the state of Illinois, under the Department of Corrections of said state, pursuant to an order entered on November 7, 2001, under indictment number 2001-CF-11 in the Circuit Court of the First Judicial Circuit, Massac County, Illinois.

2. That the petitioner is without funds, assets, personal or real property to defray the costs of the proceedings on the attached intent to file and leave to appeal to the Illinois Supreme Court.

WHEREFORE, the petitioner prays this Honorable Court will enter an order granting his intent to file and proceed in forma pauperis on the attached intent to file and leave to appeal to the Illinois Supreme Court.

Prayerfully Submitted,

/s/_____

GEORGE B. CHILDRESS
Defendant-Appellant
Pro Se.

NO. 5-05-05-0505

IN THE APPELLATE COURT OF ILLINOIS

FIFTH JUDICIAL DISTRICT, (DIVISION)

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br>Plaintiff-Appellant,<br><br>V.<br><br>GEORGE BENTON CHILDRESS,<br>Defendant-Appellant. | APPEAL FROM THE CIRCUIT COURT<br>OF ILLINOIS<br><br>NO. 5-05-0505<br><br>THE HONORABLE TERRY J. FOSTER,<br><br>JUDGE PRESIDING. |

### PROOF/CERTIFICATE OF SERVICE

LEONARD PATRICK WINDHORST,STATES ATTORNEY
MASSAC COUNTY COURTHOUSE
SUPERMAN SQUARE
METROPOLIS,IL. 62960

APPELLATE COURT, FIFTH DISTRICT
14TH & MAIN STS.
MOUNT VERNON, IL. 62864

I, GEORGE BENTON CHILDRESS, sworn under oath, duly depose and swear that I

have served a copy of the attached Petition for Leave to Appeal on the above mentioned

parties, and on the Clerk of the Illinois Supreme Court and the Illinois Appellate

Court on this 9th day of February, 2007.

I do further depose that I placed a true copy of the aforementioned document(s)

in the United States Mail at the Pinckneyville Correctional Center, properly addressed,

with the proper first class postage attached.

Subscribed and sworn to before me this _____ th day of
_____ ,2007.
_____
Notary Public

/s/ George B. Childress

GEORGE B. CHILDRESS
DEFENDANT-APPELLANT

STATE OF ILLINOIS   )
                        ) SS
COUNTY OF PERRY    )

## AFFIDAVIT

George Benton Childress, Defendant-Appellant, Pro se, first being duly sworn on oath, do depose and say as to the matters herein, that I am the defendant-appellant in the above-entitiled cause; and have read the foregoing document, and affirm that the statements contained herein are true in substance and fact, denoted by my signature.

/s/ *George B. Childress*

George B. Childress
Defendant-Appellant

Subscribed and sworn to before me this __9__ th day of

__February__ 2007.

*Sharon Kay Ragland*
Notary Public

OFFICIAL SEAL
SHARON KAY RAGLAND
NOTARY PUBLIC · STATE OF ILLINOIS
MY COMMISSION EXPIRES: 03-10-07

NO. 5-05-0505

IN THE SUPREME COURT OF THE STATE OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br>RESPONDENT | ) ) ) | PETITION FOR LEAVE TO APPEAL<br>FROM THE APPEALLATE COURT OF<br>ILLINOIS, FIFTH JUDICIAL DISTRICT, |
| V. | ) ) ) | NO. 5-05-0505 |
| GEORGE BENTON CHILDRESS,<br>PETITIONER. | ) ) ) ) ) | THERE HEARD ON APPEAL FROM THE<br>CIRCUIT COURT FOR THE FIRST<br>JUDICIAL CIRCUIT, MASSAC COUNTY<br>ILLINOIS. |
| | ) ) | THE HONORABLE TERRY J. FOSTER,<br>JUDGE PRESIDING. |

## MOTION FOR APPOINTMENT OF COUNSEL

Now comes, the petitioner George Benton Childress, pro se, before this Honorable Court, and moves this Honorable Court to enter an order appointing counsel to represent the petitioner in the proceedings on the attached intent to file and leave to appeal to the Illinois Supreme Court, and in support of this motion, thereof, the petitioner states the following to wit:

1. That the petitioner is in custody of the State of Illinois, under the Department of Corrections of said State.

The petitioner is without funds, assets, personal, or real property in which to employ an attorney to represent him in proceedings on the attached intent to file and leave to appeal to the Illinois Supreme Court.

WHEREFORE, the petitioner prays this Honorable Court will enter an order appointing an attorney to represent him in the proceedings on the attached intent to file and leave to appeal to the Illinois Supreme Court.

Prayerfully Submitted,

/s/ *George B. Childress*

George B. Childress
Defendant-Appellant

104236

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

May 31, 2007

Mr. George Benton Childress
Reg. No. B-82576
Pinckneyville Correctional Center
P. O. Box 999
Pinckneyville, IL 62274

No. 104236 - People State of Illinois, respondent, v. George
Benton Childress, petitioner.  Leave to appeal,
Appellate Court, Fifth District.

The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court

on July 6, 2007.

"Petitioner's Exhibit-H"