IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br> GEORGE B. CHILDRESS,<br><br> Petitioner,<br><br> v.<br><br>NEDRA CHANDLER, Warden,<br> Dixon Correctional Center,<br><br> Respondent. | )<br>)<br>)<br>)<br>)<br>)  No. 08 C 2960<br>)<br>)<br>)  The Honorable<br>)  James B. Zagel,<br>)  Judge Presiding. |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent Nedra Chandler answers the petition for writ of habeas corpus filed in the above-captioned cause and states as follows:

1.     Petitioner George B. Childress – identified as prisoner number B82576 – is in the custody of Nedra Chandler, warden of the Dixon Correctional Center in Dixon, Illinois.

2.     On February 7, 2001, petitioner and his wife, Joanna, were charged by a six-count indictment in the Circuit Court of Massac County with the first-degree murder of Eric Bray. *See* Bill of Indictment, *People v. Joanna Childress and George Childress*, No. 01-CF-11 (Exhibit A).  Counts I through III charged Joanna, and counts IV through VI charged petitioner. *Id.*  On November 5, 2001, petitioner entered into a negotiated plea: the State would file a supplemental information

charging petitioner with counts VII and VIII (second degree murder and aggravated battery with a firearm); petitioner would plead guilty to those two counts and receive consecutive sentences of 15 and 9 years' imprisonment; and the State would dismiss the original six-count indictment.  *See* Negotiated Plea Transcript, *People v. George Childress*, No. 01-CF-11 (Nov. 5, 2001) (Exhibit B); Supplemental Information, *People v. George Childress*, No. 01-CF-11 (Exhibit C).  At a plea hearing on that date, the trial court confirmed that petitioner understood the terms of the plea, and that he had not been promised anything other than the terms of the plea agreement read to him in open court.  *See* Exh. B at 3-5, 7.  On November 14, 2001, the State filed a supplemental indictment charging Joanna with four counts of first degree murder, aggravated battery with a firearm, aggravated kidnapping, and conspiracy to commit murder.  *See* Supplemental Bill of Indictment, *People v. Joanna Childress*, No. 01-CF-11 (Exhibit D).  Joanna later pleaded guilty to armed violence, and was sentenced to 28 years' imprisonment.  *See* Pet. at 5(a)-(b).

3.   On May 13, 2002, petitioner filed a late notice of appeal, which was stricken because he did not file a timely motion to withdraw his guilty plea.  *See* Late Notice of Appeal, *People v. Childress*, No. 5-02-0540 (Exhibit E); Order Dismissing Appeal, *People v. Childress*, No. 5-02-0540 (Exhibit F).  Petitioner then filed a petition for leave to appeal (PLA) in the Illinois Supreme Court, and the Illinois Supreme Court issued a supervisory order directing the Appellate Court to reinstate petitioner's appeal for consideration on the merits.  *See* PLA, *People v.*

*Childress*, No. 95312 (Exhibit G); Supervisory Order, *People v. Childress*, No. 95312 (Exhibit H). The Illinois Appellate Court, Fifth District, reinstated the appeal. *See* Order Reinstating Appeal, *People v. Childress*, No. 5-02-0540 (Exhibit I).

4.   On October 8, 2004, while the appeal was pending, petitioner filed a petition for postconviction relief, and argued that the State violated his plea agreement by re-charging Joanna after promising not to do so in exchange for petitioner's guilty plea.[1] *See* Petition for Postconviction Relief, *People v. Childress*, No. 01-CF-11 (Exhibit J).

5.   On the reinstated appeal, petitioner raised no claims repeated in the instant petition. *See* Pet. Br., *People v. Childress*, No. 5-02-0540 (Exhibit K); *see also* State Br., *People v. Childress*, No. 5-02-0540 (Exhibit L); Pet. Reply Br., *People v. Childress*, No. 5-02-0540 (Exhibit M). The Illinois Appellate Court, Fifth District, vacated petitioner's sentence and remanded for resentencing because he was sentenced without a written presentence investigation report or a finding as to his

---

[1] It is unclear from the record how this postconviction petition was disposed of, but it is likely that the petition was denied as moot. The sentence complained of was vacated by the appellate court two months after the postconviction petition was filed and petitioner repleaded to the charges on February 15, 2005. Petitioner simply states that it was denied in 2004. *See* Pet. at 3. In any event, petitioner never appealed from the denial. *Id.* Therefore, any issues raised in it would be procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must fairly present his claim in each appropriate state court).

criminal history.[2] *See People v. Childress*, No. 5-02-0540 (Ill.App. 5th Dist. Nov. 22, 2004) (Rule 23 Order) (Exhibit N).

      6.      On February 15, 2005, petitioner pleaded guilty in the Circuit Court of Massac County to the same charges, with the same negotiated sentence. *See* Plea Transcript, *People v. Childress*, No. 01-CF-11 (Feb. 15, 2005) (Exhibit O). Petitioner confirmed that he wanted to take this plea, and the court entered into the following colloquy with petitioner:

> THE COURT:    Now[,] no one has threatened you or forced you into entering this plea – these pleas of guilty, is that correct?
>
> MR. CHILDRESS: No sir.
>
> THE COURT:    Has anyone threatened you or forced you into entering these pleas of guilty?
>
> MR. CHILDRESS: No.
>
> THE COURT:    And, other than the plea agreement, have any promises been made to get you to plead guilty? Has anyone promised you anything other than 24 years in the Department of Corrections?
>
> MR. CHILDRESS: No.
>
> THE COURT:    That's the only promise that's been made?
>
> MR. CHILDRESS: Yes sir.
>
> THE COURT:    You['re] saying that's it?
>
> MR. CHILDRESS: Yep.

---

    [2] Under Illinois law, the trial court was required to review the presentence report before accepting petitioner's plea. 730 ILCS 5/5-3-1; *People v. Evans*, 651 N.E.2d 1143, 1145 (Ill.App. 1994).

Exh. O at 5.

7. However, on March 9, 2005, petitioner filed a motion to withdraw his guilty plea, alleging, among other things, that he pleaded guilty because he believed that the State had agreed not to prosecute Joanna in exchange for his plea. *See* Motion to Withdraw Guilty Plea, *People v. Childress*, No. 01-CF-11 (Exhibit P); Supplement to Motion to Withdraw Guilty Plea, *People v. Childress*, No. 01-CF-11 (Exhibit Q). Following a hearing, at which petitioner was not present; the trial court denied the motion, noting that the State had never given any indication to the Court that withdrawing charges against Joanna was part of petitioner's agreement, and petitioner had repeatedly confirmed that no other promises had been made to him. *See* Hearing Transcript, *People v. Childress,* No. 01-CF-11 (Aug. 2, 2005) (Exhibit R); Order Denying Motion to Withdraw Plea, *People v. Childress*, No. 01-CF-11 (Exhibit S).

8. Petitioner appealed, and argued only that the trial court erred in holding a hearing on his motion in his absence. *See* Pet. Br., *People v. Childress*, No. 5-05-0505 (Exhibit T); *see also* State Br., *People v. Childress*, No. 5-05-0505 (Exhibit U). The Illinois Appellate Court, Fifth District, affirmed, holding that the denial of his motion was not error. *See People v. Childress*, No. 5-05-0505 (Ill.App. Dec. 27, 2006) (Rule 23 Order) (Exhibit V).

9. Petitioner filed a PLA in the Illinois Supreme Court, raising one claim that is repeated in the instant petition: that he did not receive the benefit of his

plea bargain because the State prosecuted Joanna despite promising petitioner otherwise in exchange for his plea.  *See* PLA, *People v. Childress*, No. 104236 (Exhibit W).  On May 31, 2007, the Illinois Supreme Court denied the PLA.  *See* Order Denying PLA, *People v. Childress*, No. 104236 (Exhibit X).

10. On May 21, 2008, petitioner filed the instant petition for writ of habeas corpus, raising one issue:[3] the State violated the terms of his negotiated plea bargain by prosecuting Joanna Childress, despite its promise not to do so in exchange for petitioner's guilty plea.  As relief, petitioner requests that Joanna Childress be released from prison, or "whatever the Court deems just and proper."  *See* Pet. at 5(b).

11. Petitioner has no remaining state court remedies because the time for filing state court proceedings has now expired.  *See* 725 ILCS 5/122-1(c).

12. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the following state-court materials are filed under separate cover as exhibits to this answer:

Exhibit A:   Bill of Indictment, *People v. Joanna Childress and George Childress*, No. 01-CF-11;

Exhibit B:   Negotiated Plea Transcript, *People v. George Childress*, No. 01-CF-11 (Nov. 5, 2001);

---

[3] Although petitioner describes allegedly erroneous actions by his attorney and violations of the Grand Jury Clause of the Fifth Amendment in his petition, *see* Pet. at 5(b), he clearly states that "[n]o other issues regarding petitioner's case are being raised as the relevant issue concerning the state's breach of the negotiated plea agreement is the violation complained of for habeas corpus relief."  Pet. at 5(c).  Respondent will therefore limit her answer to that issue.

Exhibit C:   Supplemental Information, *People v. George Childress*, No. 01-CF-11;

Exhibit D:   Supplemental Bill of Indictment, *People v. Joanna Childress*, No. 01-CF-11;

Exhibit E:   Late Notice of Appeal, *People v. Childress*, No. 5-02-0540;

Exhibit F:   Order Dismissing Appeal, *People v. Childress*, No. 5-02-0540;

Exhibit G:   PLA, *People v. Childress*, No. 95312

Exhibit H:   Supervisory Order, *People v. Childress*, No. 95312;

Exhibit I:    Order Reinstating Appeal, *People v. Childress*, No. 5-02-0540;

Exhibit J:   Petition for Postconviction Relief, *People v. Childress*, No. 01-CF-11;

Exhibit K:   Pet. Br., *People v. Childress*, No. 5-02-0540;

Exhibit L:   State Br., *People v. Childress*, No. 5-02-0540;

Exhibit M:   Pet. Reply Br., *People v. Childress*, No. 5-02-0540;

Exhibit N:   *People v. Childress*, No. 5-02-0540 (Ill.App. Nov. 22, 2004) (Rule 23 Order);

Exhibit O:   Plea Transcript, *People v. Childress*, No. 01-CF-11 (Feb. 15, 2005);

Exhibit P:   Motion to Withdraw Guilty Plea, *People v. Childress*, No. 01-CF-11;

Exhibit Q:   Supplement to Motion to Withdraw Guilty Plea, *People v. Childress*, No. 01-CF-11;

Exhibit R:   Hearing Transcript, *People v. Childress,* No. 01-CF-11 (Aug. 2, 2005);

Exhibit S:   Order Denying Motion to Withdraw Plea, *People v. Childress*, No. 01-CF-11;

Exhibit T:   Pet. Br., *People v. Childress*, No. 5-05-0505;

Exhibit U:   State Br., *People v. Childress*, No. 5-05-0505;

Exhibit V:   *People v. Childress*, No. 5-05-0505 (Ill.App. Dec. 27, 2006) (Rule 23 Order);

Exhibit W:   PLA, *People v. Childress*, No. 104236; and

Exhibit X:   Order Denying PLA, *People v. Childress*, No. 104236.

## **ARGUMENT**

### A.   Unavailability of Remedy

Petitioner requests this Court grant his wife Joanna immediate release from prison on her own conviction; such relief is unavailable. Petitioner may challenge only his own confinement, not his wife's. To obtain release from prison through federal habeas corpus, Joanna Childress would have to file her own petition, alleging constitutional deprivations in her own conviction and sentence. *See* 28 U.S.C. §2242 ("Application for a writ of habeas corpus shall be . . . signed and verified by the person for whose relief is intended or by someone acting in his behalf. . . . It shall allege the facts concerning the *applicant's* commitment or detention . . . .") (emphasis added); *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (generally, litigant must assert own legal rights and cannot rest claim for relief on rights or interests of third parties); *Wilson v. Lane*, 870 F.2d 1250, 1252 n.2 (7th Cir. 1989) (habeas corpus jurisdiction extends only to actions brought by or on

behalf of person in custody attacking conditions of that person's confinement). Thus, the only relief available to petitioner is that related to his own confinement.

**B.     Procedural Default**

With two exceptions, this Court may not consider the merits of a claim if that claim is procedurally defaulted. *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Procedural default generally occurs in one of two ways: (1) a petitioner may fail to raise an issue on direct or postconviction review, *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995); or (2) the state court may dispose of a claim on an independent and adequate state law ground, such as a state procedural bar, *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

Petitioner's claim is procedurally defaulted, because it was not raised in one complete round of state court review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must fairly present his claim in each appropriate state court). Petitioner raised this claim regarding his guilty plea for the first time in a postconviction petition relating to his first, ultimately vacated guilty plea and sentence. He did not appeal the denial of that petition. This was insufficient to constitute one complete round of state court review, even if that first guilty plea had *not* been eventually nullified. *See White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (applying *Boerckel*'s one-complete-round rule to Illinois's postconviction appellate process); *Cawley v. DeTella*, 71 F.3d 691, 694 (7th Cir. 1995) (failure to

appeal claims raised in postconviction petition constitutes default on federal habeas review).

Petitioner then raised the claim in his motion to withdraw his second guilty plea, but did not raise it in his appeal from the denial of that motion. Petitioner resurrected his claim in the resultant PLA, but this was not sufficient to constitute one complete round of state court review. *See Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995) (failure to raise issue in state appellate proceedings bars federal habeas review). In other words, petitioner has never raised this claim before the Illinois appellate court — a necessary step to avoid procedural default. *See Boerckel*, 526 U.S. at 845.

A procedurally defaulted claim may only be heard in two circumstances. First, it may be considered if petitioner demonstrates cause sufficient to excuse the procedural default and actual prejudice resulting from a failure to obtain review of the merits. *Murray*, 477 U.S. at 485. To demonstrate cause, petitioner must show that there is some external impediment that prevented him from raising the claim. *Id.* at 488. To demonstrate "prejudice," petitioner would need to show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Second, an otherwise defaulted claim may be considered if review is necessary to correct a fundamental miscarriage of justice. *Coleman*, 501

U.S. at 750.  To establish a fundamental miscarriage of justice, petitioner must demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of any new evidence.  *House v. Bell*, 547 U.S. 518, 537 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Since petitioner has not alleged cause and prejudice, or a fundamental miscarriage of justice, he is not entitled to excuse his default.  *See, e.g.*, *Bell v. Pierson*, 267 F.3d 544, 555 n.6 (7th Cir. 2001) (failure to allege grounds for excusing default results in forfeiture).  In any event, petitioner can not show cause for his default.  He raised the claim in proceedings before and after his appeal, but elected not to pursue it in the Illinois Appellate Court.  Nor can petitioner show prejudice.  The record contains no indication, other than petitioner's unsupported assertions, that the State ever promised to refrain from prosecuting Joanna in exchange for petitioner's guilty plea.  When pleading guilty, petitioner was repeatedly asked whether any promises had been made to him that were not reflected in the record, and petitioner answered in the negative.  *See* Exh. O at 5.  This is particularly odd because petitioner alleged the same form of duplicity by the State with regard to his *first* plea.  It is beyond disbelief that, given that experience, petitioner would enter into a *second* plea with the same erroneous understanding of its terms.  Thus, petitioner could not show a reasonable probability that he would have succeeded on the claim, and therefore could not show prejudice.  Finally, petitioner offers no new evidence to demonstrate that a fundamental miscarriage of justice occurred.  In

fact, petitioner pleaded guilty twice, so there should be no doubt of his guilt. Because petitioner failed to present his claim for one complete round of state court review and cannot demonstrate that any exception should excuse this procedural default, the claim should not be reviewed.

## CONCLUSION

This Court should deny the Petition for Writ of Habeas Corpus. If this Court finds that petitioner's claim is not procedurally defaulted, respondent requests that this Court grant respondent 30 days from the entry of its order to address the claim on the merits.

August 18, 2008                                            Respectfully submitted,

                                                           LISA MADIGAN
                                                           Attorney General of Illinois

                              By:    s/Erica R. Seyburn
                                     ERICA R. SEYBURN, Bar # 6287357
                                     Assistant Attorney General
                                     100 West Randolph Street, 12th Floor
                                     Chicago, Illinois 60601-3218
                                     PHONE: (312) 814-2139
                                     FAX: (312) 814-2253
                                     E-MAIL: eseyburn@atg.state.il.us

## CERTIFICATE OF SERVICE

I certify that on August 18, 2008, I electronically filed respondent's **Answer** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed a copy of that document by United States Postal Service to the following non-CM/ECF user:

    George B. Childress, #B82576
    Dixon Correctional Center
    2600 N. Brinton Ave.
    Dixon, IL 61021.

                                          LISA MADIGAN
                                          Attorney General of Illinois

              By:    <u>s/Erica R. Seyburn</u>
                       ERICA R. SEYBURN, Bar # 6287357
                       Assistant Attorney General
                       100 West Randolph Street, 12th Floor
                       Chicago, Illinois 60601-3218
                       PHONE: (312) 814-2139
                       FAX: (312) 814-2253
                       E-MAIL: eseyburn@atg.state.il.us